IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVID E. JONES, )
         Plaintiff, )
                    )          07-743
vs. )     No 07-_____
                    )
UNITED STATES OF AMERICA, )
         Defendant.)

**COMPLAINT**

1. This action is brought under the provisions of 28 U.S.C. §§ 2671-2680 (Federal Torts Claims Act.

2. Jurisdiction is founded on 28 U.S.C. § 1346(b).

3. Plaintiff David Jones ("Mr. Jones") is a citizen and resident of the State of Delaware.

4. At all times material to this complaint, the following persons were agents and employees of the United States Department of Veterans Affairs Medical Services Division, a department of the Executive branch of the government of the United States, acting within the scope of their authority as agents and employees:

    (a) Joshua Eisenberg, M.D. surgical resident;

1

(b) Claude P. Leiber, M.D. Chief of Surgery;

(c) Kewmars Dadmarz, M.D.;

(d) Benjamin Simmons, M.D.

(e) Bernadette Profetta, M.D. surgical resident;

(f) George Tzanis, MD;

(g) Cynthia Lang-Groening, R.N. Nurse practitioner;

(h) Felicita Ortiz, RN;

(I) Linda Wyatt, R.N.;

(j) Catherine Welde. R.N.;

(k) Jessica Berman, M.D.;.

(m) Gaddum Reddy, M.D.

(n) Y. Kuo, M.D. Chief, Radiological Services.

5. At all times material to this complaint, the following medical students were assigned to the Department of Veterans Affairs Medical Center, Wilmington, Delaware, under the supervision and director of Claude P. Leiber, Chief of Surgery

(a) David Rappaport

(b) Bipin Ravindran

(c) Jennifer Hess

6. At all times material to this complaint, Charles T. Keenan, Service Center Manager, Wilmington, Delaware, Regional Office; was an agent and employee of the Department of Veterans Affairs, Veterans Benefits Division, acting within the scope of his authority.

7. On or about November 19, 1999, Mr. Jones was seen by Cynthia Lang-Groening, Nurse practitioner at the VA Medical Center, Wilmington, Delaware ("VAMC Wilmington") for a sore, protruding umbilical hernia and was referred to surgery for a consultation.

8. On or about December 16, 1999, Mr. Jones was evaluated by Bernadette Profetta, M.D. at VAMC Wilmington and was scheduled for surgical repair in January, 2000.

9. On or about January 11, 2000, Joshua Eisenberg, M.D., and Kewmars Dadmarz, M.D. performed outpatient surgery on Mr. Jones at VAMC Wilmington and closed the umbilical hernia.

10. Following surgery, Mr. Jones was admitted as an inpatient to VAMC Wilmington for observation. He was discharged on January 12, 2007.

11. On or about January 13, 2000, Mr. Jones began vomiting what was later determined to be stool. In addition, his bowels were not functioning.

12. The next day, Mrs. Jones called the VAMC to report Mr. Jones' condition. He was rushed to the VAMC Emergency Room from his residence.

13. In the Emergency Room, Dr. Jessica Berman inserted a naso- gastric tube and drained 1500 cc of a black liquid from Jones' stomach confirming that Mr. Jones had been vomiting stool. Dr. Kewmars Dadmarz and Dr. Joshua Eisenberg then performed an emergency exploratory

laparotomy, an evacuation of an abdominal wall hematoma, and repair of serosal tear on Jones. Post surgery, Mr. Jones was admitted to intensive care and intubated. He was discharged from VAMC Wilmington on or about January 21, 2000.

14. Mr. Jones also experienced severe post-surgical complications from the second surgery performed at VAMC Wilmington.

15. On February 7, 2000, he was seen at VAMC Wilmington by Dr. George Tzanis and again on February 14, 2000 he was seen by Dorothy Davis, R.N., for treatment of post-operative infectious complications.

16. This post-operative infection led to a diagnosis of recurrent facial defect / ventral hernia which required yet another operation. On or about March 9, 2001, Jones was admitted to VAMC Wilmington for a third operation and further repair of his hernia site performed by Dr. L. Benjamin Simmons. Mr. Jones was discharged from the hospital from this operation on or about March 14, 2001.

17. Wilmington VAMC did not obtain appropriate informed consent from Mr. Jones for any of the three operations.

18. Since the first operation at VAMC Wilmington, Jones has had constant pain and has been unable to wear an automobile seat belt.

19. Prior to January 2000, Mr. Jones worked as a long-distance truck driver. Since the operations, he has been unemployed because of the surgical complications and chronic pain.

20. Mr. Jones went to the Viet Nam Veterans of America, Inc., a congressionally chartered organization, for assistance in filing the appropriate requests for financial and other assistance from the federal government.

21. Viet Nam Veterans of America, Inc. undertook to assist Mr. Jones and began to process certain paperwork. However, they failed to process the correct paperwork for all of Mr. Jones claims, and failed to inform Mr. Jones of the steps he needed to take in order to file the appropriate claims.

22. The Viet Nam Veterans of America, Inc. and the Veterans Administration had notice of Mr. Jones' potential claims under the Federal Tort Claims Act. Neither agency provided Mr. Jones with the information or paperwork necessary to file a claim under the Federal Tort Claims Act.

## COUNT ONE

## NEGLIGENT MEDICAL PRACTICE

23. Plaintiff incorporates paragraphs (1) through (22) as part of this count of complaint.

24. Defendant's agents and servants negligently performed the first surgical repair of hernia on or about January 11, 2000, causing, among other complications, a perforation of the small bowel and the stomach, peritonitis, the resulting need for additional surgeries on January 14, 2000 and March 9, 2001 and permanent disability.

25. Defendant's servants' negligence proximately caused Jones to develop peritonitis, and to undergo two additional surgical repairs as described above and permanent disability.

26. Defendant's agents and servants further negligently performed the second surgery on January 14, 2000, resulting in infectious complications, additional surgery on March 9, 2001 and permanent disability.

27. Defendant's agents and servants further negligently failed to obtain informed consent, and failed to maintain appropriate medical records causing additional surgeries, complications and permanent disability.

28. Defendant has been damaged by loss of income, pain, suffering and mental distress as a result of the acts or omissions of defendant's servants.

WHEREFORE, Plaintiff prays for judgment against Defendant for a sum sufficient to compensate him for his injuries and for all other relief available in law and equity.

## COUNT TWO

### LACK OF INFORMED CONSENT

29. Plaintiff incorporates by reference paragraphs (1) through 28 as part of this count of the complaint.

30. Contrary to appropriate medical standard of care, Defendant's agents and servants failed to

obtain valid informed consent or to explain to Mr. Jones the nature and potential complications associated with his surgeries.

31. Mr. Jones is illiterate.

32. Defendants servants and agents were aware or should have been aware of Mr. Jones' illiteracy.

33. Given Mr. Jones' illiteracy, and contrary to appropriate medical standard of care, Defendant's agents and servants failed to obtain valid informed consent or to explain to Mr. Jones the nature and potential complications associated with his surgeries.

34. Defendant has been damaged by loss of income, pain suffering and mental distress as a result of the acts or omissions of defendant's servants.

WHEREFORE, Plaintiff prays for judgment against Defendant for a sum sufficient to compensate him for his injuries and for all other relief available in law and equity.

## COUNT THREE

### BATTERY

35. Plaintiff incorporates by reference paragraphs (1) through 34 as part of this count of the complaint.

36. Defendant's agents and servants failed to obtain valid informed consent or to explain to Mr. Jones the nature and potential complications associated with his surgeries.

37. Plaintiff did not sign a release granting defendant's agents and servants permission to perform a surgical repair of his hernia.

38. Given Mr. Jones' illiteracy, Defendant's agents and servants failed to obtain valid informed consent or to explain to Mr. Jones the nature and potential complications associated with his surgeries.

39. Defendant has been damaged by loss of income, pain, suffering and mental distress as a result of the acts or omissions of defendant's servants.

WHEREFORE, Plaintiff prays for judgment against Defendant for a sum sufficient to compensate him for his injuries and for all other relief in law and equity

DATED: October___, 2007   *November 14, 2007*

Maryanne T. Donaghy, Esq. #4213
Delaware Volunteer Legal Services, Inc.
P.O. Box 7306
Wilmington, DE 19803
Tel: (302) 478-8680

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests trial by jury on all material issues of fact

DATED: October ~~October~~ November 19, 2007

_____
Maryanne T. Donaghy, Esq. #4213
Delaware Volunteer Legal Services, Inc.
P.O. Box 7306
Wilmington, DE 19803
Tel: (302) 478-8680

Attorney for Plaintiff

**JS 44** (Rev. 3/99) **CIVIL COVER SHEET** APPENDIX B

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
DAVID E. JONES

**DEFENDANTS**
THE UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff  New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  N/A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Veterans Law Clinic
Widener University School of Law
Maryanne Donaghy, Esq #4213 Volunteer Atty
P.O. Box 7474 Wilmington, DE 19803-0474

Attorneys (If Known)
Colm Connolly, U.S. Attorney
1007 N. Orange St. Ste 700  P.O. Box 2046
Wilmington, DE 19899-2046

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)   N/A

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgement | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Action under 28 U.S.C ss 2671-2680 (Federal Torts Claims Act) for medical malpractice at VA Medical Center, Wilmington, DE

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): None    JUDGE N/A    DOCKET NUMBER

DATE 11/19/07    SIGNATURE OF ATTORNEY OF RECORD  #4213

FOR OFFICE USE ONLY
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __07-743__

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __3__ COPIES OF AO FORM 85.

__11/20/07__                    x __[signature]__
(Date forms issued)              (Signature of Party or their Representative)

                                 __[illegible]__
                                 (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action