UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID E. JONES | : | |
| Plaintiff, | : | Civil Action No. 07-743-*** |
| v. | : | |
| UNITED STATES OF AMERICA | : | |
| Defendant. | : | |

## **ANSWER**

NOW COMES the United States of America, by and through its counsel, Colm F. Connolly, United States Attorney, and Seth M. Beausang, Assistant United States Attorney, and hereby answers the Plaintiff's Complaint as follows:

1.      Paragraph 1 of Plaintiff's Complaint states conclusions of law to which no response is required.

2.      Paragraph 2 of Plaintiff's Complaint states conclusions of law to which no response is required.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's Complaint.

4.      Admitted that these persons were agents and employees of the United States Department of Veterans Affairs Medical Services Division.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that these persons were agents and employees, or acting within the scope of their authority as agents and employees, "at all times material to this complaint."

5.      Admitted that these persons were medical students assigned to the Department of

Veterans Affairs Medical Center, Wilmington, Delaware. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that these persons were "under the supervision and director or Claude P. Lieber, Chief of Surgery," "at all times material to this complaint."

      6.      Admitted that this person was an agent and employee of the United States Department of Veterans Affairs, Veterans Benefit Division. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that this person was an agent and employee, or acting within the scope of his authority, "at all times material to this complaint."

      7.      Admitted.

      8.      Admitted.

      9.      Admitted.

      10.      Admitted.

      11.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiff's Complaint.

      12.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiff's Complaint.

      13.      Admitted.

      14.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiff's Complaint.

      15.      Admitted.

      16.      Admitted.

17. Denied.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiff's Complaint.

## COUNT ONE

## NEGLIGENT MEDICAL PRACTICE

23. Defendant incorporates its answers to Paragraphs 1 through 22 of Plaintiff's Complaint.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## COUNT TWO

## LACK OF INFORMED CONSENT

29. Defendant incorporates its answers to Paragraphs 1 through 28 of Plaintiff's Complaint.

30. Denied.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Denied.

33. Denied.

34. Denied.

## COUNT THREE

## BATTERY

35. Defendant incorporates its answers to Paragraphs 1 through 34 of Plaintiff's Complaint.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Any judgment should be offset by benefits the Plaintiff has received or will receive from the Defendant, including benefits the Plaintiff has received or will receive pursuant

to 38 U.S.C. § 1151.

      3.     Plaintiff's claims are barred by laches and/or the applicable statutes of limitations.

      4.     Plaintiff's claims should be dismissed for lack of exhaustion.

DATED: January 18, 2008.

          Respectfully submitted,

          COLM F. CONNOLLY
          United States Attorney

By:  /s/ Seth M. Beausang
     Seth M. Beausang
     Assistant U.S. Attorney
     District of Delaware
     The Nemours Building
     1007 N. Orange Street, Suite 700
     Wilmington, DE 19899-2046
     (302) 573-6277