UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DAVID E. JONES,                          :
                                         :
          Plaintiff,                     :        Civil Action No. 07-743-MPT
                                         :
          v.                             :
                                         :
UNITED STATES OF AMERICA,                :
                                         :
          Defendant.                     :


**DEFENDANT'S OPENING BRIEF IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**




                         COLM F. CONNOLLY
                         United States Attorney

                    By:  Seth M. Beausang (De. I.D. No. #4071)
                         Assistant United States Attorney
                         1007 N. Orange Street, Suite 700
                         Post Office Box 2046
                         Wilmington, Delaware 19899-2046
                         (302) 573-6277

DATED: July 17, 2008.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

NATURE AND STAGE OF THE PROCEEDINGS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.    *Background.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.    *With Assistance From The VVA, Plaintiff Files A Claim With The VA For Disability Benefits Pursuant to 38 U.S.C. § 1151.* . . . . . . . . . . . . . . . . . . . . . . 4

    C.    *Plaintiff And The VVA Repeatedly Fail To Respond To The VA's Requests For Information About His Disability Claim.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    D.    *The VA Denies Plaintiff's Disability Claim Because Plaintiff Failed To Provide Evidence Of His Disability.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    E.    *More Than One Year After The VA Denied Plaintiff's Claim For Disability Benefits, Plaintiff Presents A FTCA Claim To The VA.* . . . . . . . . . . . . . . . . . . 8

    F.    *Plaintiff Successfully Reopens His Disability Claim And Obtains Benefits.* . . . . 8

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

I.    STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

II.    PLAINTIFF'S TORT CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE BARRED BY THE FTCA'S TWO-YEAR STATUTE OF LIMITATIONS. . . . . . . . . . . . . . . . . . . . . 11

III.    PLAINTIFF CANNOT MEET HIS BURDEN TO SHOW THAT HE IS ENTITLED TO EQUITABLE TOLLING. . . . . . . . . . . . . . . . . . 12

    A.    *The VA Did Not Actively Mislead The Plaintiff.* . . . . . . . . . . . . . . . . . . . . . . . . 13

    B.    *Plaintiff's Allegation That The VA Had Notice Of His Potential Tort Claims Should Be Rejected.* . . . . . . . . . . . . . . . . . . . . . . . 15

    C.    *Nothing Extraordinary Prevented Plaintiff From Asserting His Rights.* . . . . . . . 18

D.    *Plaintiff Did Not Timely Assert His Rights Mistakenly In The Wrong Forum.* . . 19

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

## TABLE OF AUTHORITIES

**CASES**                                                                                          **PAGE**

Anderson v. Liberty Lobby, Inc.,
  477 U.S. 242 (1986)........................................................ 10

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986)........................................................ 10

Courtney v. La Salle Univ.,
  124 F.3d 499 (3d Cir. 1997)................................................ 12

Glarner v. United States, Dept. of Veterans Admin.,
  30 F.3d 697 (6th Cir. 1994)............................................ 16-17

Hedges v. United States,
  404 F.3d 744 (3d Cir. 2005)........................................... passim

Irwin v. Dep't of Veterans Affairs,
  498 U.S. 89 (1990)..................................................... 12, 17

Jones v. Morton,
  195 F.3d 153 (3d Cir. 1999)................................................ 19

Kerstetter v. United States,
  57 F.3d 362 (4th Cir. 1995)................................................ 11

Lake v. Arnold,
  232 F.3d 360 (3d Cir. 2000)................................................ 18

Mansfield v. Peake,
  525 F.3d 1312 (Fed. Cir. 2008)............................................ 19

McNeil v. United States,
  508 U.S. 106 (1993)................................................... 14, 18

Medina v. City of Phila.,
  No. 05-2908, 219 Fed. App'x. 169 (3d Cir. Jan. 5, 2007)..................... 8

Price v. United States,
  775 F.2d 1491 (11th Cir. 1985)............................................ 11

iii

PAGE

Sch. Dist. of Allentown v. Marshall,
    657 F.2d 16 (3d Cir. 1981).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 19

Seitzinger v. Reading Hosp. & Med. Ctr.,
    165 F.3d 236 (3d Cir. 1999).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Turner v. Johnson,
    177 F.3d 390 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18-19

United States v. Brown,
    348 U.S. 110 (1954).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

United States v. Kubrick,
    444 U.S. 111 (1979).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11

United States v. Midgley,
    142 F.3d 174 (3d Cir. 1998).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 12, 17

Vietnam Veterans of Am. v. Dep't of Navy,
    876 F.2d 164 (D.C. Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**RULES, STATUTES, AND REGULATIONS**

Fed. R. Civ. P. 56. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 15

28 U.S.C. §§ 2671, et seq.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

38 C.F.R. § 3.102.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

38 C.F.R. § 3.103.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

38 C.F.R. § 14.604(a).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16-17

38 U.S.C. § 1151... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

69 Fed. Reg. 46,426 (Aug. 3, 2004).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

iv

## NATURE AND STAGE OF THE PROCEEDINGS

On November 20, 2007, Plaintiff David E. Jones, through counsel, filed the Complaint against the United States of America asserting three claims under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et. seq (the "FTCA").  (Doc. No. 1 ("Compl.").)   Plaintiff's claims are based on medical care he received from employees of the United States Department of Veterans Affairs, Medical Services Division, and the Department of Veterans Affairs, Veterans Benefits Division (together, the "VA").  Discovery is to be completed by December 1, 2008.  (Doc. No. 17 ¶ 3(c).)

Even though claims under the FTCA are tried without a jury, the Court's Scheduling Order permits the Government to file a dispositive motion to "determine the timeliness of the Plaintiff's action."  (Id. ¶ 9.)  In an effort to avoid unnecessary discovery and conserve judicial and other resources, the Government has moved for summary judgment early in the discovery period on the ground that Plaintiff's claims are barred due to his failure to either file within the FTCA's two-year statute of limitations period or show why the limitations period should be equitably tolled.  This is the Government's Opening Brief in support of its Motion for Summary Judgment.

## SUMMARY OF THE ARGUMENT

1.      Tort claims brought against the United States under the FTCA are forever barred unless they are presented in writing to the appropriate federal agency within two years after the claims accrue.  28 U.S.C. § 2401(b) (2008).

2.      Here, Plaintiff's Complaint should be dismissed because Plaintiff did not present his tort claims to the VA until after the expiration of the FTCA's two-year statute of limitations. Plaintiff's claims accrued when he knew he was injured and who injured him, in other words, at the very latest, immediately after his third surgery on March 9, 2001.  See United States v. Kubrick, 444 U.S. 111, 121-22 (1979); (Compl. ¶ 16.)  Plaintiff did not present his claims to the VA until June 2, 2003, more than two years later.  As a result, Plaintiff's claims are barred.

3.      Plaintiff cannot meet his burden to show that the limitations period should be equitably tolled.  In the Third Circuit, equitable tolling is allowed "sparingly," and only "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Hedges v. United States, 404 F.3d 744, 753 (3d Cir. 2005).  "Absent a showing of intentional inducement or trickery by the defendant, a statute of limitations should be tolled only in the 'rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice.'"  United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998).  Plaintiff cannot show that this is one of those "rare situations" where equitable tolling applies.  Plaintiff's claims are barred.

## STATEMENT OF FACTS[1]

### A.    *Background.*

In Count One of his Complaint, Plaintiff claims employees of the VA committed medical malpractice during three surgeries that he underwent on January 11, 2000, January 14, 2000, and March 9, 2001.  (Compl. ¶¶ 4-6, 17, 23-28.)  Count Two alleges that the VA failed to obtain Plaintiff's informed consent for the surgeries.  (Id. ¶¶ 29-34.)  Count Three alleges that the VA committed battery by failing to obtain Plaintiff's informed consent.  (Id. ¶¶ 35-39.)

Plaintiff first visited the VA in connection with the events giving rise to this lawsuit on November 19, 1999.  (Id. ¶ 7.)  On that day, Plaintiff was seen at the VA Medical Center in Wilmington, Delaware (the "VAMC"), for a sore, protruding umbilical hernia and was referred to surgery for a consulation.  (Id.)  On or about December 16, 1999, Plaintiff was evaluated by a doctor at the VAMC and scheduled for a surgical repair of his hernia in January, 2000.  (Id. ¶ 8.)

On or about January 11, 2000, Plaintiff underwent outpatient surgery at the VAMC which closed his umbilical hernia.  (Id. ¶ 9.)  Following surgery, Plaintiff was admitted as an impatient to VAMC for observation, and was discharged on January 12, 2000.  (Id. ¶ 10.)  On or about January 13, 2000, while at home, Plaintiff began vomiting stool.  (Id. ¶ 11.)

On January 14, 2000, Plaintiff was rushed to the VAMC Emergency Room.  (Id. ¶ 12.) VA doctors performed an emergency exploratory laparotomy, an evacuation of an abdominal wall hematoma, and a repair of a serosal tear, after which Plaintiff was admitted to intensive care. (Id. ¶ 13.)  Plaintiff was discharged from the VAMC on or about January 21, 2000.  (Id.)

---

[1]The VA accepts the facts alleged in Plaintiff's Complaint only for purposes of this dispositive motion.

Plaintiff suffered post-operative infectious complications.  (Id. ¶ 15.)  The post-operative

infection led to a diagnosis of recurrent facial defect and ventral hernia, which required yet

another operation at the VAMC on or about March 9, 2001.  (Id. ¶ 16.)  Plaintiff was discharged

from the VAMC on or about March 14, 2001.  (Id.)  Plaintiff claims that since the first operation

he has been in constant pain and unable to work.  (Id. ¶¶ 18-19.)

**B.**     ***With Assistance From The VVA, Plaintiff Files A Claim With The VA For
          Disability Benefits Pursuant to 38 U.S.C. § 1151.***

On March 13, 2000, Plaintiff went to Viet Nam Veterans of America, Inc. (the "VVA"), a

congressionally chartered organization, for assistance in filing the appropriate requests for

financial and other assistance from the federal government.  (Id. ¶ 20.)  The VVA is a private,

not-for profit, organization, that does not receive any funding from federal, state, or local

governments.  (App'x at A1-A2.)  Its goals include "hold[ing] government agencies accountable

for following laws mandating veterans['] health care."  (Id. at A2.)

Plaintiff signed a power of attorney with the VVA to present his claim for disability

compensation under 38 U.S.C. § 1151.  (Id. at A6 ¶ 9.)  According to Plaintiff he did not know

that he could also bring a claim against the VA under the FTCA.  (Id. ¶ 10)  Plaintiff also claims

that no one with the VVA told him about his right to bring a FTCA claim.  (Id. ¶ 11.)

Accordingly, on March 13, 2000, the VVA wrote to the VA to advise that Plaintiff

"wishes to open a claim for service connected disability for complications from [an] operation

received at Wilmington VA Hospital for hernia operation, and scars."  (App'x at A8-A9.)  Under

the relevant statute, 38 U.S.C. § 1151(a)(1), a veteran can obtain benefits for a "qualifying

additional disabilty," which is a disability that is "not the result of the veteran's willful

4

misconduct," that is "caused by hospital care, medical or surgical treatment, or examination furnished the veteran" by the VA, and the proximate cause of which is, either, (1) "carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the [VA] in furnishing the hospital care, medical or surgical treatment, or examination," or (2) "an event not reasonably foreseeable." In other words, a veteran does not necessarily have to show that the VA committed negligence to obtain disabilty benefits under § 1151.

The VVA's March 13 letter asked the VA for its assistance in opening Plaintiff's disability benefit claim and developing evidence as required by 38 C.F.R. § 3.103, which is the VA regulation that sets forth the procedure the VA follows when adjudicating a disability benefit claim. (Id. at A9) The letter asked the VA to "please give this Veteran any benefit of the doubt that may arise at any point in his/her case" "[a]s required by 38 C.F.R. § 3.102." (Id.) The letter did not accuse any VA employees of committing negligence while caring for Plaintiff.

C.    **Plaintiff And The VVA Repeatedly Fail To Respond To The VA's Requests For Information About His Disability Claim.**

On March 15, 2000, the VA responded to the VVA's letter with a letter addressed to Plaintiff. (Id. at A10.) The VA's letter stated that "[w]e are working on your claim," but advised that the VA had not "received a VA Form 21-526, Veterans Application for Compensation or Pension." (Id.) The VA asked Plaintiff to send the appropriate form within one year, preferably within sixty days. (Id.)

More than nine months later, on December 18, 2000, the VVA submitted the requested Form 21-526 on behalf of Plaintiff, although the box on the form that asked for Plaintiff's signature was left blank. (Id. at A13-A17.) Box 17 on the form asked Plaintiff to state the

"NATURE OF SICKNESS, DISEASE OR INJURIES FOR WHICH THIS CLAIM IS MADE AND DATE EACH BEGAN," and Plaintiff responded, "s/c [i.e., service connected] disability for complications from operation received at VAMC, Wilmington for hernia operation and scars." (Id. at A13.)

The VA responded to Plaintiff by letter on January 16, 2001. (Id. at A18-A19.) The VA told Plaintiff that it had received Plaintiff's claim for "compensation," also known as "service connected benefits." (Id. at A18.) The VA then described the "Compensation Claims Process" and warned Plaintiff that reviewing Plaintiff's disability claim would take some time:

> Gathering and reviewing evidence may take a long time. We know this is a long time to wait for an answer. We'll make every effort to complete your claim as soon as possible. In the meantime you will hear from us within approximately 60 days.

(Id. at A19.)

The VA next wrote Plaintiff on January 24, 2001. (Id. at A20.) The VA told Plaintiff that it was writing "in reference to your claim for additional disability due to VA treatment." (Id.) The VA asked Plaintiff to "[p]lease use the enclosed form to state succinctly your contentions," and warned that Plaintiff must submit the requested information within one year, preferrably within sixty days. (Id.)

Plaintiff failed to provide the requested information. On March 15, 2001, the VVA submitted to the VA, on behalf of Plaintiff, a one-page document that was the VA's discharge instructions to Plaintiff following his surgery in March, 2001. (Id. at A12.) However, that document was filled out by VA personnel and did not in any way state Plaintiff's contentions concerning his disability claim.

6

On June 13, 2001, the VA wrote Plaintiff and again asked that he provide evidence of his disability, stating, "We need the following evidence, or information, before we can act on your claim.  Submit evidence of current additional disability due to the treatment."  (Id. at A21.)  The VA's letter told Plaintiff to provide the requested information as soon as possible, preferrably within sixty days, and no later than one year from the date of the letter.  (Id.)  Plaintiff failed to provide the requested information.[2]

On September 10, 2001, the VA wrote Plaintiff and asked for a signed Form 21-526 since the one he had provided previously was unsigned.  (Id. at A22.)  The VA also asked Plaintiff to provide information about his disability claim, and noted that this was the *third* time the VA was requesting Plaintiff to provide this information:

> Also, tell us the additional disability you claim has resulted from your VA treatment.  This evidence was requested by letters dated January 24, 2001 and June 13, 2001 (copies enclosed).

(Id.)

The VVA responded to the VA on behalf of Plaintiff by letter on September 17, 2001.  (Id. at A23-A24.)  The VVA's letter reiterated that Plaintiff was pursuing a claim for disability benefits under § 1151 and enclosed a signed Form 21-526.  (Id.)  The letter also told the VA that the requested information conerning Plaintiff's disability claim was found in Box 17 of the form.  (Id. at A24.)  However, the statement in Box 17 – which merely stated that Plaintiff was seeking "s/c [i.e., service connected] disability for complications from operation received at VAMC, Wilmington for hernia operation and scars" – did not provide any *evidence* of Plaintiff's

---

[2]During this time Plaintiff did provide the VA with other information in support of his disability claim, such as information concerning his prior marriages and divorces.

disability like the VA had requested.  Nor did that statement in any way allege negligence.

    **D.**    *The VA Denies Plaintiff's Disability Claim Because Plaintiff Failed  To Provide Evidence Of His Disability.*

On March 22, 2002, the VA denied Plaintiff's claim for disability benefits.  (Id. at A30-A34.)  The VA based its decision on the fact that Plaintiff had not responded to the VA's request for "specific information on the disability [Plaintiff was] claiming."  (Id. at A33.)  The VA told Plaintiff that he had one year to appeal the VA's decision and enclosed a form that explained to Plaintiff his right to appeal.  (Id. at A30.)  However, Plaintiff failed to appeal the VA's decision, and the decision became final on March 22, 2003.

    **E.**    *More Than One Year After The VA Denied Plaintiff's Claim For Disability Benefits, Plaintiff Presents A FTCA Claim To The VA.*

Shortly after the VA denied Plaintiff's disability claim in March, 2002, Plaintiff discovered that he also had a right to bring a claim against the VA under the FTCA.  (Id. at A4.)  Still, Plaintiff waited more than a year to present such a claim.

On May 29, 2003, Plaintiff retained counsel.  (Id.)  On May 30, 2003, counsel for Plaintiff wrote to the VA, advised that Plaintiff was now pursuing a FTCA claim, and enclosed a SF-95 form.  (Id.)  The VA received Plaintiff's SF-95 form on June 2, 2003.[3]  (Id. at A35.)

    **F.**    *Plaintiff Successfully Reopens His Disability Claim And Obtains Benefits.*

On August 19, 2003, counsel for Plaintiff wrote the VA, requested that the VA reopen Plaintiff's claim for disability benefits, and submitted new evidence in support of that claim.  (Id. at A41.)  On May 26, 2004, the VA again denied Plaintiff's disability benefit claim on the ground

---

[3]The date the VA received Plaintiff's SF-95 form is the date Plaintiff presented his claim for purposes of the FTCA.  See Medina v. City of Phila., No. 05-2908, 219 Fed. App'x. 169, 172 (3d Cir. Jan. 5, 2007).

that the new evidence that Plaintiff submitted were merely nonexpert statements about Plaintiff's physical appearance, which had "no objective medical value." (Id. at A46.) On August 9, 2004, Plaintiff wrote to the VA, gave his "Notice of Disagreement" with the VA's decision, and submitted an opinion from a doctor regarding the VA's care of Plaintiff. (Id. at A49-A53.) On September 2, 2005, the VA issued its "Statement of the Case," which explained in detail the VA's denial of Plaintiff's claim, and noted that the expert opinion that Plaintiff submitted indicated that the complications that Plaintiff suffered post-surgery were well-known complications from the surgery that Plaintiff had, and that there was no "evidence of improper surgical or medical care or errors in judgment on the part of the physicians involved in this case."[4] (Id. at A64.) Plaintiff appealed to the Board of Veterans' Appeals (the "Board"). (Id. at A65-A68.)

On October 26, 2006, after a hearing, the Board agreed that Plaintiff had submitted new and material evidence, reopened his claim, and remanded Plaintiff's case to the VA for reconsideration. (Id. at A73.) On September 24, 2007, on remand from the Board, the VA granted Plaintiff's disability claim and assigned him a sixty percent disability rating. (Id. at A86.) The VA awarded Plaintiff benefits retroactive to the date he moved to reopen his claim, and those benefits continue indefinitely. (Id. at A79.)

---

[4]Specifically, the opinion that Plaintiff submitted stated that Plaintiff's "complications by themselves do not necessarily indicate negligence on the part of the VAMC," that those complications were "well-known" complications from the surgery that Plaintiff had, and that the doctor could "not find any specific evidence of improper surgical or medical care or errors in judgment on the part of the physicians involved in this case." (Id. at A52-A53) However, Plaintiff's expert did opine that "there was a deviation in the standard of care in regards to the lack of complete medical information in the form of a history and phsyical and the preoperative assessment, written discharge instructions, and informed consent documentation." (Id. at A53.)

**ARGUMENT**

## I.     STANDARD OF REVIEW.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  Rule 56(c) mandates judgment against a party that "fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  When that happens "there can be no 'genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.  The moving party is therefore entitled to judgment as a matter of law because "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id.  A dispute of material fact exists only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

As explained below, here, there is no dispute that Plaintiff presented his tort claims to the VA after the FTCA's two-year statute of limitations expired.  The Government's motion therefore presents the Court with a discrete and potentially case-dispositive legal issue, namely, whether the FTCA's statute of limitations should somehow be tolled because Plaintiff submitted a claim for disability benefits without knowing that he could also pursue a claim against the VA under the FTCA.  The Government respectfully submits that Plaintiff cannot point to any facts to meet his burden to show that this is one of those "rare situations" where equitable tolling of the statute of limitations applies.  Thus, Plaintiff's tort claims are barred.

## II.    PLAINTIFF'S TORT CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE BARRED BY THE FTCA'S TWO-YEAR STATUTE OF LIMITATIONS.

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues. . . ." 28 U.S.C. § 2401(b).  "It goes without saying that statutes of limitations often make it impossible to enforce what were otherwise perfectly valid claims.  But that is their very purpose, and they remain as ubiquitous as the statutory rights or other rights to which they are attached or are applicable."  Kubrick, 444 U.S. at 125; see also Hedges v. United States, 404 F.3d 744, 753 (3d Cir. 2005) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").  Thus, a "plea of limitations" should be regarded as a "meritorious defense, in itself serving a public interest," that is, "the prompt presentation of claims."  Kubrick, 444 U.S. at 117.  Statutes of limitations should be strictly construed.  Hedges, 404 F.3d at 751.

Medical malpractice claims under the FTCA accrue as soon as the putative plaintiff possesses the "facts that he has been hurt and who has inflicted the injury."  Kubrick, 444 U.S. at 122; see also Kerstetter v. United States, 57 F.3d 362, 365 (4th Cir. 1995) (holding that a plaintiff's medical malpractice claims accrue under the FTCA as soon as the plaintiff knows who has inflicted his injury); Price v. United States, 775 F.2d 1491, 1494 (11th Cir. 1985) ("[A] medical malpractice claim under the FTCA accrues when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both her injury and its connection with some act of the defendant.").

Applying this rule to the facts of this case compels the conclusion that Plaintiff's tort

11

claims accrued, at the very latest, immediately after his third surgery on March 9, 2001.  More likely, Plaintiff's tort claims accrued two days after his first surgery, i.e., on January 13, 2000, given that Plaintiff claims he has been in constant pain and unable to work since then.  Because Plaintiff did not present his tort claims to the VA until June 2, 2003, i.e., long after the FTCA's two-year statute of limitations expired, Plaintiff's claims are barred.[5]

## III.    PLAINTIFF CANNOT MEET HIS BURDEN TO SHOW THAT HE WAS ENTITLED TO EQUITABLE TOLLING.

Plaintiff has the burden to show that he was entitled to equitable tolling of the statute of limitations.  Courtney v. La Salle Univ., 124 F.3d 499, 505 (3d Cir. 1997).  In the Third Circuit, equitable tolling is allowed "sparingly," and only "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."  Hedges, 404 F.3d at 753.  The Supreme Court has also stated that equitable tolling is to be applied "sparingly."  See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) ("We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.").  "Absent a showing of intentional inducement or trickery by the defendant, a statute of limitations should be tolled only in the 'rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice.'"  United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998); see also Sch.

---

[5]Counsel for Plaintiff submitted a brief to the VA in which he admitted that Plaintiff presented his tort claim after the expiration of the two-year statute of limitations.  (Id. at A89.)

Dist. of Allentown v. Marshall, 657 F.2d 16, 19 (3d Cir. 1981) ("The restrictions on equitable

tolling, however, must be scrupulously observed.").  Because Plaintiff cannot show that this is

one of those "rare situations" where equitable tolling applies, Plaintiff's claims are barred.

    **A.**    ***The VA Did Not Actively Mislead The Plaintiff.***

Plaintiff cannot meet the first basis for equitable tolling because he cannot allege that he

missed the FTCA's presentment deadline due to any "intentional inducement or trickery" by the

VA.  From March 13, 2001, until June 2, 2003, the VVA communicated with the VA on behalf

of Plaintiff and repeatedly indicated to the VA that Plaintiff wanted to pursue a claim for

disability benefits pursuant to § 1151.  During that time no one mentioned to the VA that

Plaintiff also wanted to sue the VA for negligence.  Accordingly, the VA did just what Plaintiff

asked it to do – it adjudicated Plaintiff's claim for disability benefits.  It did not engage in any

"intentional inducement or trickery."

A veteran who believes he or she has been injured by medical treatment at a VA facility

has at least two methods for obtaining compensation.  The veteran can file a claim for disability

benefits under § 1151.  The veteran can also sue the VA for negligence under the FTCA.  The

veteran may elect to pursue one, or both, of these remedies.  See United States v. Brown, 348

U.S. 110, 113 (1954).  Although there are many distinctions between the two claims, a

distinction that is important to this case is that a veteran can obtain § 1151 disability benefits

without showing that the VA committed negligence.[6]  See 38 U.S.C. § 1151(a)(1) (allowing a

---

    [6]A FTCA claim and a disability benefit claim under § 1151 differ in other significant
respects.  For example, the amount and method of payment of § 1151 benefits is prescribed and
limited by statute, whereas FTCA damages are not so limited.  Further, § 1151 claims are
adjudicated pursuant to a non- adversarial administrative process, whereas FTCA claims may be
pursued through adversarial litigation.  See 69 Fed. Reg. 46,426, 46,427 (Aug. 3, 2004)

veteran to obtain disability benefits caused by the VA's medical treatment and "an event not reasonably foreseeable.").

Here, in March, 2001, Plaintiff chose to file a § 1151 claim for disability benefits with assistance from the VVA instead of hiring a lawyer. The fact that the VVA did not tell Plaintiff that he should also file a FTCA claim is unfortunate, but that does not mean that the FTCA's limitations period should have been equitably tolled. In McNeil v. United States, the Supreme Court held that a pro se litigant was not entitled to equitable tolling of the FTCA's limitations period, and explained that persons who choose to proceed pro se run the risk that they will make mistakes and lose their rights:

> Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers. While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, and have held that some procedural rules must give way because of the unique circumstance of incarceration, we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

508 U.S. 106, 113 (1993).

Had Plaintiff consulted a lawyer, he undoubtedly would have been told to file a FTCA claim. Had Plaintiff simply told the VA that he wanted to sue because VA employees had committed negligence, he would have been told the same thing. See 38 C.F.R. § 14.604(a) (requiring the VA to furnish a blank SF-95 form to every person who "inquires as to the procedure for filing a claim against the United States, predicated on a negligent or wrongful act

---

(discussing distinctions between a FTCA claim and a § 1151 claim and noting that claimant may elect which remedy to pursue).

14

or omission of an employee of the Veterans Administration").  Instead, Plaintiff chose to file a claim for disability benefits without a lawyer and with the VVA as his representative.  More than two years later, after Plaintiff's disability benefit claim was denied, Plaintiff finally consulted a lawyer, and was told to file a FTCA claim.  Clearly, Plaintiff did not miss the filing deadline due to any "intentional inducement or trickery" by the VA.

**B.    *Plaintiff's Allegation That The VA Had Notice Of His Potential Tort Claims Should Be Rejected.***

Although Plaintiff alleges that the VA "had notice of [his] potential claims under the [FTCA]," and failed to provide him "with the information or paperwork necessary to file a claim under the [FTCA]," (Compl. ¶ 22), those allegations do not suffice to show that Plaintiff is entitled to equitable tolling.  First of all, Plaintiff's allegation that the VA had notice of his potential claims under the FTCA is not supported by any evidence.  The evidence shows that the first time anyone told the VA that Plaintiff wanted to bring a claim under the FTCA was on June 2, 2003.  To survive a motion for summary judgment, Plaintiff cannot rest on his allegations, he must set forth "specific facts" by affidavit or otherwise.  See Fed. R. Civ. P. 56(e).  The bald allegation that the VA had notice of Plaintiff's tort claims prior to June 2, 2003, must therefore be rejected.

Moreover, even if the VA knew that there was a basis for Plaintiff to bring a tort claim under the FTCA, that would not mean that the VA engaged in "intentional inducement or trickery" if it failed to advise Plaintiff how to bring such a claim.  Plaintiffs in the Third Circuit face a high burden to show "intentional inducement or trickery."  For example, in Hedges, the Third Circuit held that the United States Department of the Interior did not engage in trickery

15

when it advised the plaintiff, Hedges, that he should bring an administrative claim against the agency, even though Hedges's exclusive remedy was actually to file a lawsuit against the agency under the Suits in Admiralty Act (the "SAA"). Hedges, 404 F.3d at 745-46. By the time Hedges discovered that his exclusive remedy was under the SAA, he had missed the statute of limitations deadline. Still, the Third Circuit held that equitable tolling was not appropriate because there was no evidence that the "Government officials advised Hedges that he did not have a judicial remedy, or should not pursue one in addition to his administrative claim." Id. at 752. Under Hedges, even if the VA knew that Plaintiff had a basis for a tort claim, and failed to tell him to pursue that claim, that would not mean that the VA engaged in trickery so as to entitle Plaintiff to equitable tolling.

The Sixth Circuit applied a more relaxed standard for finding equitable tolling in Glarner v. United States, Dept. of Veterans Admin., 30 F.3d 697 (6th Cir. 1994). In Glarner, a veteran who was recovering in a VA hospital from surgery submitted a claim for disability benefits pursuant to 38 U.S.C. § 1151. Id. at 700. The claim form the veteran submitted to the VA also stated, "I feel that I am entitled to compensation as a result of this negligence." Id. The VA denied the veteran's claim for disability benefits, and then moved to dismiss the veteran's subsequent FTCA lawsuit as barred by the statute of limitations.

The Sixth Circuit concluded that the veteran was entitled to equitable tolling. The court relied heavily on the regulation that requires the VA to furnish information about the FTCA to every person who inquires about the procedure for filing a negligence claim against the VA. See Glarner, 30 F.3d at 701 (citing 38 C.F.R. § 14.604(a)). The Sixth Circuit concluded that, because the veteran had submitted a claim form that specifically alleged negligence, that

16

regulation imposed an affirmative duty on the VA to provide the veteran with information about the FTCA.  Id.  Because the VA violated its duty to the veteran, the Sixth Circuit concluded that the veteran was entitled to equitable tolling.  Id. at 702.  However, even if Glarner were the law in the Third Circuit, which it is not,[7] the Plaintiff still would not be entitled to equitable tolling.

In Glarner, the Sixth Circuit found that the VA had an affirmative duty to inform the veteran about the FTCA only because the veteran's claim form specifically alleged negligence. Here, the Plaintiff's disabilty benefit claim form did not mention negligence.  Nor did the cover letter that the VVA submitted allege negligence – that letter merely stated that "[t]his Veteran wishes to open a claim for service connected disability for complications from operation received at Wilmington VA hospital for hernia operations, and scars."  (App'x at A9.)  Because neither the VVA nor Plaintiff ever told the VA that Plaintiff was alleging negligence, even under the rule

---

[7]In the Third Circuit, a plaintiff is only entitled to equitable tolling under the first basis if he can show that he missed the statute of limitations deadline because of "intentional inducement or trickery" by the Government.  Midgley, 142 F.3d at 179; see also Irwin, 498 U.S. at 96.  Thus, the Government submits that the Third Circuit would not follow the more relaxed equitable tolling test in Glarner.  Moreover, the Sixth Circuit's reasoning in Glarner is suspect. Glarner held that the VA's regulations – specifically, 38 C.F.R. § 14.604(a) – imposed an affirmative duty on the VA to provide information about the FTCA to the veteran merely because the veteran's disability benefit claim form alleged negligence.  However, § 14.604(a) only imposes a duty on the VA when a person "inquires as to the procedure for filing a claim against the United States, predicated on a negligent or wrongful act . . . ."  In Glarner, the veteran *did not* inquire as to the procedure to submit a negligence claim, he merely filed a claim for disability benefits, and, in conjunction therewith, alleged negligence.  The veteran's allegation of negligence was totally consistent with his claim for disability benefits.  See 38 U.S.C. § 1151(a)(1)(A) & (B) (allowing a veteran to recover disability benefits for a disability caused by the VA's negligent medical care, but also alternatively allowing a veteran to recover benefits for a disability caused not by negligence but by "an event not reasonably foreseeable.").  Thus, in Glarner, the VA was justified in treating the veteran's claim for disability benefits as just that, and not as an inquiry "as to the procedure for filing a claim against the United States, predicated on a negligent or wrongful act . . . ."  In short, Glarner is not the law in the Third Circuit, it is based on flawed reasoning, and, in any event, it is clearly distinguishable from the facts of this case.

in Glarner, the Plaintiff is not entitled to equitable tolling.

Plaintiff has also argued to the VA that he is entitled to equitable tolling because the VVA had notice of his tort claims, and that "agency" failed to provide Plaintiff with the "information and necessary paperwork necessary to file a claim under the [FTCA]." (Compl. ¶ 22; see also App'x at A89.) That argument should be rejected. The VVA is not a Government agency.[8] It is a private organization that assisted Plaintiff in filing a § 1151 claim for disability benefits. Although Plaintiff might have a cause of action against the VVA for mishandling his claim, that does mean Plaintiff is entitled to equitable tolling here. By proceeding pro se, Plaintiff assumed the risk that he, or the VVA, might miss a filing deadline concerning his FTCA claim. See McNeil, 508 U.S. at 113 (explaining that litigants are not entitled to equitable tolling merely because they act pro se); cf. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999) ("The usual rule is that attorney errors will be attributed to their clients."). For all these reasons,  Plaintiff cannot meet the first basis for equitable tolling.

**C.**    ***Nothing Extraordinary Prevented Plaintiff From Asserting His Rights.***

Plaintiff cannot meet the second basis for equitable tolling because he cannot point to anything extraordinary that prevented him from complying with the statute of limitations. Although Plaintiff has argued to the VA that he should be entitled to equitable tolling because he is illiterate, (App'x at A90), that argument should be rejected. See, e.g., Lake v. Arnold, 232 F.3d 360, 367 (3d Cir. 2000) (holding that the plaintiff's mental retardation and illiteracy did not suffice to merit equitable tolling); Hedges, 404 F.3d at 753 ("We have held that mental

---

[8]Indeed, the VVA is frequently involved in litigation *against* the Government. See, e.g., Vietnam Veterans of Am. v. Dep't of Navy, 876 F.2d 164 (D.C. Cir. 1989).

incompetence, even rising to the level of insanity, does not toll a federal statute of limitations for claims against the Government."); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. . . .  It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.") (citations omitted).  Thus, Plaintiff cannot show that the second basis for equitable tolling applies.

### D.  *Plaintiff Did Not Timely Assert His Rights Mistakenly In The Wrong Forum.*

Nor is there is any evidence that Plaintiff timely asserted his rights mistakenly in the wrong forum.  The "wrong forum" test requires the Plaintiff to show that he raised the "precise statutory claim but has mistakenly done so in the wrong forum."  Marshall, 657 F.2d at 20.  Here, Plaintiff raised a statutory claim for disability benefits, not a tort claim under the FTCA.  See, e.g., Mansfield v. Peake, 525 F.3d 1312, 1317 (Fed. Cir. 2008) (explaining that a FTCA claim and a § 1151 disability benefit claim are distinct claims).  Thus, Plaintiff cannot meet the "wrong forum" basis for equitable tolling.

Even if Plaintiff had raised the precise statutory claim in the wrong forum (which he did not do), he would still have to show that he had more than a simple "misunderstanding" about the proper way to bring a negligence claim to receive equitable tolling.  See Jones v. Morton,195 F.3d 153, 160 (3d Cir. 1999).  Plaintiff was simply confused when he failed to pursue a negligence claim alongside his claim for disability benefits.  (See App'x at A90 (explaining that Plaintiff failed to file a FTCA claim for two years "due to his confusion in his mind about the claim for benefits under 38 U.S.C. § 1151").)  For all of these reasons,  Plaintiff is not entitled to equitable tolling.

19

**CONCLUSION**

For all of the reasons stated above, the Government respectfully requests that the Court

dismiss Plaintiff's Complaint as barred by the FTCA's two-year statute of limitations.

DATED: July 17, 2008.


Respectfully submitted,

COLM F. CONNOLLY
United States Attorney


By: ___/s/ Seth M. Beausang_____
    Seth M. Beausang (De. I.D. No. 4071)
    Assistant U.S. Attorney
    District of Delaware
    The Nemours Building
    1007 N. Orange Street, Suite 700
    Wilmington, DE  19899-2046
    (302) 573-6277

Appendix – Part 1

 Vietnam Veterans of America



| about vva | community | membership | benefits | government affairs | news room | events | publicati |

**Quick Links**
Site Map

Join VVA

Membership Renewal

Locate Your Local VVA Chapter

Support VVA

NEW! Order Chapter Or State Council Websites Here

Update E-Mail Notification Preferences

Contact VVA

**Search For Jobs Here**



★**Related Links:** History / Purposes / Accomplishments / Board of Directors

# Who We Are

Founded in 1978, Vietnam Veterans of America is the only national Vietnam veterans organization congressionally chartered and exclusively dedicated to Vietnam-era veterans and their families. VVA is organized as a not-for-profit corporation and is tax-exempt under Section 501(c)(19) of the Internal Revenue Service Code.

### VVA'S FOUNDING PRINCIPLE
*"Never again will one generation of veterans abandon another."*

### GOALS
VVA's goals are to promote and support the full range of issues important to Vietnam veterans, to create a new identity for this generation of veterans, and to change public perception of Vietnam veterans.

### ORGANIZATION

- Over 50,000 individual members

- 46 state councils
- 630 local chapters

## SPECIAL PROGRAMS

- Aggressively advocate on issues important to veterans
- Seek full access to quality health care for veterans
- Identify the full range of disabling injuries and illnesses incurred during military service
- Hold government agencies accountable for following laws mandating veterans health care
- Create a positive public perception of Vietnam veterans
- Seek the fullest possible accounting of America's POW/MIAs
- Support the next generation of America's war veterans
- Serve our communities

## FUNDING

Vietnam Veterans of America relies totally on private contributions for its revenue. VVA does not receive any funding from federal, state, or local governments.

## SUPPORT VVA

MAKE YOUR CONTRIBUTION NOW!

**Looking for specific information on?**

**VVA & Prostate Disease**

**VVA & Type II Diabetes**

**Agent Orange**

**Veterans Benefits**

**Partner Sites**

**Shop Veterans Collectibles!**



**Donate Household Goods**

**AVVA**

**VVAF**

**Veterans Against Drugs**

**Vets Vote America**

**Support Task Force**

**Veterans of Modern Warfare**

**Click To View Our Latest Publications:**









©2006- 2008, Vietnam Veterans of America. All Rights Reserved. 8605 Cameron S

Report Website Errors Here | Advertise | Photo Descriptions & C



# Veterans Assistance Program

A Pro Bono Litigation Program Sponsored by
Widener University School of Law & Delaware Volunteer Legal Services, Inc.
☐ 4601 Concord Pike P.O. Box 7474 • Wilmington, DE 19803-0474
☐ 3800 Vartan Way • Harrisburg, PA 17110-9450

Room 428 School of Law
Direct Dial Number:
302-477-2070

☐     (302) 477-2100
Fax:  (302) 477-2257
tjr0001@mail.widener.edu

30 May 2003

José H. Lopez,  Esq.
Regional Counsel
Department of Veterans Affairs
Medical Center 2nd Floor
University & Woodland Ave.
Philadelphia, PA 19104

RE: David E. Jones c 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, Administrative Claim

Dear Mr. Lopez:

This program represents David E. Jones of Delaware City, DE.  In January 2000 he underwent a disastrous attempt to repair an inguinal hernia at VA Medical Center, Wilmington, DE.  A resident apparently sewed Jones' small intestine to his perinoteum.  Jones began vomiting feces and was rushed to VAMC Wilmington for emergency surgery to repair the damage. Although his life was saved, he has been totally and permanently disabled as a result of the initial botched surgery and the repair operation.  Mr. Jones has not been able to hold substantial gainful employment since early in 2001. He claims that his condition was due to the negligence of the VAMC Wilmington physicians and operating room personnel.

Mr. Jones was pursuing a compensation claim at the time of his surgery for a service-connected condition.  That claim was rejected on 18 March 2002.  Mr. Jones discovered that he had a right to bring an administrative claim and a section 1151 claim shortly after the denial of his 18 March 2002 claim.  Mr. Jones came to this program for assistance on May 29, 2003.

My client is submitting an executed SF 95 under separate cover that this program prepared on behalf of Mr. Jones.  The sum certain includes special damages for medical expense, emergency transportation to VAMC Wilmington, damage to the Jones' residence caused by his vomiting fecal matter on his bed and carpet on 12-14 January 2000 and lost income.  It also includes damages for pain, suffering and emotional distress.

JOSÉ H. LOPEZ, ESQ.
PAGE TWO

The Widener VAP program is a pro-bono program co-sponsored by the Law School and by Delaware Volunteer Legal Services, Inc.  I am the supervising staff attorney, in addition to my full-time duties as a law professor.  Please call or e-mail if you have any questions.

Sincerely,

Thomas J. Reed
Prof. of Law & Staff Attorney

TJR: tjr
encl:
CY: David E. Jones, C. T. Keenan

A5

STATE OF DELAWARE )
                     ) SS       AFFIDAVIT OF DAVID E. JONES
NEW CASTLE COUNTY )

      David E. Jones, being sworn makes the following affidavit in support of his claim:

1. He is the claimant in this matter and has personal knowledge of the facts and circumstances surrounding the late filing of Form SF-95 (Administrative Claim)

2. He is unable to read this statement and has had the assistance of his daughter Vicki Snyder and Thomas J. Reed, his attorney in preparing this affidavit. He acknowledges that this affidavit has been read to him by Vicki Snyder and every statement of fact in this affidavit is true and correct to the best of his knowledge and belief.

2. On 11 January 2000 he underwent a repair an inguinal hernia at VA Medical Center, Wilmington, DE. His surgeon of record was Dr. Eisenberg.

3. Prior to his operation, no one explained to him the risks associated with a hernia repair, and he signed no consent form agreeing to the surgical procedure, or to permitting medical students to assist Dr. Eisenberg in performing the hernia repair.

4. He was sent home after spending a night in the hospital.

5. He became sick to his stomach shortly after returning home from VAMC Wilmington, and began vomiting up the contents of his stomach.

6. He was unable to and did not eliminate any stools.

7. By 14 January 2000, he was so ill that his wife called the Delaware City Emergency Unit to take him to VAMC Wilmington, Delaware for emergency treatment

8. He remembers very little of what happened to him from the day he returned home until he was removed from the Intensive Care Unit at VAMC Wilmington, Delaware.

9. In March, 2000, he signed a power of attorney with the Viet Nam Veterans of America to present his claim for disability compensation under 38 U.S. Code § 1151 for the bad hernia repair and his near-fatal illness.

10. At the time he signed the power of attorney, he was not aware that he could make an administrative claim against the Department of Veterans Affairs in addition to filing a claim for compensation.

Exhibit E          A6

11, He received no advice from the Viet Nam Veterans of America's service officers on filing an administrative claim.

12. Being unable to read, he had no other source of information on his right to bring a claim.

13. He was first advised of the right to file an administrative claim by Thoms J. Reed, Esq., an attorney, on 29 Ma y 2003, and he immediately filed his SF-95 administrative claim with the Office of Regional Counsel on 29 May 2003.

DATED: 8/15 _____ 2006

_____
David E. Jones

STATE OF DELAWARE )
                 )SS
NEW CASTLE COUNTY)

SWORN TO AND SUBSCRIBED before me, a notary public in and for said County and State this 15th day of August, 2006.

MY COMMISSION EXPIRES:

_____
(NOTARY PUBLIC) Attorney

2

A7



Vietnam Veterans of America
VA Regional Office
1601 Kirkwood Highway
Wilmington, DE 19805

National Service Representative
633-5357 or
994-2511, ext.357

TO: _Adjudications_

FROM: _VVA_

RE: _Jones David_

C: _____

SS: _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_

DATE: _3-13-00_

RECD
MAR 13 00
VET SERVICES DIV.
VARO-ROC 460

We submit for your consideration, claim for benefits based upon service of the above-named veteran together with supporting evidence as indicated below, for your attention and necessary action.

- ☑ 1-9
- ☑ 1-646
- ☑ 10-10
- ☑ 10-1394
- ☑ 21-509
- ☑ 21-526
- ☑ 21-527
- ☑ 21-530
- ☑ 21-534
- ☑ 21-535
- ☑ 21-601
- ☑ 21-651
- ☑ 21-686c
- ☑ 21-2680

- ☐ 21-4100
- ☐ 21-4138
- ☐ 21-4502
- ☐ 21-4555
- ☐ 21-6749
- ☐ 21-6875
- ☐ 21-6876
- ☑ 21-6897
- ☐ 21-8416a
- ☐ 22-1900
- ☐ 22-1990
- ☐ 21-22
- ☐ 26-1880
- ☐ 572

- ☐ Marriage Certificate
- ☐ Divorce Decree
- ☐ Death Certificate
- ☐ Birth Certificate
- ☐ DD214
- ☐ Medical Statement
- ☐ Funeral Statement
- ☐ Receipted Statement
- ☐ Notice of Disagreement
- ☐ _____
- ☐ _____
- ☐ _____
- ☐ _____

Remarks: _____
_____
_____
_____
_____
_____
_____
_____

A8

Phone (302) 633-5357                                    VARO, 1601 Kirkwood Hwy,
Fax   (302) 633-5415                                    Wilmington, DE 19805

A Not-For-Profit Veterans Service Organization Chartered by the United States Congress
*"VVA, At Work In Your Community"*



Adjudication Officer
Veterans Administration Regional Office
1601 Kirkwood Hwy.
Wilmington DE, 19805

RE: Jones David E
C: 222124185

Dear Sir:

This Veteran wishes to open a claim for service connected disability for complications from operation received at Wilmington VA Hospital for hernia operation, and scars.

We request that the VA open this claim and develop evidence that would support this Veteran's application for benefits as required by 38 C.F.R. 3.103. We also request that we be notified when such development has been completed and that we be sent a copy of the results of such development as is the Veterans right under the Privacy Act.

If you decide the information in this claim does not establish a reasonable probability of a valid claim, notify the Veteran immediately so that we will know to file a Notice of Disagreement.

As required by 38 C.F.R. 3.102, please give this Veteran any benefit of the doubt that may arise at any point in his/her case.

Sincerely,

Terry Baker
Vietnam Veterans of America Inc.
National Service Officer

**Department of
Veterans Affairs**

1601 KIRKWOOD HGWY                  70            March 15, 2000
WILMINGTON DE 19805      (RO COPY)

In Reply Refer To:

DAVID E JONES                                   File Number:
1 WARFIEL DR                                    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
DELAWARE CITY DE   19706                        PAYEE NO 00
                                                D E JONES

We are working on your claim.  However, we need more
information before we can finish our action:

A review of your files shows we have never received a VA Form
21-526, Veterans Application for Compensation or Pension, from
you.  We cannot complete processing on your claim without this
form.  Please complete and return the enclosed application
within 60 days.

Please send us this evidence as soon as possible, preferably
within 60 days.  The faster you send us the information we
need, the sooner we can work on your claim.  We must receive
it within one year from the date of this letter.  If we do not
receive it within one year, we will not be able to pay the
benefit you are claiming for any period before the date it is
received.  Be sure to write the veteran's full name and VA file
number on all evidence or forms that you send us.

If your mailing address is different than that shown above,
please advise us of your new mailing address.  You should
notify us immediately of any changes in your mailing address.

IF YOU RESIDE IN THE CONTINENTAL UNITED STATES, ALASKA, HAWAII
OR PUERTO RICO, YOU MAY CONTACT VA WITH QUESTIONS AND RECEIVE
FREE HELP BY CALLING OUR TOLL-FREE NUMBER 1-800-827-1000 (FOR
HEARING IMPAIRED TDD 1-800-829-4833).

                          C. T. KEENAN
                          ADJUDICATION OFFICER

ENCL: 21-526

A10

VA FORM
JAN 1990  20-8992



Vietnam Veterans of :
VA Regional Office
1601 Kirkwood Highway
Wilmington, DE 19805

Terry Baker
National Service Representative
633-5357 or
994-2511, ext.357

TO: _Adjudication_

FROM: _V V A_

RE: _Jones, David E_

C#: _____

SS#: _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 - 1@4-0_

DATE: _03-15-01_

R E C E I V E D
MAR 5 2001
VET SERVICES DIV.
VAMROC 460

We submit for your consideration, claim for benefits based upon service of the above-named veteran together with supporting evidence as indicated below, for your attention and necessary action.

- ☐ 1-9
- ☐ 1-646
- ☐ 10-10
- ☐ 10-1394
- ☐ 21-509
- ☐ 21-526
- ☐ 21-527
- ☐ 21-530
- ☐ 21-534
- ☐ 21-535
- ☐ 21-601
- ☐ 21-651
- ☐ 21-686C
- ☐ 21-2680

- ☐ 21-4100
- ☐ 21-4138
- ☐ 21-4502
- ☐ 21-4555
- ☐ 21-6749
- ☐ 21-6875
- ☐ 21-6876
- ☐ 21-6897
- ☐ 21-8416a
- ☐ 22-1900
- ☐ 22-1990
- ☐ 21-22
- ☐ 26-1880
- ☐ 572

- ☐ Marriage Certificate
- ☐ Divorce Decree
- ☐ Death Certificate
- ☐ Birth Certificate
- ☐ DD214
- ☑ Medical Statement
- ☐ Funeral Statement
- ☐ Receipted Statement
- ☐ Notice of Disagreement
- ☐ _____
- ☐ _____
- ☐ _____
- ☐ _____
- ☐ _____

Remarks: _____

_____

_____

_____

_____

_____

_____

_____

A11

**Department of Veterans Affairs** | **MEDICAL RECORD - DISCHARGE INSTRUCTIONS**

| DATE OF ADMISSION 3/9/01 | DATE OF DISCHARGE 3/14/01 | TYPE OF DISCHARGE Home |

**1. DIAGNOSES AND DATE TO BE FOLLOWED ON OUTPATIENT SERVICES**

S/p incisional hernia repair 3/9/01.

**2. SUGGESTED PLAN FOR FOLLOWUP**

Fu Surgery clinic 3/19/01 @ 1:45 PM

**3. DISCHARGE MEDICATIONS AND INSTRUCTIONS**

Percocet ī īī po q 4-6° prn pain
Resume home meds.

**4. DISCHARGE DIETARY INSTRUCTIONS** *(Check one)*
☒ NO RESTRICTIONS  ☐ RESTRICTIONS *(Specify and include drug and food interactions)*

**5. PHYSICAL ACTIVITY LIMITATIONS** *(Check one)*
☐ NO RESTRICTIONS  ☒ RESTRICTIONS *(Specify)*

No driving
No heavy weight lifting  } X 2 weeks

**6. OTHER** *(Include employment status)*

| PATIENT IDENTIFICATION *(Name, Address, Social Security Number)* | SIGNATURE OF PHYSICIAN/DENTIST | DATE 3/14/01 |

JONES, DAVID E
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  03/19/31

I HAVE RECEIVED AND UNDERSTAND MY DISCHARGE INSTRUCTIONS

SIGNATURE OF PATIENT | DATE 3/14/01

OMB Approved  No. 2900-0001
Respondent Burden: 2 hours

| VA Department of Veterans Affairs | **VETERAN'S APPLICATION FOR COMPENSATION OR PENSION** |
|---|---|

**IMPORTANT: Read attached General and Specific Instructions before completing this form. Type, print, or write plainly.**

| 1A. FIRST, MIDDLE, LAST NAME OF VETERAN | 1B. TELEPHONE NO. *(Include Area Code)* | (DO NOT WRITE IN THIS SPACE) VA DATE STAMP |
|---|---|---|
| DAVID Edward JONES | 302-834-3269 | |

1C. IF YOU SERVED UNDER ANOTHER NAME, GIVE NAME AND PERIOD DURING WHICH YOU SERVED AND SERVICE NUMBER

| | 3A. VETERAN'S SOCIAL SECURITY NO. | RECEIPT |
|---|---|---|
| | 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 | REC |

2. MAILING ADDRESS OF VETERAN *(Number and street or rural route, city or P.O., and ZIP Code)*

PO Box 165 DE. City DE. 19706

| 3B. SPOUSE'S SOCIAL SECURITY NO. | DEC 18 2 DEC 1 |
|---|---|
| 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 | ADJUDICATIO ADWILMADE 460/21 WILM, DE |

| 4. DATE OF BIRTH | 5. PLACE OF BIRTH | 6. SEX |
|---|---|---|
| 3-19-31 | DE | ☒ MALE ☐ FEMALE |

8. HAVE YOU EVER FILED A CLAIM FOR COMPENSATION FROM THE OFFICE OF WORKERS' COMPENSATION PROGRAMS? *(Formerly the U.S. Bureau of Employee's Compensation)*
☐ YES ☒ NO

9A. VA FILE NUMBER

9B. HAVE YOU PREVIOUSLY FILED A CLAIM FOR ANY BENEFIT WITH VA

☒ NONE
☐ HOSPITALIZATION OR MEDICAL CARE
☐ DISABILITY COMPENSATION OR PENSION
☐ VOCATIONAL REHABILITATION
☐ VETERANS EDUCATIONAL ASSISTANCE
☐ DEPENDENTS EDUCATIONAL ASSISTANCE
☐ DENTAL OR OUTPATIENT
☐ WAIVER OF NSLI PREMIUMS
☐ OTHER *(Specify)*

9C. VA OFFICE HAVING YOUR RECORDS

## SERVICE

NOTE Enter complete information for each period of active duty. Attach DD Form 214 or other separation papers for all periods of active duty to expedite processing of your claim. If you do NOT have your DD Form 214 or other separation papers check ( X ) here ☐

| 10A. ENTERED ACTIVE SERVICE | | 10B. SERVICE NO. | 10C. SEPARATED FROM ACTIVE SERVICE | | 10D. GRADE, RANK OR RATING, ORGANIZATION OR BRANCH OF SERVICE |
|---|---|---|---|---|---|
| DATE | PLACE | | DATE | PLACE | |
| 1/28/52 | | 52183037 | 11/19/53 | | ARMY |

| 10E. HAVE YOU EVER BEEN A PRISONER OF WAR? | 10F. NAME OF COUNTRY | 10G. DATES OF CONFINEMENT |
|---|---|---|
| ☐ YES ☒ NO *(If "YES," complete Items 10F and 10G)* | | |

### RESERVE AND NATIONAL GUARD

NOTE: Enter complete information for each period of Reserve and National Guard Service. Attach any separation papers you have.

| 11A. ENTERED SERVICE | | 11B. SERVICE NO. | 11C. SEPARATED FROM SERVICE | | 11D. GRADE, RANK OR RATING ORGANIZATION OR BRANCH OF SERVICE |
|---|---|---|---|---|---|
| DATE | PLACE | | DATE | PLACE | |
| 11/19/53 | | US52183037 | 1955 | | NATIONAL GUARD |

12. IF DISABILITY OCCURRED DURING ACTIVE OR INACTIVE DUTY FOR TRAINING, GIVE BRANCH OF SERVICE AND DATE OF OCCURRENCE

| 13A. IF YOU ARE NOW A MEMBER OF THE RESERVE FORCES OR NATIONAL GUARD GIVE THE BRANCH OF SERVICE | 13B. RESERVE STATUS ☐ ACTIVE ☐ INACTIVE ☐ RESERVE OBLIGATION | 13C. RESERVE OR NATIONAL GUARD UNIT ADDRESS |
|---|---|---|

| 14A. ARE YOU NOW RECEIVING OR WILL YOU RECEIVE RETIREMENT OR RETAINER PAY FROM THE ARMED FORCES ? ☐ YES ☒ NO *(If "YES," complete Items 14B,14C and 14D)* | 14B. BRANCH OF SERVICE | 14C. MONTHLY AMOUNT $ | 14D. RETIRED STATUS ☐ PERMANENT ☐ TEMPORARY DISABILITY RETIRED LIST |
|---|---|---|---|

| 15A. HAVE YOU EVER APPLIED FOR OR RECEIVED DISABILITY SEVERANCE PAY FROM THE ARMED FORCES? ☐ YES ☒ NO *(If "YES," complete Item 15B)* | 15B. AMOUNT $ | 16A. HAVE YOU RECEIVED LUMP SUM READJUSTMENT OR SEPARATION PAY FROM THE ARMED FORCES? ☐ YES ☒ NO *(If "YES," complete Item 16B)* | 16B. AMOUNT $ |
|---|---|---|---|

## NATURE AND HISTORY OF DISABILITIES

17. NATURE OF SICKNESS, DISEASE OR INJURIES FOR WHICH THIS CLAIM IS MADE AND DATE EACH BEGAN

S/c disability for complications from operation received at VAMC, Wilmington for hernia operation + scars

| 18A. ARE YOU NOW OR HAVE YOU BEEN HOSPITALIZED OR FURNISHED DOMICILIARY CARE WITHIN THE PAST 3 MONTHS? ☐ YES ☒ NO *(If "YES," complete Items 18B And 18C)* | 18B. DATES OF HOSPITALIZATION OR DOMICILIARY CARE | 18C. NAME AND ADDRESS OF INSTITUTION |
|---|---|---|

**YOU MUST SIGN AND DATE THIS FORM AT THE BOTTOM OF PAGE 11**

| VA FORM MAR 1999 | **21-526** | A13 | 1-526, OCT 1993, | PAGE 7 |
|---|---|---|---|---|

DOC: 2-13-00

**NOTE: IF YOU RECEIVED ANY TREATMENT WHILE IN SERVICE, COMPLETE THE FOLLOWING INFORMATION (ATTACH TO THIS APPLICATION COPIES OF ANY SERVICE MEDICAL RECORDS YOU HAVE)**

| 19A. NATURE OF SICKNESS, DISEASE, OR INJURY | 19B. TREATMENT DATES | | 19C. NAME, NUMBER OR LOCATION OF HOSPITAL, FIRST-AID STATION, DRESSING STATION, OR INFIRMARY | 19D. ORGANIZATION/UNIT AT TIME SICKNESS, DISEASE, OR INJURY WAS INCURRED |
|---|---|---|---|---|
| | BEGINNING DATE | ENDING DATE | | |
| | | | | |
| | | | | |

20. LIST CIVILIAN PHYSICIANS AND HOSPITALS WHERE YOU WERE TREATED FOR ANY SICKNESS, INJURY OR DISEASE FOR WHICH YOU ARE CLAIMING SERVICE CONNECTION BEFORE, DURING, OR SINCE YOUR SERVICE, AND ANY MILITARY HOSPITALS SINCE YOUR LAST DISCHARGE

| A. NAME | B. PRESENT ADDRESS | C. DISABILITY | D. DATE |
|---|---|---|---|
| | | | |
| | | | |

21. LIST PERSONS OTHER THAN PHYSICIANS WHO KNOW ANY FACTS ABOUT SICKNESS, DISEASE, OR INJURY SHOWN IN ITEM 19A, WHICH YOU HAD BEFORE, DURING, OR SINCE YOUR SERVICE

| A. NAME | B. PRESENT ADDRESS | C. DISABILITY | D. DATE |
|---|---|---|---|
| | | | |
| | | | |

**IF YOU CLAIM TO BE TOTALLY DISABLED (Complete Items 22A through 25E)**

| 22A. ARE YOU NOW EMPLOYED? | 22B. IF YOU WERE SELF-EMPLOYED BEFORE BECOMING TOTALLY DISABLED, WHAT PART OF THE WORK DID YOU DO? |
|---|---|
| ☐ YES ☒ NO | |

| 22C. DATE YOU LAST WORKED | 22D. IF YOU ARE STILL SELF-EMPLOYED WHAT PART OF THE WORK DO YOU DO NOW? |
|---|---|
| Nov. 1999 | |

| 23A. EDUCATION (Circle highest year completed) | 23B. NATURE OF AND TIME SPENT IN OTHER EDUCATION AND TRAINING |
|---|---|
| 1 2 3 4 5 6 7 8 (GRADE SCHOOL)    1 2 3 4 ( HIGH SCHOOL)    1 2 3 4 (COLLEGE) | |

**LIST ALL YOUR EMPLOYMENT, INCLUDING SELF-EMPLOYMENT, SINCE YOU BECAME TOTALLY DISABLED**

| 24A. NAME AND ADDRESS OF EMPLOYER | 24B. KIND OF WORK | 24C. MONTHS WORKED | 24D. TIME LOST FROM ILLNESS | 24E. TOTAL EARNINGS |
|---|---|---|---|---|
| | | | | |

**LIST ALL YOUR EMPLOYMENT, INCLUDING SELF-EMPLOYMENT, FOR ONE YEAR BEFORE YOU BECAME TOTALLY DISABLED**

| 25A. NAME AND ADDRESS OF EMPLOYER | 25B. KIND OF WORK | 25C. MONTHS WORKED | 25D. TIME LOST FROM ILLNESS | 25E. TOTAL EARNINGS |
|---|---|---|---|---|
| | | | | |
| | | | | |

**MARITAL AND DEPENDENCY INFORMATION**

| 26A. MARITAL STATUS (If widowed or divorced, complete Items 26C and 29A through 29D only) | 26B. SPOUSE'S BIRTH DATE |
|---|---|
| ☒ MARRIED ☐ WIDOWED ☐ DIVORCED ☐ NEVER MARRIED (If so, do not complete Items 26B through 30D) | 2/4/41 |

| 26C. NUMBER OF TIMES YOU HAVE BEEN MARRIED | 26D. NUMBER OF TIMES YOUR PRESENT SPOUSE HAS BEEN MARRIED | 26E. IS YOUR SPOUSE ALSO A VETERAN? | 26F. SPOUSE'S VA FILE NO. (If any) |
|---|---|---|---|
| 7 | 3 | ☐ YES ☒ NO (If "Yes," complete Item 26F) | C- |

| 27A. DO YOU LIVE TOGETHER? | 27B. REASON FOR SEPARATION (For example, marital problems, job requirements, health, etc.) | 27C. PRESENT ADDRESS OF SPOUSE |
|---|---|---|
| ☒ YES ☐ NO | | |

27D. AMOUNT YOU CONTRIBUTE TO YOUR SPOUSE'S SUPPORT MONTHLY
$

28. CHECK ( X ) WHETHER YOUR CURRENT MARRIAGE WAS PERFORMED BY:
☒ CLERGYMAN OR AUTHORIZED PUBLIC OFFICIAL    ☐ OTHER (Explain)

**YOU MUST SIGN AND DATE THIS FORM AT THE BOTTOM OF PAGE 11**

A14

## MARITAL AND DEPENDENCY INFORMATION *(Continued)*

**NOTE:** Furnish the following information about each of your marriages. Where a date is requested, show month, day, and year. Where a place is requested, show city and state (Complete Items 29A thru 30D)

| 29A. DATE AND PLACE OF MARRIAGE | 29B. TO WHOM MARRIED | 29C. TERMINATED *(Death, Divorce)* | 29D. DATE AND PLACE TERMINATED |
|---|---|---|---|
|  |  |  |  |

*FURNISH THE FOLLOWING INFORMATION ABOUT EACH PREVIOUS MARRIAGE OF YOUR PRESENT SPOUSE*

| 30A. DATE AND PLACE OF MARRIAGE | 30B. TO WHOM MARRIED | 30C. TERMINATED *(Death, Divorce)* | 30D. DATE AND PLACE TERMINATED |
|---|---|---|---|
| 56-76 Mich. | Howard Ellis | Divorce | Mich |
| 76-96 Maryland | Albert Ayers | Divorce | DE. |

### IDENTIFICATION OF CHILDREN AND INFORMATION RELATIVE TO CUSTODY

**NOTE:** Furnish the following information for each of your unmarried children (Complete Items 31A thru 31H)

| 31A. NAME OF CHILD *(First, middle initial, last)* | 31B. DATE OF BIRTH *(Month, day, year)* | 31C. PLACE OF BIRTH *(City, State)* | 31D. SOCIAL SECURITY NUMBER OF CHILD | 31E. CHECK EACH APPLICABLE CATEGORY | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | MARRIED PREVIOUSLY | STEPCHILD OR ADOPTED | ILLEGI-TIMATE | OVER 18 ATTENDING SCHOOL | SERIOUSLY DISABLED |
| | | | | | | | | |

| 31F. NAME(S) OF ANY CHILD(REN) NOT IN YOUR CUSTODY | 31G. NAME AND ADDRESS OF PERSON HAVING CUSTODY | 31H. MONTHLY AMOUNT YOU CONTRIBUTE TO CHILD'S SUPPORT |
|---|---|---|
| | | $ |

### INFORMATION RELATING TO DEPENDENT PARENT(S) AND NEAREST RELATIVE

| 32A. IS YOUR FATHER DEPENDENT UPON YOU FOR SUPPORT? ☐ YES ☐ NO *(If "Yes," complete Item 32B)* | 32B. NAME AND ADDRESS OF DEPENDENT FATHER | 32C. IS YOUR MOTHER DEPENDENT UPON YOU FOR SUPPORT? ☐ YES ☐ NO *(If "Yes," complete Item 32D)* |
|---|---|---|
| 32D. NAME AND ADDRESS OF DEPENDENT MOTHER | 32E. NAME AND ADDRESS OF NEAREST RELATIVE | 32F. RELATIONSHIP OF NEAREST RELATIVE |

### NET WORTH OF VETERANS AND DEPENDENTS

**NOTE:** Items 33A through 33D should be completed ONLY if you are applying for nonservice-connected pension.

| ITEM NO. | SOURCE | AMOUNTS | | | | |
|---|---|---|---|---|---|---|
| | | VETERAN | SPOUSE | NAME OF CHILD(REN) | | |
| 33A. | STOCKS, BONDS, BANK DEPOSITS | $ | $ | $ | $ | $ |
| 33B. | REAL ESTATE | | | | | |
| 33C. | OTHER PROPERTY | | | | | |
| 33D. | TOTAL NET WORTH | $ | $ | $ | $ | $ |

### INCOME RECEIVED AND EXPECTED FROM ALL SOURCES

| 34A. HAVE YOU OR YOUR SPOUSE APPLIED FOR OR ARE YOU RECEIVING OR ENTITLED TO RECEIVE ANY BENEFITS FROM THE SOCIAL SECURITY ADMINISTRATION (OTHER THAN SSI) OR RAILROAD RETIREMENT BOARD? | 34B. MONTHLY AMOUNT *(Include Medicare Deduction)* | 34C. BEGINNING DATE | 34D. DATE YOU EXPECT BENEFITS TO BEGIN |
|---|---|---|---|
| | VETERAN  $ | | |
| | SPOUSE  $ | | |
| ☐ YES ☐ NO *(If "Yes," complete Items 34B through 34F)* | 34E. WILL YOU OR YOUR SPOUSE APPLY FOR EITHER BENEFIT DURING THE NEXT 12 MONTHS? ☐ YES ☐ NO | 34F. DATE OF INTENTION TO APPLY  VETERAN    SPOUSE | |

35A. HAVE YOU OR YOUR SPOUSE APPLIED FOR OR ARE YOU RECEIVING OR ENTITLED TO RECEIVE ANNUITY OR RETIREMENT BENEFITS OR ENDOWMENT INSURANCE FROM ANY OTHER SOURCE?
☐ YES ☐ NO    *(If "Yes," complete Items 35B through 35E)*

**YOU MUST SIGN AND DATE**            A15            OM OF PAGE 11

INCOME RECEIVED AND EXPECTED FROM ALL SOURCES *(continued)*

| | 35B. MONTHLY AMOUNT | 35C. BEGINNING DATE | 35D. DATE OF INTENTION TO APPLY | 35E. SOURCE OF BENEFITS |
|---|---|---|---|---|
| VETERAN | $ | | | |
| SPOUSE | $ | | | |

### VETERAN'S AND DEPENDENTS' MONTHLY INCOME

**NOTE: For each source report gross monthly amount, including deductions, for each family member.**

| ITEM NO. | SOURCE OF MONTHLY INCOME | AMOUNTS *(If none, write "NONE" or "0")* | | | |
|---|---|---|---|---|---|
| | | VETERAN | SPOUSE | NAME OF CHILD/REN | |
| 36A. | SOCIAL SECURITY | $ | $ | $ | $ |
| 36B. | U.S. CIVIL SERVICE | | | | |
| 36C. | U.S. RAILROAD RETIREMENT | | | | |
| 36D. | MILITARY RETIREMENT | | | | |
| 36E. | BLACK LUNG BENEFIT | | | | |
| 36F. | SUPPLEMENTAL SECURITY/PUBLIC ASSIST. | | | | |
| 36G. | ALL OTHER MONTHLY INCOME *(Specify Source)* | | | | |

### VETERAN'S AND DEPENDENTS' OTHER INCOME *(If none, write "NONE" OR "0")*

**NOTE: Please provide the amount of annual income or one-time nonrecurring income (specify source) for the 12 month period preceding the date the claim is filed with the Department of Veterans Affairs.**

| 37A. | TOTAL WAGES | | | | |
|---|---|---|---|---|---|
| 37B. | TOTAL INTEREST AND DIVIDENDS | | | | |
| 37C. | ALL OTHER INCOME *(Specify Source)* | | | | |

**NOTE: Please provide the amount of expected annual income or one-time nonrecurring income (specify source) for the 12 month period following the date the claim is filed with the Department of Veterans Affairs.**

| 38A. | TOTAL WAGES | | | | |
|---|---|---|---|---|---|
| 38B. | TOTAL INTEREST AND DIVIDENDS | | | | |
| 38C. | ALL OTHER INCOME *(Specify Source)* | | | | |
| 39A. | GROSS AMOUNT OF FINAL PAY RECEIVED | | | | |
| | $ | | | | |
| 39B. | DATE FINAL PAY WAS RECEIVED | | | | |

40. REMARKS *(Identify your statements by their applicable item number. If additional space is required, attach a separate sheet and identify your statements by their item numbers)*

**40. REMARKS** *(Continued)*

NOTE: Items 41a through 41g should be completed only if you are applying for nonservice-connected pension.

**INFORMATION CONCERNING, MEDICAL, LEGAL OR OTHER EXPENSES**

NOTE: Family medical expenses actually paid by you may be deductible from your income. Show the amount of unreimbursed medical expenses you paid for yourself or relatives you are under an obligation to support. Also, show medical, legal or other expenses you paid because of a disability for which civilian disability benefits have been awarded. When determining your income, we may be able to deduct them from the disability benefits for the year in which the expenses are paid. Do not include any expenses for which you were reimbursed. Show the Medicare deduction in line 1.

| 41A. AMOUNT PAID BY YOU | 41B. DATE PAID | 41C. PURPOSE (Doctor's fees, hospital charges, Attorney fees, etc.) | 41D. PAID TO (Name of doctor, hospital, pharmacy, Attorney, etc.) | 41E. DISABILITY OR RELATIONSHIP OF PERSON FOR WHOM EXPENSES PAID |
|---|---|---|---|---|
| | | | | |
| | | | | |

**41F. ARE YOU NOW A PATIENT IN A NURSING HOME?**
☐ YES *(If "Yes," please complete Item 41G)*
☐ NO

**41G. DOES MEDICAID COVER ALL OR PART OF YOUR NURSING HOME COSTS?**
☐ YES *(If "Yes," give the name and address of the nursing home below)*
☐ NO

NOTE: Filing of this application constitutes a waiver of military retired pay in the amount of any VA compensation to which you may be entitled. See instructions for Items 14A thru 14D inclusive, Retired Pay.

**DIRECT DEPOSIT INFORMATION**

All Federal payments made to a person who applied and became eligible for benefit payments after July 26, 1996, must be made by electronic funds transfer (EFT). This requirement cannot be waived by the VA unless you certify that you do not have an account with a financial institution or an authorized payment agent. VA payments to you will be made EFT unless you certify that you do not have an account with a financial institution or an authorized payment agent. Please attach a voided personal check or deposit slip or provide all of the following information:

**42. ACCOUNT NUMBER - PLEASE CHECK THE APPROPRIATE BOX AND PROVIDE THAT ACCOUNT NUMBER, IF APPLICABLE**
☒ CHECKING
☐ SAVINGS          ACCOUNT NUMBER     2214 5290

☐ I CERTIFY THAT I DO NOT HAVE AN ACCOUNT WITH A FINANCIAL INSTITUTION OR CERTIFIED PAYMENT AGENT

**43. NAME OF FINANCIAL INSTITUTION**
Wilmington Trust

**44. ROUTING OR TRANSIT NUMBER**

**CERTIFICATION AND AUTHORIZATION FOR RELEASE OF INFORMATION** - I CERTIFY THAT the forgoing statements are true and complete to the best of my knowledge and belief. I CONSENT THAT any physician, surgeon, dentist, or hospital that has treated or examined me for any purpose, or that I have consulted professionally, may furnish to the DEPARTMENT OF VETERANS AFFAIRS any information about myself, and I waive any privilege which renders such information confidential. DO YOU WANT TO HAVE MEDICAL AND OTHER INFORMATION ABOUT YOU INCLUDED IN THE "GULF WAR VETERANS HEALTH REGISTRY?" (See "GENERAL INSTRUCTIONS," paragraph K.) ☒ YES ☐ NO

**45A. DAYTIME TELEPHONE NO.** *(Include Area Code)*
302-834-3269

**45B. EVENING TELEPHONE NO.** *(Include Area Code)*
302-834-3269

**46. SIGNATURE OF CLAIMANT**

**47. DATE SIGNED**

**WITNESS TO SIGNATURE OF CLAIMANT IF MADE BY "X" MARK**

NOTE: Signature made by mark must be witnessed by two persons to whom the person making the statement is personally known. The signature and printed names and addresses of the witnesses must be shown.

**48A. SIGNATURE AND PRINTED NAME OF WITNESS**

**48B. ADDRESS OF WITNESS**

**49A. SIGNATURE AND PRINTED NAME OF WITNESS**

**49B. ADDRESS OF WITNESS**

**PENALTY** - The law provides severe penalties which include fine or imprisonment, or both, for the willful submission of any statement or evidence of a material fact, knowing it to be false, or for the fraudulent ___ which you are not entitled.

A17

**DEPARTMENT OF VETERANS AFFAIRS**
Medical and Regional Office Center
1601 Kirkwood Hwy
Wilmington DE  19805-4917

January 16, 2001

DAVID E JONES
P O BOX 165
DELAWARE CITY DE  19706

In Reply Refer To:  460/21/kml/016
**CSS 222 12 4185**
JONES, David E

Dear Mr. Jones:

We received your claim for the following:  *Compensation.*  We will be reviewing your claim to determine if we need additional information.  We will contact you when we finish this review.  At that time we will tell you specifically what you need to do to support your claim.

Based on the information you provided it appears you:

- Are filing a claim based on injury or disease which began in (or was made worse by) your military service.  We call this "compensation" or "service connected benefits."

Specifically, our review indicates you have filed a claim for:
- **Complications from an operation for hernia and scars at the Wilmington VA Medical Center**

**Additional Information Needed For Dependents**

An additional allowance for your dependents is payable if an award for service-connection of 30% or more is granted.  You did not complete all of the information on your claim form.  We need to know the **dates and places of your previous marriages** and the **dates and places of the terminations** of those marriages.  We need to know the **name of your current spouse** and the **date and place of your marriage** to her.  We also need to know the **dates of her prior marriages** and **dates of terminations of those marriages.** Please fill out the enclosed VA Form 686c "Declaration of Status of Dependents" with this information and return it to us.

**What Is Involved In The *Compensation* Claims Process?**

In order to complete your application for benefits we will:
- Review your claim for completeness, including:
   ⇒   Your VA Form 21-526
   ⇒   Any disabilities you claimed
   ⇒   When you report you were treated

A18

2

CSS 222 12 4185
Jones, David E

⇒        Any medical evidence you provided
- Determine what additional information we need to process your claim
- Schedule a VA Examination if appropriate
⇒        If we schedule you for an examination, the VA Medical Center will
            contact you to let you know when and where you should go for your
            appointment
- Obtain any medical records from VA Medical Centers
- Obtain any service records from the military if appropriate

It now takes us an average of 6 months to complete this type of claim.

## When You Will Hear From Us

*Gathering and reviewing evidence may take a long time. We know this is a long time to wait for an answer. We'll make every effort to complete your claim as soon as possible. In the meantime you will hear from us within approximately 60 days.*

## Who Will Manage My Case?

*Due to the complexity of the different programs we handle, more than one person will be working on your claim. This group is your Case Management Team. Your case has been assigned to Team B.* Members of Team B will keep you informed about what is happening with your claim and work with you to help gather the evidence we need. *To reach your case management team, call 1-800-827-1000, ask for the Wilmington VA Regional Office - Team B.* Any member of your team can answer your questions. If you are in doubt about what to do at any time, please contact your case management team. They will be happy to help you.

Sincerely yours,


C. T. KEENAN
Customer Service Division

Enclosure(s):  VA Form 21-686c

cc:  VVA

**DEPARTMENT OF VETERANS AFFAIRS**
Medical and Regional Office Center
1601 Kirkwood Hwy
Wilmington DE  19805-4917

January 24, 2001

In Reply Refer To:  460/21/aes
CSS 222 12 4185
JONES, D. E.

MR. DAVID E. JONES
PO BOX 165
DELAWARE CITY, DE 19706

Dear Mr. Jones:

This is in reference to your claim for additional disability due to VA treatment.

The law does provide for payment of benefits for disability resulting from VA surgical or medical treatment in certain cases. However, this benefit is not payable for either usual or unusual aftereffects of approved medical care properly administered, in the absence of a showing that the disability proximately resulted through carelessness, accident, negligence, lack of proper skill, error in judgment, or similar instances of indicated fault on the part of the VA.

Please use the enclosed form to state succinctly your contentions.  List the disability incurred by VA treatment, the exact dates of treatment and the location of the treatment. If drugs are involved please list the drug name, when and by whom it was prescribed and the condition it is used to treat.

This evidence, or information, should be furnished as soon as possible, preferably within 60 days. The evidence must be received in the Department of Veterans Affairs within one year from the date of this letter; otherwise, if entitlement is established, benefits may not be paid for any period prior to the date evidence is received.

Sincerely yours,

C. T. KEENAN
Customer Service Division

Enclosure(s):  VA Form 21-4138

cc:  VVA

jones4185.doc

A20

**DEPARTMENT OF VETERANS AFFAIRS**
Medical and Regional Office Center
1601 Kirkwood Hwy
Wilmington DE  19805-4917

June 13, 2001

MR. DAVID E. JONES
PO BOX 165
DELAWARE CITY, DE 19706

In Reply Refer To:  460/21/AES
CSS 222 12 4185
JONES, D. E.

Dear Mr. Jones:

This is in reference to your claim for disability due to VA hernia repair on 3-9-01..

We need the following evidence, or information, before we can act on your claim. Submit evidence of current additional disability due to the treatment.

This evidence, or information, should be furnished as soon as possible, preferably within 60 days. The evidence must be received in the Department of Veterans Affairs within one year from the date of this letter; otherwise, if entitlement is established, benefits may not be paid for any period prior to the date evidence is received.

Sincerely yours,

C. T. KEENAN
Service Center Manager

cc:  VVA

jones4185a.doc

A21

**DEPARTMENT OF VETERANS AFFAIRS**
Medical and Regional Office Center
1601 Kirkwood Hwy
Wilmington DE  19805-4917

September 10, 2001

DAVID E JONES
PO BOX 165
DELAWARE CITY DE 19706

In Reply Refer To:  460/21/EJT
CSS 222 12 4185
JONES, D E

Dear Mr. Jones:

We can take no further action on an **informal** claim for complications of your hernia operation performed at the VA Medical Center in Wilmington, DE.

In order to file a **formal** claim, you need to provide a **signed** application.  If you wish to do so, sign and return the enclosed application (VA Form 21-526) in item # 46.  Also, tell us the additional disability you claim has resulted from your VA treatment.  This evidence was requested by letters dated January 24, 2001 and June 13, 2001 (copies enclosed).

If you wish to file a formal claim, please send us the information we asked for as soon as you can.

If you have any questions, call us toll-free by dialing 1-800-827-1000.  Our TDD number for the hearing impaired is 1-800-829-4833.  *If you call, please have this letter with you.*

You have appointed the **Vietnam Veterans of America** service organization as your representative for claims before VA.  The Vietnam Veterans of America representative located in the VA Regional office in Wilmington, DE can be reached at (302) 633-5357 or 1-800-461-8262 extension 5357.

Sincerely yours,

C. T. KEENAN
Service Center Manager

cc:  VVA

A22

Vietnam Veterans of Amet
VA Regional Office
1601 Kirkwood Highway
Wilmington, DE 19805

Terry Baker
National Service Representative
633-5357 or
994-2511, ext.357

Gail Rando
VSO

TO: _Adjudication_____

FROM: _VVA_____

RE: _Jones, David E._____

C#: _____

SS#: _222  12  4185-7@ 11-18_____

DATE: _09-17-2001_____

RECEIVED
SEP 17 2001
VET SERVICES DIV.
VAMROIC 460

We submit for your consideration, claim for benefits based upon service of the above-named veteran together with supporting evidence as indicated below, for your attention and necessary action.

☐ 1-9
☐ 1-646
☐ 10-10
☐ 10-1394
☐ 21-509
☑ 21-526  Resubmission
☐ 21-527
☐ 21-530
☐ 21-534
☐ 21-535
☐ 21-601
☐ 21-651
☐ 21-686C
☐ 21-2680

☐ 21-4100
☑ 21-4138
☐ 21-4502
☐ 21-4555
☐ 21-6749
☐ 21-6875
☐ 21-6876
☐ 21-6897
☐ 21-8416a
☐ 22-1900
☐ 22-1990
☐ 21-22
☐ 26-1880
☐ 572

☐ Marriage Certificate
☐ Divorce Decree
☐ Death Certificate
☐ Birth Certificate
☐ DD214
☐ Medical Statement
☐ Funeral Statement
☐ Receipted Statement
☐ Notice of Disagreement
☐ _____
☐ _____
☐ _____
☐ _____
☐ _____

Remarks: _____  1151 claim  _____

A23





September 17, 2001

Adjudication Officer
Veterans Administration Regional Office
1601 Kirkwood Highway
Wilmington, DE  19805

RE:  Jones, David E.
C:    222 12 4185

Dear Sir or Madam:

Attached please find the signed VA Form 21-526 for the above-named veteran.
Mr. Jones has answered your request for information in question #17, page 7
of the document. Thank you.

This veteran is receiving treatment at the Wilmington, DE VAMC.

We request that the VA continue to process this claim and develop evidence that would
support this veteran's application for benefits as required by 38 C.F.R. 3.103.  We also
request that we be notified when such development has been completed and that we be sent a
copy of the results of such development as is the veteran's right under the Privacy Act.

If you decide the information in this claim does not establish a reasonable probability of a
valid claim, please notify the veteran immediately so that we will know to file a Notice of
Disagreement.

As required by 38 C.F.R. 3.102, please give this veteran any benefit of the doubt that may
arise at any point in his/her case.

Sincerely,

Gail B. Rando

/Gail B. Rando
Veterans Service Officer
Vietnam Veterans of America, Inc.

**A Not For Profit Service Organization**
**1601 Kirkwood Hwy. Wilmington, DE 19805**
**Phone: 302-633-5415  Email: bakfield@aol.com**

A24

OMB Approved No. 2900-0001
Respondent Burden: 2 hours

| VA Department of Veterans Affairs | VETERAN'S APPLICATION FOR COMPENSATION OR PENSION |

**IMPORTANT: Read attached General and Specific Instructions before completing this form. Type, print, or write plainly.**

(DO NOT WRITE IN THIS SPACE)
VA DATE STAMP

1A. FIRST, MIDDLE, LAST NAME OF VETERAN
DAVID EDWARD JONES

1B. TELEPHONE NO. *(Include Area Code)*
302-834-3269

1C. IF YOU SERVED UNDER ANOTHER NAME, GIVE NAME AND PERIOD DURING WHICH YOU SERVED AND SERVICE NUMBER

3A. VETERAN'S SOCIAL SECURITY NO.
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

2. MAILING ADDRESS OF VETERAN *(Number and street or rural route, city or P.O., and ZIP Code)*
PO BOX 165 DE. CITY DE. 19706

3B. SPOUSE'S SOCIAL SECURITY NO.
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

RESP...
REC...
DEC 18...
DEC 1...
ADJUDICATIO...
ADM WM & DE 460/21
WILM. DE 4...

| 4. DATE OF BIRTH 3-19-31 | 5. PLACE OF BIRTH DE. | 6. SEX ☒ MALE ☐ FEMALE | 7. RAILROAD RETIREMENT NO. |

8. HAVE YOU EVER FILED A CLAIM FOR COMPENSATION FROM THE OFFICE OF WORKERS' COMPENSATION PROGRAMS? *(Formerly the U.S. Bureau of Employee's Compensation)*
☐ YES  ☒ NO

9A. VA FILE NUMBER

9B. HAVE YOU PREVIOUSLY FILED A CLAIM FOR ANY BENEFIT WITH VA
☒ NONE
☐ HOSPITALIZATION OR MEDICAL CARE
☐ DISABILITY COMPENSATION OR PENSION
☐ VOCATIONAL REHABILITATION
☐ VETERANS EDUCATIONAL ASSISTANCE
☐ DEPENDENTS EDUCATIONAL ASSISTANCE
☐ DENTAL OR OUTPATIENT
☐ WAIVER OF NSLI PREMIUMS
☐ OTHER *(Specify)*

9C. VA OFFICE HAVING YOUR RECORDS

## SERVICE

**NOTE** Enter complete information for each period of active duty. Attach DD Form 214 or other separation papers for all periods of active duty to expedite processing of your claim. If you do NOT have your DD Form 214 or other separation papers check ( X ) here ☐

| 10A. ENTERED ACTIVE SERVICE | | 10B. SERVICE NO. | 10C. SEPARATED FROM ACTIVE SERVICE | | 10D. GRADE, RANK OR RATING, ORGANIZATION OR BRANCH OF SERVICE |
| DATE | PLACE | | DATE | PLACE | |
| 1/28/52 | | 52183037 | 11/19/53 | | ARMY |

| 10E. HAVE YOU EVER BEEN A PRISONER OF WAR? ☐ YES ☒ NO *(If "YES," complete Items 10F and 10G)* | 10F. NAME OF COUNTRY | 10G. DATES OF CONFINEMENT |

## RESERVE AND NATIONAL GUARD

**NOTE:** Enter complete information for each period of Reserve and National Guard Service. Attach any separation papers you have.

| 11A. ENTERED SERVICE | | 11B. SERVICE NO. | 11C. SEPARATED FROM SERVICE | | 11D. GRADE, RANK OR RATING ORGANIZATION OR BRANCH OF SERVICE |
| DATE | PLACE | | DATE | PLACE | |
| 11/19/53 | | US52183037 | 1955 | | NATIONAL GUARD |

12. IF DISABILITY OCCURRED DURING ACTIVE OR INACTIVE DUTY FOR TRAINING, GIVE BRANCH OF SERVICE AND DATE OF OCCURRENCE

| 13A. IF YOU ARE NOW A MEMBER OF THE RESERVE FORCES OR NATIONAL GUARD GIVE THE BRANCH OF SERVICE | 13B. RESERVE STATUS ☐ ACTIVE ☐ INACTIVE ☐ RESERVE OBLIGATION | 13C. RESERVE OR NATIONAL GUARD UNIT ADDRESS |

| 14A. ARE YOU NOW RECEIVING OR WILL YOU RECEIVE RETIREMENT OR RETAINER PAY FROM THE ARMED FORCES? ☐ YES ☒ NO *(If "YES," complete Items 14B,14C and 14D)* | 14B. BRANCH OF SERVICE | 14C. MONTHLY AMOUNT $ | 14D. RETIRED STATUS ☐ PERMANENT ☐ TEMPORARY DISABILITY RETIRED LIST |

| 15A. HAVE YOU EVER APPLIED FOR OR RECEIVED DISABILITY SEVERANCE PAY FROM THE ARMED FORCES? ☐ YES ☒ NO *(If "YES," complete Item 15B)* | 15B. AMOUNT $ | 16A. HAVE YOU RECEIVED LUMP SUM READJUSTMENT OR SEPARATION PAY FROM THE ARMED FORCES? ☐ YES ☒ NO *(If "YES," complete Item 16B)* | 16B. AMOUNT $ |

## NATURE AND HISTORY OF DISABILITIES

17. NATURE OF SICKNESS, DISEASE OR INJURIES FOR WHICH THIS CLAIM IS MADE AND DATE EACH BEGAN
s/c disability for complications from operation received at VAMC, Jan. 2000 Wilmington for hernia operation + scars

| 18A. ARE YOU NOW OR HAVE YOU BEEN HOSPITALIZED OR FURNISHED DOMICILIARY CARE WITHIN THE PAST 3 MONTHS? ☐ YES ☒ NO *(If "YES," complete Items 18B And 18C)* | 18B. DATES OF HOSPITALIZATION OR DOMICILIARY CARE | 18C. NAME AND ADDRESS OF INSTITUTION |

RECEIVED

YOU MUST SIGN AND DATE THIS FORM AT THE BOTTOM OF PAGE 11

VET SERVICES DIV.
VAMROC LEG    DOC: 3-13-00

NOTE: IF YOU RECEIVED ANY TREATMENT WHILE IN SERVICE, COMPLETE THE FOLLOWING INFORMATION
(ATTACH TO THIS APPLICATION COPIES OF ANY SERVICE MEDICAL RECORDS YOU HAVE)

| 19A. NATURE OF SICKNESS, DISEASE, OR INJURY | 19B. TREATMENT DATES | | 19C. NAME, NUMBER OR LOCATION OF HOSPITAL, FIRST-AID STATION, DRESSING STATION, OR INFIRMARY | 19D. ORGANIZATION/UNIT AT TIME SICKNESS, DISEASE, OR INJURY WAS INCURRED |
|---|---|---|---|---|
| | BEGINNING DATE | ENDING DATE | | |
| | | | | |
| | | | | |

20. LIST CIVILIAN PHYSICIANS AND HOSPITALS WHERE YOU WERE TREATED FOR ANY SICKNESS, INJURY OR DISEASE FOR WHICH YOU ARE CLAIMING SERVICE CONNECTION BEFORE, DURING, OR SINCE YOUR SERVICE, AND ANY MILITARY HOSPITALS SINCE YOUR LAST DISCHARGE

| A. NAME | B. PRESENT ADDRESS | C. DISABILITY | D. DATE |
|---|---|---|---|
| | | | |
| | | | |

21. LIST PERSONS OTHER THAN PHYSICIANS WHO KNOW ANY FACTS ABOUT SICKNESS, DISEASE, OR INJURY SHOWN IN ITEM 19A, WHICH YOU HAD BEFORE, DURING, OR SINCE YOUR SERVICE

| A. NAME | B. PRESENT ADDRESS | C. DISABILITY | D. DATE |
|---|---|---|---|
| | | | |
| | | | |

**IF YOU CLAIM TO BE TOTALLY DISABLED (Complete Items 22A through 25E)**

| 22A. ARE YOU NOW EMPLOYED? | 22B. IF YOU WERE SELF-EMPLOYED BEFORE BECOMING TOTALLY DISABLED, WHAT PART OF THE WORK DID YOU DO? |
|---|---|
| ☐ YES ☒ NO | |

| 22C. DATE YOU LAST WORKED | 22D. IF YOU ARE STILL SELF-EMPLOYED WHAT PART OF THE WORK DO YOU DO NOW? |
|---|---|
| Nov. 1999 | |

23A. EDUCATION (Circle highest year completed)

1 2 3 4 5 6 7 8     1 2 3 4     1 2 3 4
(GRADE SCHOOL)    ( HIGH SCHOOL)    (COLLEGE)

23B. NATURE OF AND TIME SPENT IN OTHER EDUCATION AND TRAINING

**LIST ALL YOUR EMPLOYMENT, INCLUDING SELF-EMPLOYMENT, SINCE YOU BECAME TOTALLY DISABLED**

| 24A. NAME AND ADDRESS OF EMPLOYER | 24B. KIND OF WORK | 24C. MONTHS WORKED | 24D. TIME LOST FROM ILLNESS | 24E. TOTAL EARNINGS |
|---|---|---|---|---|
| | | | | |
| | | | | |

**LIST ALL YOUR EMPLOYMENT, INCLUDING SELF-EMPLOYMENT, FOR ONE YEAR BEFORE YOU BECAME TOTALLY DISABLED**

| 25A. NAME AND ADDRESS OF EMPLOYER | 25B. KIND OF WORK | 25C. MONTHS WORKED | 25D. TIME LOST FROM ILLNESS | 25E. TOTAL EARNINGS |
|---|---|---|---|---|
| | | | | |
| | | | | |

**MARITAL AND DEPENDENCY INFORMATION**

| 26A. MARITAL STATUS (If widowed or divorced, complete Items 26C and 29A through 29D only) | 26B. SPOUSE'S BIRTH DATE |
|---|---|
| ☒ MARRIED ☐ WIDOWED ☐ DIVORCED ☐ NEVER MARRIED (If so, do not complete Items 26B through 30D) | 2/4/41 |

| 26C. NUMBER OF TIMES YOU HAVE BEEN MARRIED | 26D. NUMBER OF TIMES YOUR PRESENT SPOUSE HAS BEEN MARRIED | 26E. IS YOUR SPOUSE ALSO A VETERAN? | 26F. SPOUSE'S VA FILE NO. (If any) |
|---|---|---|---|
| 7 | 3 | ☐ YES ☒ NO (If "Yes," complete Item 26F) | C- |

| 27A. DO YOU LIVE TOGETHER? | 27B. REASON FOR SEPARATION (For example, marital problems, job requirements, health, etc.) | 27C. PRESENT ADDRESS OF SPOUSE |
|---|---|---|
| ☒ YES ☐ NO | | |

27D. AMOUNT YOU CONTRIBUTE TO YOUR SPOUSE'S SUPPORT MONTHLY

$

28. CHECK ( X ) WHETHER YOUR CURRENT MARRIAGE WAS PERFORMED BY:
☒ CLERGYMAN OR AUTHORIZED PUBLIC OFFICIAL    ☐ OTHER (Explain)

**YOU MUST SIGN AND DATE THIS FORM AT THE BOTTOM OF PAGE 11**

## MARITAL AND DEPENDENCY INFORMATION *(Continued)*

**NOTE: Furnish the following information about each of your marriages. Where a date is requested, show month, day, and year. Where a place is requested, show city and state (Complete Items 29A thru 30D)**

| 29A. DATE AND PLACE OF MARRIAGE | 29B. TO WHOM MARRIED | 29C. TERMINATED *(Death, Divorce)* | 29D. DATE AND PLACE TERMINATED |
|---|---|---|---|
| | | | |
| | | | |

*FURNISH THE FOLLOWING INFORMATION ABOUT EACH PREVIOUS MARRIAGE OF YOUR PRESENT SPOUSE*

| 30A. DATE AND PLACE OF MARRIAGE | 30B. TO WHOM MARRIED | 30C. TERMINATED *(Death, Divorce)* | 30D. DATE AND PLACE TERMINATED |
|---|---|---|---|
| 56 -76 Mich. | Howard Ellis | Divorce | Mich |
| 76 - 96 Maryland | Albert Ayers | Divorce | DE. |

## IDENTIFICATION OF CHILDREN AND INFORMATION RELATIVE TO CUSTODY

**NOTE: Furnish the following information for each of your unmarried children (Complete Items 31A thru 31H)**

| 31A. NAME OF CHILD *(First, middle initial, last)* | 31B. DATE OF BIRTH *(Month, day, year)* | 31C. PLACE OF BIRTH *(City, State)* | 31D. SOCIAL SECURITY NUMBER OF CHILD | 31E. CHECK EACH APPLICABLE CATEGORY | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | MARRIED PREVIOUSLY | STEPCHILD OR ADOPTED | ILLEGITIMATE | OVER 18 ATTENDING SCHOOL | SERIOUSLY DISABLED |
| | | | | | | | | |

| 31F. NAME(S) OF ANY CHILD(REN) NOT IN YOUR CUSTODY | 31G. NAME AND ADDRESS OF PERSON HAVING CUSTODY | 31H. MONTHLY AMOUNT YOU CONTRIBUTE TO CHILD'S SUPPORT |
|---|---|---|
| | | $ |

## INFORMATION RELATING TO DEPENDENT PARENT(S) AND NEAREST RELATIVE

| 32A. IS YOUR FATHER DEPENDENT UPON YOU FOR SUPPORT? ☐ YES ☐ NO *(If "Yes," complete Item 32B)* | 32B. NAME AND ADDRESS OF DEPENDENT FATHER | 32C. IS YOUR MOTHER DEPENDENT UPON YOU FOR SUPPORT? ☐ YES ☐ NO *(If "Yes," complete Item 32D)* |
|---|---|---|

| 32D. NAME AND ADDRESS OF DEPENDENT MOTHER | 32E. NAME AND ADDRESS OF NEAREST RELATIVE | 32F. RELATIONSHIP OF NEAREST RELATIVE |
|---|---|---|

## NET WORTH OF VETERANS AND DEPENDENTS

**NOTE: Items 33A through 33D should be completed ONLY if you are applying for nonservice-connected pension.**

| ITEM NO. | SOURCE | AMOUNTS | | | | |
|---|---|---|---|---|---|---|
| | | VETERAN | SPOUSE | NAME OF CHILD(REN) | | |
| 33A. | STOCKS, BONDS, BANK DEPOSITS | $ | $ | $ | $ | $ |
| 33B. | REAL ESTATE | | | | | |
| 33C. | OTHER PROPERTY | | | | | |
| 33D. | TOTAL NET WORTH | $ | $ | $ | $ | $ |

## INCOME RECEIVED AND EXPECTED FROM ALL SOURCES

| 34A. HAVE YOU OR YOUR SPOUSE APPLIED FOR OR ARE YOU RECEIVING ANY BENEFITS FROM THE SOCIAL SECURITY ADMINISTRATION (OTHER THAN SSI) OR RAILROAD RETIREMENT BOARD? ☐ YES ☐ NO *(If "Yes," complete Items 34B through 34F)* | 34B. MONTHLY AMOUNT *(Include Medicare Deduction)* | 34C. BEGINNING DATE | 34D. DATE YOU EXPECT BENEFITS TO BEGIN |
|---|---|---|---|
| | VETERAN $ | | |
| | SPOUSE $ | | |

| 34E. WILL YOU OR YOUR SPOUSE APPLY FOR EITHER BENEFIT DURING THE NEXT 12 MONTHS? ☐ YES ☐ NO | 34F. DATE OF INTENTION TO APPLY | |
|---|---|---|
| | VETERAN | SPOUSE |

**35A. HAVE YOU OR YOUR SPOUSE APPLIED FOR OR ARE YOU RECEIVING OR ENTITLED TO RECEIVE ANNUITY OR RETIREMENT BENEFITS OR ENDOWMENT INSURANCE FROM ANY OTHER SOURCE?** ☐ YES ☐ NO *(If "YES," complete Items 35B through 35E)*

### YOU MUST SIGN AND DATE THIS FORM AT THE BOTTOM OF PAGE 11

**INCOME RECEIVED AND EXPECTED FROM ALL SOURCES** *(Continued)*

| | 35B. MONTHLY AMOUNT | 35C. BEGINNING DATE | 35D. DATE OF INTENTION TO APPLY | 35E. SOURCE OF BENEFITS |
|---|---|---|---|---|
| VETERAN | $ | | | |
| SPOUSE | $ | | | |

**VETERAN'S AND DEPENDENTS'MONTHLY INCOME**

**NOTE: For each source report gross monthly amount, including deductions, for each family member.**

| ITEM NO. | SOURCE OF MONTHLY INCOME | AMOUNTS *(If none, write "NONE" or "0")* | | | | |
|---|---|---|---|---|---|---|
| | | VETERAN | SPOUSE | NAME OF CHILD/REN | | |
| 36A. | SOCIAL SECURITY | $ | $ | $ | $ | $ |
| 36B. | U.S. CIVIL SERVICE | | | | | |
| 36C. | U.S. RAILROAD RETIREMENT | | | | | |
| 36D. | MILITARY RETIREMENT | | | | | |
| 36E. | BLACK LUNG BENEFIT | | | | | |
| 36F. | SUPPLEMENTAL SECURITY/PUBLIC ASSIST. | | | | | |
| 36G. | ALL OTHER MONTHLY INCOME *(Specify Source)* | | | | | |

**VETERAN'S AND DEPENDENTS' OTHER INCOME** *(If none, write "NONE" OR "0")*

**NOTE: Please provide the amount of annual income or one-time nonrecurring income (specify source) for the 12 month period preceding the date the claim is filed with the Department of Veterans Affairs.**

| 37A. | TOTAL WAGES | | | | | |
|---|---|---|---|---|---|---|
| 37B. | TOTAL INTEREST AND DIVIDENDS | | | | | |
| 37C. | ALL OTHER INCOME *(Specify Source)* | | | | | |

**NOTE: Please provide the amount of expected annual income or one-time nonrecurring income (specify source) for the 12 month period following the date the claim is filed with the Department of Veterans Affairs.**

| 38A. | TOTAL WAGES | | | | | |
|---|---|---|---|---|---|---|
| 38B. | TOTAL INTEREST AND DIVIDENDS | | | | | |
| 38C. | ALL OTHER INCOME *(Specify Source)* | | | | | |

| 39A. | GROSS AMOUNT OF FINAL PAY RECEIVED |
|---|---|
| | $ |

| 39B. | DATE FINAL PAY WAS RECEIVED |
|---|---|

40. REMARKS *(Identify your statements by their applicable item number. If additional space is required, attach a separate sheet and identify your statements by their item numbers)*

40. REMARKS *(Continued)*

**NOTE: Items 41a through 41g should be completed only if you are applying for nonservice-connected pension.**

INFORMATION CONCERNING, MEDICAL, LEGAL OR OTHER EXPENSES

**NOTE: Family medical expenses actually paid by you may be deductible from your income.  Show the amount of unreimbursed medical expenses you paid for yourself or relatives you are under an obligation to support.  Also, show medical, legal or other expenses you paid because of a disability for which civilian disability benefits have been awarded.  When determining your income, we may be able to deduct them from the disability benefits for the year in which the expenses are paid.  Do not include any expenses for which you were reimbursed.  Show the Medicare deduction in line 1.**

| 41A. AMOUNT PAID BY YOU | 41B. DATE PAID | 41C. PURPOSE *(Doctor's fees, hospital charges, Attorney fees, etc.)* | 41D. PAID TO *(Name of doctor, hospital, pharmacy, Attorney, etc.)* | 41E. DISABILITY OR RELATIONSHIP OF PERSON FOR WHOM EXPENSES PAID |
|---|---|---|---|---|
| | | | | |
| | | | | |

41F. ARE YOU NOW A PATIENT IN A NURSING HOME?

☐ YES    *(If "Yes," please complete Item 41G)*

☐ NO

41G. DOES MEDICAID COVER ALL OR PART OF YOUR NURSING HOME COSTS?

☐ YES    *(If "Yes," give the name and address of the nursing home  below)*

☐ NO

**NOTE: Filing of this application constitutes a waiver of military retired pay in the amount of any VA compensation to which you may be entitled.  See instructions for Items 14A thru 14D inclusive, Retired Pay.**

DIRECT DEPOSIT INFORMATION

**All Federal payments made to a person who applied and became eligible for benefit payments after July 26, 1996, must be made by electronic funds transfer (EFT).  This requirement cannot be waived by the VA unless you certify that you do not have an account with a financial institution or an authorized payment agent.  VA payments to you will be made EFT unless you certify that you do not have an account with a financial institution or an authorized payment agent.  Please attach a voided personal check or deposit slip or provide all of the following information:**

42. ACCOUNT NUMBER - PLEASE CHECK THE APPROPRIATE BOX AND PROVIDE THAT ACCOUNT NUMBER, IF APPLICABLE

☒ CHECKING

☐ SAVINGS    ACCOUNT NUMBER  2214 5290

☐ I CERTIFY THAT I DO NOT HAVE AN ACCOUNT WITH A FINANCIAL INSTITUTION OR CERTIFIED PAYMENT AGENT

43. NAME OF FINANCIAL INSTITUTION

WILMINGTON TRUST

44. ROUTING OR TRANSIT NUMBER

**CERTIFICATION AND AUTHORIZATION FOR RELEASE OF INFORMATION** - I CERTIFY THAT the forgoing statements are true and complete to the best of my knowledge and belief.  **I CONSENT THAT** any physician, surgeon, dentist, or hospital that has treated or examined me for any purpose, or that I have consulted professionally, may furnish to the DEPARTMENT OF VETERANS AFFAIRS any information about myself, and I waive any privilege which renders such information confidential.  DO YOU WANT TO HAVE MEDICAL AND OTHER  INFORMATION ABOUT YOU INCLUDED IN THE "GULF WAR VETERANS HEALTH REGISTRY?" (See "GENERAL INSTRUCTIONS," paragraph K.)    ☒ YES  ☐ NO

45A. DAYTIME TELEPHONE NO. *(Include Area Code)*

302-834-3269

45B. EVENING TELEPHONE NO. *(Include Area Code)*

302-834-3269

46. SIGNATURE OF CLAIMANT

*David E. Long*

47. DATE SIGNED

09-17-2001

WITNESS TO SIGNATURE OF CLAIMANT IF MADE BY "X" MARK

NOTE: Signature made by mark must be witnessed by two persons to whom the person making the statement is personally known. The signature and printed names and addresses of the witnesses must be shown.

48A. SIGNATURE AND PRINTED NAME OF WITNESS

48B. ADDRESS OF WITNESS

49A. SIGNATURE AND PRINTED NAME OF WITNESS

49B. ADDRESS OF WITNESS

**PENALTY** - The law provides severe penalties which include fine or imprisonment, or both, for the willful submission of any statement or evidence of a material fact, knowing it to be false, or for the fraudulent acceptance of any payment to which you are not entitled.

A29

**DEPARTMENT OF VETERANS AFFAIRS**
Medical and Regional Office Center
1601 Kirkwood Hwy
Wilmington DE 19805-4917

MAR 22 2002

DAVID E JONES
P O BOX 165
DELAWARE CITY DE 19706

In Reply Refer To:
460/21/kml/080
**CSS 222 12 4185**
JONES, D E

Dear Mr. Jones:

We made a decision on your claim for service connected compensation received on
March 13, 2000.

This letter tells you what we decided. It includes a copy of our rating decision that gives the
evidence used and reasons for our decision. We have also included information about what to do
if you disagree with our decision, and who to contact if you have questions or need assistance.

## What Did We Decide?

We determined that the following conditions were not related to your military service, so
service connection couldn't be granted:

| Description |
|---|
| **PO, residuals hernia repair** |
| **Scars** |

We have enclosed a copy of your Rating Decision for your review. It provides a detailed
explanation of our decision, the evidence considered and the reasons for our decision. You
can find the decision discussed in the section titled *"Decision."* The evidence we considered
is discussed in the section titled *"Evidence."* The reasons for our decision can be found in the
portion of the rating titled *"Reasons for Decision"* or *"Reasons and Bases."*

## What You Should Do If You Disagree With Our Decision.

If you do not agree with our decision, you should write and tell us why. You have *one year
from the date of this letter to appeal the decision.* The enclosed *VA Form 4107, "Your Rights
to Appeal Our Decision,"* explains your right to appeal.

## Do You Have Questions Or Need Assistance?

If you have any questions or need assistance with this claim, please call us at 1-800-827-1000.
If you use a Telecommunications Device for the Deaf (TDD), the number is 1-800-829-4833.

2

CSS 222 12 4185
Jones, D E

If you call, please refer to your VA file number 222 12 4185. If you write to us, put your full name and VA file number on the letter. Please send all correspondence to the address at the top of this letter. You can visit our web site at www.va.gov for more information about veterans' benefits.

We sent a copy of this letter to the VVA because you appointed them as your representative. If you have questions or need assistance, you can also contact them.

Sincerely yours,

C. T. KEENAN
Service Center Manager

Enclosure(s):  Rating Decision
              VA Form 4107

cc:  VVA



### DEPARTMENT OF VETERANS AFFAIRS
**Wilmington VAM & ROC**
**1601 Kirkwood HIghway**
**Wilmington, DE 19805**

**David E. Jones**

**VA File Number**
**222 12 4185**

**Represented by:**
**VIETNAM VETERANS OF AMERICA**

**Rating Decision**
**March 18, 2002**

### INTRODUCTION

David Jones is a Korean Conflict veteran.  He served in the Army from January 28, 1952 to November 19, 1953.  He filed an original disability claim on March 13, 2000.

### DECISION

1 . Service connection for PO, residuals hernia repair is denied.

2 . Service connection for scars is denied.

David E. Jones
Page 2

## EVIDENCE

- Letters sent to veteran dated January 24, 2001 and April 23, 2001
- Treatment Reports, VAMC Wilmington, from October 15, 1999 through May 11, 2001

## REASONS FOR DECISION

### 1. Service connection for PO, residuals hernia repair.

**FACTS:** Treatment Reports, VAMC Wilmington, from October 15, 1999 through May 11, 2001 show veteran underwent an umbilical hernia repair on January 11, 2000. Veteran subsequently suffered a small bowel obstruction and underwent an exploratory laparotomy one week later. Treatment note dated March 16, 2000 notes wound healed.

Letters sent to veteran dated January 24, 2001 and April 23, 2001 dated requesting specific information on the disability he is claiming. Veteran failed to respond.

**ANALYSIS:** Service connection for PO, residuals hernia repair is denied because the medical evidence of record fails to show that a disability has been clinically diagnosed.

### 2. Service connection for scars.

**FACTS:** Treatment Reports, VAMC Wilmington, from October 15, 1999 through May 11, 2001 show veteran underwent an umbilical hernia repair on January 11, 2000. Veteran subsequently suffered a small bowel obstruction and underwent an exploratory laparotomy one week later. Treatment note dated March 16, 2000 noted the wound healed.

Letters sent to veteran dated January 24, 2001 and April 23, 2001 dated r[...] specific information on the disability he is claiming. Veteran failed to resp[...]

**ANALYSIS:** Service connection for scars is denied because the medical evidence of record fails to show that a disability has been clinically diagnosed.

**REFERENCES:** Title 38 of the Code of Federal Regulations, Pensions, Bonuses and Veterans' Relief contains the regulations of the Department of Veterans Affairs which govern entitlement to all veteran benefits. For additional information regarding applicable laws and regulations, please consult your local library, or visit us at our web site, www.va.gov.

A33

| Rating Decision | Department of Veterans Affairs<br>Wilmington VAM & ROC | | Page 1<br>03/18/2002 |
|---|---|---|---|
| NAME OF VETERAN<br>David E. Jones | VA FILE NUMBER<br>222 12 4185 | SOCIAL SECURITY NR<br>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 | POA<br>VIETNAM VETERANS<br>OF AMERICA | COPY TO |

| ACTIVE DUTY | | | |
|---|---|---|---|
| EOD | RAD | BRANCH | CHARACTER OF DISCHARGE |
| 01/28/1952 | 11/19/1953 | Army | Honorable |

| LEGACY CODES | | | |
|---|---|---|---|
| ADD'L SVC<br>CODE | COMBAT<br>CODE | SPECIAL<br>PROV CDE | FUTURE EXAM<br>DATE |
| | 1 | | NONE |

**JURISDICTION:** Original Disability Claim Received 03/13/2000

**NOT SERVICE CONNECTED/NOT SUBJECT TO COMPENSATION (8.NSC Korean Conflict)**

7338          PO. RESIDUALS HERNIA REPAIR
              Not Service Connected, No Diagnosis


7804          SCARS
              Not Service Connected, No Diagnosis


G. J. DAVIS, Rating Specialist                    A. E. SMITH, Rating Specialist, CHMN

A34

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| See Attachment 1<br><br>Medical Center 2nd Floor University & Woodland Ave. Philadelphia, PA 19104 | David E. Jones<br><br>P.O. Box 165<br>Delaware City, DE 19706 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 03/19/31 | married | 01/12/00 | unknown |

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Claimant was operated on at VAMC Wilmington, DE, for repair of inguinal hernia on 12 January 2000 and discharged same day. On 14 January 2000, claimant was taken by ambulance after vomiting feces to VAMC Wilmington for emergency treatment. Emergency repair done to remove bowel obstruction on 15 January 2000. Surgical wound became infected rquiring return to VAMC Wilmington on 14 Feb 2000. Claimant after recuperation was unable to return to work in 2001 due to pain tenderness midline abdomen from surgery

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

David E. Jones & Hellyn Jones husband & wife
1 Warfel Dr., Delaware City, DE 19701

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

See 9. in Addendum

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See 10. in Addendum

| 11. | | WITNESSES | |
|---|---|---|---|
| NAME | | ADDRESS (Number, street, city, State, and Zip Code) | |
| Vickei L. Snyder | | 135 Bellanca Lane<br>New Castle, DE 19720 | |

| 12. (See instructions on reverse) | | AMOUNT OF CLAIM (In dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| $2,400.00 | $600,000.00 | | $602,400.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 14. DATE OF CLAIM |
|---|---|
| *David E. Jones* | May 31, 2003 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.
Designed using Perform Pro, WHS/D10R, Jun 96

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et sec., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS
### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
   Civil Division
   U.S. Department of Justice
   Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 15. Do you carry accident insurance? | ☐ Yes, If yes, give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. | ☒ No |
| --- | --- | --- |

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
| --- | --- |

| 18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*) |
| --- |

| 19. Do you carry public liability and property damage insurance? ☒ Yes, If yes, give name and address of insurance company (*Number, street, city, State, and Zip Code*) | ☐ No |
| --- | --- |

Nationwide Ins. Co
910 Basin Rd., New Castle, DE `19720

A36

SF 95 (Rev. 7-85) BACK

# Addendum

Attachment 1

Office of Regional Counsel(642/02) Dept. of Veterans Affairs

9. Property Damage

replacement of carpet, bedding & mattress in master bedroom due to claimant's vomiting fecal matter from 1-12 to 1-14 2000

10. Personal Injury/Wrongful Death

Claimant's hernia repair was negligently performed. A portion of his small intestine was perforated and stitched to the wall of his abdomen, leading to infection and emergency surgery to restore bowel functions. Claimant was seriously and permanently disabled and unable to work at hsi occupation: long distance truck driver. Claimant cannot work due to pain and tenderness over area of surgery which prevents him from wearing a standars seatblet; frequent unination secondary to surgical infections noted also precludes substantial gainful employment.

## STATEMENT IN SUPPORT OF CLAIM

I. WITNESSES TO INCIDENT:

A. LAY WITNESSES

1. Mrs. Helyn Jones, wife of veteran
   1 Warfel Dr.
   Delaware City, DE 19705

2. Vicky L. Snider, daughter of veteran
   135 Bellanca Lane
   New Castle, DE 19720

B. CIVILIAN MEDICAL EXPERTS

1. Dr. David Bestwick, M.D. gastroenterologist
   Medical Arts Pavillion Suite 134
   4745 Ogletown-Stanton Rd.
   Newark, DE 19713

2. Dr. Phyllis James, M.D.
   612 Ferry Cut Off
   New Castle, DE 19720

3. Dr. Michael Kaplan, M.D, opthamologist
   Rt 273 Christiana Rd.
   New Castle, DE 19720

C. VAMC MEDICAL PERSONNEL

1. Dr. Joshua Eisenberg, M.D.
   VAMC Wilmington, Delaware
   1601 Kirkwood Highway
   Wilmington, DE 19805

2. Dr. Kewmars Dadmarz
   VAMC Wilmington, Delaware
   1601 Kirkwood Highway
   Wilmington, DE 19805

3. Dr. Bernadette Profeta, M.D.
   VAMC Wilmington, Delaware
   1601 Kirkwood Highway
   Wilmington, DE 19805

4. Dr. Claude P. Lieber, M.D.
   VAMC Wilmington, Delaware
   1601 Kirkwood Highway
   Wilmington, DE 19805

5. Dr. L. Benjamin Simmons, M.D.
   VAMC Wilmington, Delaware
   1601 Kirkwood Highway
   Wilmington, DE 19805

6. Dr. Tanmay Lal, M.D., resident
   VAMC Wilmington, Delaware
   1601 Kirkwood Highway
   Wilmington, DE 19805

7. Dr. Ilia Zeltser, M.D., resident
   VAMC Wilmington, Delaware
   1601 Kirkwood Highway
   Wilmington, DE 19805

8. Jennifer Hess, medical student
   VAMC Wilmington, Delaware
   1601 Kirkwood Highway
   Wilmington, DE 19805

9. Kate Fronheiser, Surgery Student
   VAMC Wilmington, Delaware
   1601 Kirkwood Highway
   Wilmington, DE 19805

10. David Rappaport, medical student
    VAMC Wilmington, Delaware
    1601 Kirkwood Highway
    Wilmington, DE 19805

11. Beverly Pottiinger, RN
    VAMC Wilmington, Delaware
    1601 Kirkwood Highway
    Wilmington, DE 19805

12. Deborah Squadrito, RN
    VAMC Wilmington, Delaware
    1601 Kirkwood Highway
    Wilmington, DE 19805

13. Ruth B. Aquisap-Fausto, RN
    VAMC Wilmington, Delaware
    1601 Kirkwood Highway
    Wilmington, DE 19805

14  Dorothy Davis, RN
    VAMC Wilmington, Delaware
    1601 Kirkwood Highway
    Wilmington, DE 19805

15 Anita Spencer, LPN
    VAMC Wilmington, Delaware
    1601 Kirkwood Highway
    Wilmington, DE 19805

16. William A. Dixon, RN
    VAMC Wilmington, Delaware
    1601 Kirkwood Highway
    Wilmington, DE 19805

# Veterans Assistance Program

A Pro Bono Litigation Program Sponsored by
Widener University School of Law & Delaware Volunteer Legal Services, Inc.
☐ 4601 Concord Pike P.O. Box 7474 • Wilmington, DE 19803-0474
☐ 3800 Vartan Way • Harrisburg, PA 17110-9450

| | |
|---|---|
| Room 428 School of Law | ☐  (302) 477-2100 |
| Direct Dial Number: | Fax:  (302) 477-2257 |
| 302-477-2070 | ☐  (717) 541-3900 |
| e-mail tjr0001@mail.widener.edu | Fax:  (717) 541-3966 |

19 August 2003

C. T. Keenan, Service Center Manager
VA Regional Office
1601 Kirkwood Highway
Wilmington, DE 19805

RE: David E. Jones SS # 2222 12 4185

Dear Mr. Keenan:

I enclose Mr. Jones' executed section 1151 claim for medical malpractice arising from his 2000 hernia repair. This also represents a re-opening of Mr. Jones' original claim (if you considered any issues of medical malpractice in your 2002 adverse rating decision) based on new and material evidence consisting of the following on hand:

1. Statement of Vicke L. Snyder dtd 19 Apr. 2002 accompanied by run report from the Delaware City Volunteer Fire Department; and

2. VAMC Wilmington, DE, medical records pertaining to Mr. Jones' hernia repair and follow-up and major surgery to relieve obstruction that includes matter not found in your claims file;

In addition, I have requested Mr. Jones' civilian physicians, Dr. Bestwick and Dr. James, to send copies of Mr. Jones' medical records as new and material evidence. I expect copies within the next 60 days and will forward same to you as soon as I receive them. Please call or e-mail if you have any questions.

Sincerely,

Thomas J. Reed
Prof. of Law & Staff Attorney

AUG 2 0 2003

TJR:tjr
encl:
CY: David E. Jones, Vickie L. Snyder

A41

DEPARTMENT OF VETERANS AFFAIRS
Regional Office
1601 Kirkwood Hwy
Wilmington DE  19805-4917

MAY 2 8 2004

DAVID E JONES
1 WARFEL DR
PO BOX 165
DELAWARE CITY DE 19706

In Reply Refer To:  460/RCmg
CSS 222 12 4185
JONES, D E

Dear Mr. Jones:

We made a decision on your claim for service connected compensation received on
August 23, 2003.

This letter tells you what we decided.  It includes a copy of our rating decision that gives the
evidence used and reasons for our decision.  We have also included information about what to do
if you disagree with our decision, and who to contact if you have questions or need assistance.

## What Did We Decide?

The previous denial of compensation for hernia repair residuals under 38 USC 1151 is
confirmed and continued.

We have enclosed a copy of your Rating Decision for your review.  It provides a detailed
explanation of our decision, the evidence considered and the reasons for our decision.  You
can find the decision discussed in the section titled *"Decision."*  The evidence we considered
is discussed in the section titled *"Evidence."*  The reasons for our decision can be found in the
portion of the rating titled *"Reasons for Decision"* or *"Reasons and Bases."*

## What You Should Do If You Disagree With Our Decision.

If you do not agree with our decision, you should write and tell us why.  You have *one year
from the date of this letter to appeal the decision.*  The enclosed *VA Form 4107, "Your Rights
to Appeal Our Decision,"* explains your right to appeal.

## Do You Have Questions Or Need Assistance?

If you have any questions or need assistance with this claim, please call us at 1-800-827-1000.
If you use a Telecommunications Device for the Deaf (TDD), the number is 1-800-829-4833.

If you call, please refer to your VA file number 222 12 4185.  If you write to us, put your full
name and VA file number on the letter.  Please send all correspondence to the address at the
top of this letter.  You can visit our web site at www.va.gov for more information about
veterans' benefits.

2

CSS 222 12 4185
Jones, D E

We sent a copy of this letter to Thomas J. Reed because you appointed them as your representative. If you have questions or need assistance, you can also contact them.

Sincerely yours,

*C. T. KEENAN*

**C. T. KEENAN**
Service Center Manager

Email us at wilmington.query@vba.va.gov

Enclosure(s):  Rating Decision
               VA Form 4107

cc:  Thomas J Reed
     Delaware Volunteer Legal Services, Inc.



**DEPARTMENT OF VETERANS AFFAIRS**
**Regional Office**
**400 South 18th Street**
**St. Louis MO 63103**

**David E. Jones**

**VA File Number**
**222 12 4185**

**Represented by:**
**AGENT OR PRIVATE ATTORNEY - CONTACT NOT REQUESTED**

**Rating Decision**
**May 26, 2004**

## INTRODUCTION

Your records reflect that you are a veteran of the Korean Conflict Era and that you served in the Army from January 28, 1952 to November 19, 1953. We received a request to reopen a previous claim on August 23, 2003. Based on a review of the evidence listed below, we have made the following decision(s) on your claim.

## DECISION

The previous denial of compensation for PO, residuals hernia repair under 38 USC 1151is confirmed and continued.

David E. Jones
222 12 4185
Page 2

## EVIDENCE

- Outpatient treatment records from VA Medical Center Wilmington, DE from October 15, 1999 through March 16, 2000
- Statement from your Legal Representative
- Statement from your Vickie L. Snyder, your daughter with a report from the Delaware Ambulance
- Rating decision dated March 18, 2002, to include all the evidence utilized in the decision
- Letter dated February 12, 2004, was sent to you requesting evidence of a current disability, evidence of additional disability resulted from a disease or injury or aggravation of an existing disease or injury suffered as a result of training, hospitalization, medical, surgical treatment or examination, evidence showing that the cause of such disability was carelessness, negligence, lack of proper skill, medical evidence or statement from your doctor discussing a relationship between your claimed condition and your medical treatment, and your doctor opinion as to whether your medical treatment or lack of treatment caused or aggravated your claimed condition beyond normal progression.

## REASONS FOR DECISION

**Entitlement to compensation under 38 U.S.C. 1151 for PO, residuals hernia repair.**

Compensation is payable for any disability which results from VA hospitalization, medical or surgical treatment, or vocational rehabilitation, or as the result of having submitted to a VA medical examination. The evidence must show that the veteran's additional disability is actually the result of the VA care. Merely showing that a veteran has additional disability is not sufficient to establish causation.

You were previously denied service connection for residuals of post operative hernia repair by rating decision of March 18, 2002. You were notified of this decision on March 22, 2002. In the absence of a timely appeal, the decision became final within one year of our letter of notification.

The evidence available at that time failed to show an actual disabling condition as a result of the hernia repair and that the VA medical or educational services were the proximate cause of additional disability.

David E. Jones
222 12 4185
Page 3

Statements form you legal representative, Vickie L. Snyder, Delaware Ambulance report
and VA outpatient treatment reports submitted in connection with your current claim
does constitute new evidence but they are not material evidence because they do not
relate to an unestablished fact necessary to substantiate your claim and does not raise a
reasonable possibility of substantiating the claim.  Although the cited lay statements can
acknowledge your physical appearance, they have no objective medical value.  Medical
evidence has not been furnished/submitted which establishes objective medical findings
to warrant service connection.  There is no evidence of record showing an existing
disease or injury you suffered as a result of training, hospitalization, medical, surgical
treatment or examination.  Therefore, the prior denial of service connection for post
operative residuals as a result of your hernia repair is continued.

David E. Jones
222 12 4185
Page 4

**REFERENCES:**

Title 38 of the Code of Federal Regulations, Pensions, Bonuses and Veterans' Relief
contains the regulations of the Department of Veterans Affairs which govern entitlement
to all veteran benefits.  For additional information regarding applicable laws and
regulations, please consult your local library, or visit us at our web site, www.va.gov.

| Rating Decision | L___rtment of Veterans Affairs Regional Office | | | Page 1 05/26/2004 |
|---|---|---|---|---|
| NAME OF VETERAN David E. Jones | VA FILE NUMBER 222 12 4185 | SOCIAL SECURITY NR 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 | POA AGENT OR PRIVATE ATTORNEY - CONTACT NOT REQUESTED | COPY TO 2nd copy for POA |

| ACTIVE DUTY | | | |
|---|---|---|---|
| EOD | RAD | BRANCH | CHARACTER OF DISCHARGE |
| 01/28/1952 | 11/19/1953 | Army | Honorable |

| LEGACY CODES | | | | |
|---|---|---|---|---|
| ADD'L SVC CODE | COMBAT CODE | SPECIAL PROV CDE | FUTURE EXAM | DATE |
| | 1 | | | |

**JURISDICTION:** Reopened Claim Received 08/23/2003.

**NOT SERVICE CONNECTED/NOT SUBJECT TO COMPENSATION (8.NSC Korean Conflict)**

7338          POST RESIDUALS HERNIA REPAIR (NO ACTUAL DISABLING CONDITION AS A RESULT OF SURGICAL TREATMENT )
                    1151 Denied, No Causation

7804          SCARS (NO ACTUAL DISABLING CONDITION AS A RESULT OF SURGICAL TREATMENT.)
                    1151 Denied, No Causation

O. G, Chairman-Rating Specialist, VARO 331

# Veterans Assistance Program
A Pro Bono Litigation Program Sponsored by
Widener University School of Law & Delaware Volunteer Legal Services, Inc.
☐ 4601 Concord Pike P.O. Box 7474 • Wilmington, DE 19803-0474
☐ 3800 Vartan Way • Harrisburg, PA 17110-9450

School of Law
Direct Dial Number:
302-477-2070
e-mail Thomas.J.Reed@law.widener.edu

☐    (302) 477-2100
Fax: (302) 477-2257
☐    (717) 541-3900
Fax: (717) 541-3966

August 9, 2004

Service Center Manager
Department of Veterans Affairs
Regional Office
1601 Kirkwood Highway
Wilmington, DE 19805-4917

RE: Notice of Disagreement For: David E. Jones; VA File Number 222 12 4185

Dear Service Center Manager:

I disagree with you rating decision of 24 May 2004 because I was injured due to the negligence of VA medical personnel. A doctor's opinion letter showing VA negligence in my case is submitted with this notice of disagreement.

Sincerely,

David E. Jones

**Veterans Assistance Program**
Widener University School of Law
4601 Concord Pike
Wilmington, DE 19803
Tel: 302-477-2070

MEDICAL EVALUATION REPORT FORM

NOTE TO PHYSICIAN: Please use this form to reply to our request for medical records, diagnoses, and treatment. It is designed to be submitted to Veterans Affairs Dept. Disability evaluators on behalf of your patient.

PATIENT'S NAME:  David E. Jones
    ADDRESS:

SOCIAL SECURITY NO. 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     VA FILE NO.  C 222 12 4185

**PART 1 History** (Please summarize the patients medical history as presented to you. Attach an additional sheet if necessary)

**Medical History-**  Mr. David Jones is a 72 year old male with a past medical history of hyperlipidemia, and a distant history of diphtheria pneumonia as a child.  He has a 62 year pack history of tobacco use and occasional alcohol use.  His recent history is complicated by a surgical repair of an umbilical hernia that has required three surgical procedures to date.  He complains of continued abdominal pain as a result of these surgeries.  The details of the umbilical hernia repair will be detailed below:

## A. NUMBER OF TIMES PATIENT WAS SEEN AND DATES OF EACH

I never had the opportunity to personally examine Mr. Jones and therefore am making the determination based solely on the records available to me from the Wilmington VAMC from the dates of  10/15/99- 3/15/01.

**PART II. Summary of Diagnosis and Treatment** (Please list each diagnosis you made with respect to the patient and summarize the treatment, including medication prescribed, prostheses, if any, etc.  Please note any hospitalization periods for the conditions treated. Attach an additional sheet if necessary).

### A. DIAGNOSES

Umbilical hernia-  Mr. Jones presented to the VAMC on 11/19/99 with complaints of a sore abdominal area.   He was further evaluated by a surgical resident on 12/16/99 and diagnosed with a reducible umbilical hernia.

**TREATMENT SUMMARY**

1/11/00- Periumbilical hernia repair
1/12/00- Discharged to home
1/14/00- Mrs. Jones (wife) called PACU at VAMC stated that her husband was vomiting
1/14/00- Went to ER, NG tube removed 1500 ml of abdominal contents. Had emergency exploratory laparatomy. Surgical findings of a seroma at the previous surgical site, bowel stuck to the old repair site, and a serosal tear. The surgical findings were consistent with a small bowel obstruction.
1/21/00- Discharged to home
1/31/00- seen in follow-up for wound check
2/7/00- seen with symptoms of shortness of breath, fever, chills, and malaise. Findings were consistent with a wound infection. Started on antibiotics and antipyretics.
2/14/00- Follow-up visit
3/16/00- Diastasis of rectus muscle
2/28/01- Buldge in abdominal incision- consistent with fascial defect
3/13/01- Repair of incisional hernia
3/14/01- Discharge to home

### B. HOSPITALIZATIONS

Noted above

---

**PART III.  Service Connection** (Based on the patient's history, objective and subjective findings on diagnosis and treatment, state whether the patient's condition could have been caused by an in-service trauma or environment, or aggravated by an in-service trauma or environmental condition).

It is my opinion, based on the patient's history, objective findings and subjective findings, testing, diagnosis and treatment results that the patient's present condition (check the most appropriate box)

[ ] is probably the result of service-connected trauma or environmental conditions.
[ ] Although probably a condition that pre-existed military service, the condition was probably aggravated or worsened by service connected trauma or environmental conditions.
[ X ] is probably not the result of service-connected trauma and was not aggravated or worsened by service-connected trauma or environmental conditions.

It is my opinion, within a reasonable degree of medical certainty, that Mr. Jones multiple surgeries and continued medical problems are a result of complications that occurred due to his first surgical repair on 1/11/00. Specifically, Mr. Jones experienced a small bowel obstruction that was related to the surgical procedure and then developed a surgical infection following his first surgery. These events led to two additional surgeries and an extended hospitalization between 1/14/00-1/21/00.

It is well known that complications such as serosal tears and infections can occur following surgical procedures. The presence of these complications does not necessarily indicate that there was or was not negligence. However, in examining these adverse events there are several issues that need to be examined to determine the issue of whether Mr. Jones was treated within the standard of care. I will address four specific issues below:

1) Complete Medical Information- In my review of the medical records, I did not find evidence of a complete history and physical on the chart to determine whether Mr. Jones was at high risk for complications to occur. It is the usual standard of care for a patient that is to undergo an elective procedure to have a complete history and physical on the chart to properly assess the patient's risk and determine a pre-operative and peri-operative treatment plan. Mr. Jones was at increased risk due to his smoking status. It may be that such a complete history and physical was performed but I see no documentation of this.

2) Informed Consent- In my review of the medical records I did not find evidence of documentation of informed consent of the procedure. An easily reducible hernia such as was initially diagnosed on 12/16/99 is an elective procedure. A properly performed informed consent process includes a complete discussion of the risks and complications involved in a surgical procedures and the alternatives that exist to manage the condition. Clearly one alternative that should have been discussed is to have continued to watch the hernia since umbilical hernia rarely incarcerate. Another issue in the informed consent process would have been the alternative to have the procedure done laprascopically which again is not clear to me since I did not review an informed consent discussion or an op note from the first procedure. Laprascopic hernia repairs were very commonly being done to reduce morbidity and complications in 2000. It is not clear to me whether such informed consent occurred since I find no documentation of this in the chart.

3) Discharge Instructions- In my review of the medical records I reviewed a note on 1/12/00 that states that Linda Watt from the VA states that the patient verbalized an understanding of the discharge instructions and that he could verbalize the signs and symptoms that should be reported. I did not find any evidence of written discharge instructions in the chart. It is my opinion, within a reasonable degree of administrative certainty, that it is standard practice for patients to be given written discharge instructions as it is well known that patients do not often recall verbal instructions. While these written instructions may have been given, it is standard to retain a copy of these in the medical record. Adequate discharge instructions would have included instructions for wound care including use of antibiotic ointment, bandage changes, and symptoms and signs of complications such as infection.

4) Operative issues- Given the materials that I have reviewed it is difficult for me to have conclusive opinions about the surgical procedure itself. There is not an

operative report from his first procedure on 1/11/00. Therefore I do not have evidence of whether preoperative antibiotics were used or not. It would be standard of care for a patient such as Mr. Jones to have received pre-operative antibiotics given his increase risk as a smoker. It is also not possible for me to determine whether there was prolonged operative time or use of mesh in the procedure. I have no evidence that there were indeed any uneventful issues at the time of surgery, but an operative report should have been dictated and included in the records for the 1/11/00 procedure.

In summary, it is my opinion with a reasonable degree of medical certainty that Mr. Jones's medical symptoms have occurred as a result of complications from his first surgical repair on 1/11/00. These complications by themselves do not necessarily indicate negligence on the part of the VAMC. I do not find any specific evidence of improper surgical or medical care or errors in judgment on the part of the physicians involved in this case. However, it is further my opinion, within a reasonable degree of medical and administrative certainty, that there was a deviation in the standard of care in regards to the lack of complete medical information in the form of a history and physical and the preoperative assessment, written discharge instructions, and informed consent documentation. These aspects of Mr. Jones's care fell below the standard of care. It should be further noted I could not determine from the above medical records whether preoperative antibiotics were utilized in his first procedure on 1/11/00. If preoperative antibiotics were not used, without a specific medical contraindication, this would also fall outside the standard of care.

I reserve the right to revise my opinions based upon any further information that I may receive related to this case.

DATE: March 12, 2004

Signature

Printed Name: David Shulkin, M.D.
Address: 944 Merion Square Rd.
Gladwyne, PA 19035

**DEPARTMENT OF VETERANS AFFAIRS**
Wilmington Regional Office
1601 Kirkwood Highway
Wilmington, De 19805

SEP - 2 2005

|  |  |
|---|---|
| MR. DAVID E. JONES<br>1 WARFEL DRIVE<br>P.O. BOX 165<br>DELAWARE CITY, DE 19706 | In Reply Refer To:<br>Reply Refer 460/21/GJD<br>222 12 4185<br>DAVID E. JONES |

Dear Mr. Jones:

You have filed a Notice of Disagreement with our action. This is the first step in appealing to the Board of Veterans' Appeals (BVA). This letter and enclosures contain very important information concerning your appeal.

**Statement of the Case**

We have enclosed a Statement of the Case, a summary of the law and evidence concerning your claim. This summary will help you to make the best argument to the BVA on why you think our decision should be changed.

**What You Need To Do**

To complete your appeal, you must file a formal appeal. We have enclosed VA Form 9, Appeal to the Board of Veterans' Appeals, which you may use to complete your appeal. We will gladly explain the form if you have questions. Your appeal should address:

- the benefit you want
- the facts in the Statement of the Case with which you disagree; and
- the errors that you believe we made in applying the law.

**When You Need To Do It**

You must file your appeal with this office within 60 days from the date of this letter or within the remainder, if any, of the one-year period from the date of the letter notifying you of the action that you have appealed. **If we do not hear from you within this period, we will close your case.** If you need more time to file your appeal, you should request more time before the time limit for filing your appeal expires. See item 3 of the instructions in VA Form 9, Appeal to Board of Veterans' Appeals.

**Hearings**

You may have a hearing before we send your case to the BVA. If you tell us that you want a hearing, we will arrange a time and a place for the hearing. VA will provide the hearing room, the hearing official, and a transcript of the hearing for the record. VA cannot pay any other expenses of the hearing. You may **also** have a hearing before the BVA, as noted on the enclosed VA Form 9, Appeal to the Board of Veterans' Appeals. **Do not delay filing your appeal if you request a hearing. Your request for a hearing does not extend the time to file your appeal.**

**Representation**

If you do not have a representative, it is not too late to choose one. An accredited representative of a recognized service organization may represent you without charge. An attorney or an accredited agent may also represent you, and may charge you a fee for services related to your claim that he or she provides after a final decision of the BVA under certain circumstances. VA cannot pay fees of agents or attorneys. For more information on fees, see 38 U.S.C. § 5904. If an attorney or accredited agent charges a fee for services in connection with your claim before VA, the attorney or agent should file a copy of the fee agreement within 30 days after it is signed. The fee agreement should be filed at the following address: Counsel to the Chairman (01C3), Board of Veterans' Appeals, 810 Vermont Avenue, N.W., Washington, DC 20420.

**What We Will Do**

After we receive your appeal, we will send your case to the BVA in Washington, DC for a decision. The BVA will base its decision on an independent review of the entire record, including the transcript of the hearing, if you have a hearing.

Sincerely yours,

*C. T. Keenan*

C.T. Keenan
Service Center Manager

Enclosure(s):    VA Form 9
Appeal Hearing Options
Statement of the Case

CC:    Thomas J. Reed, Esq

| **Statement of the Case** | *Department of Veterans Affairs*<br>*Wilmington Regional Office* | Page 1<br>08/22/2005 |
|---|---|---|

| NAME OF VETERAN<br>DAVID E. JONES | VA FILE NUMBER<br>222 12 4185 | SOCIAL SECURITY NR<br>222 12 4185 | POA<br>Thomas J. Reed, Esq. |
|---|---|---|---|

## ISSUE:

Whether new and material evidence sufficient to reopen claim for PO, residuals of hernia repair, under U.S.C. 1151, has been submitted.

## EVIDENCE:

- Outpatient treatment records from VA Medical Center, Wilmington, De from October 15, 1999 through March 16, 2000
- Statement from legal representative
- Statement from daughter, Vicki Snyder, with report from the Delaware Ambulance
- Rating Decision dated march 18, 2002, to include all evidence utilized in the decision
- Letter sent to veteran dated February 12, 2004 requesting evidence of a disability.
- Medical Opinion, David Shulkin, M.D. dated March 12, 2004

## ADJUDICATIVE ACTIONS:

Military Service:  01/28/52-11/19/53, Honorable

Date of Birth:     03-19-1931

08-23-2003     Claim received.

05-26-2004     Claim considered based on all the evidence of record.

05-28-2004     Claimant notified of decision.

08-26-2004     Notice of Disagreement received.

## PERTINENT LAWS; REGULATIONS; RATING SCHEDULE PROVISIONS:

Unless otherwise indicated, the symbol "§" denotes a section from title 38 of the Code of Federal Regulations, Pensions, Bonuses and Veterans' Relief. Title 38 contains the regulations of the Department of Veterans Affairs which govern entitlement to all veteran benefits.

§3.159 (New)  Department of Veterans Affairs assistance in developing claims.

(a) Definitions. For purposes of this section, the following definitions apply:

(1) Competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or

| Statement of the Case | *Department of Veterans Affairs* *Wilmington Regional Office* | | Page 2 08/22/2005 |
|---|---|---|---|
| NAME OF VETERAN DAVID E. JONES | VA FILE NUMBER 222 12 4185 | SOCIAL SECURITY NR 222 12 4185 | POA Thomas J. Reed, Esq. |

opinions. Competent medical evidence may also mean statements conveying sound medical principles found in medical treatises. It would also include statements contained in authoritative writings such as medical and scientific articles and research reports or analyses.

(2) Competent lay evidence means any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person.

(3) Substantially complete application means an application containing the claimant's name; his or her relationship to the veteran, if applicable; sufficient service information for VA to verify the claimed service, if applicable; the benefit claimed and any medical condition(s) on which it is based; the claimant's signature; and in claims for nonservice-connected disability or death pension and parents' dependency and indemnity compensation, a statement of income.

(4) For purposes of paragraph (c)(4)(i) of this section, event means one or more incidents associated with places, types, and circumstances of service giving rise to disability.

(5) Information means non-evidentiary facts, such as the claimant's Social Security number or address; the name and military unit of a person who served with the veteran; or the name and address of a medical care provider who may have evidence pertinent to the claim.

(b) VA's duty to notify claimants of necessary information or evidence.

(1) When VA receives a complete or substantially complete application for benefits, it will notify the claimant of any information and medical or lay evidence that is necessary to substantiate the claim. VA will inform the claimant which information and evidence, if any, that the claimant is to provide to VA and which information and evidence, if any, that VA will attempt to obtain on behalf of the claimant. VA will also request that the claimant provide any evidence in the claimant's possession that pertains to the claim. If VA does not receive the necessary information and evidence requested from the claimant within one year of the date of the notice, VA cannot pay or provide any benefits based on that application. If the claimant has not responded to the request within 30 days, VA may decide the claim prior to the expiration of the one-year period based on all the information and evidence contained in the file, including information and evidence it has obtained on behalf of the claimant and any VA medical examinations or medical opinions. If VA does so, however, and the claimant subsequently provides the information and evidence within one year of the date of the request, VA must readjudicate the claim. (Authority: 38 U.S.C. 5103)

(2) If VA receives an incomplete application for benefits, it will notify the claimant of the information necessary to complete the application and will defer assistance until the claimant submits this information. (Authority: 38 U.S.C. 5102(b), 5103A(3))

| Statement of the Case | Department of Veterans Affairs Wilmington Regional Office | | Page 3 08/22/2005 |
|---|---|---|---|
| NAME OF VETERAN DAVID E. JONES | VA FILE NUMBER 222 12 4185 | SOCIAL SECURITY NR 222 12 4185 | POA Thomas J. Reed, Esq. |

(c) VA's duty to assist claimants in obtaining evidence. Upon receipt of a substantially complete application for benefits, VA will make reasonable efforts to help a claimant obtain evidence necessary to substantiate the claim. In addition, VA will give the assistance described in paragraphs (c)(1), (c)(2), and (c)(3) to an individual attempting to reopen a finally decided claim. VA will not pay any fees charged by a custodian to provide records requested.

(1) Obtaining records not in the custody of a Federal department or agency. VA will make reasonable efforts to obtain relevant records not in the custody of a Federal department or agency, to include records from State or local governments, private medical care providers, current or former employers, and other non-Federal governmental sources. Such reasonable efforts will generally consist of an initial request for the records and, if the records are not received, at least one follow-up request. A follow-up request is not required if a response to the initial request indicates that the records sought do not exist or that a follow-up request for the records would be futile. If VA receives information showing that subsequent requests to this or another custodian could result in obtaining the records sought, then reasonable efforts will include an initial request and, if the records are not received, at least one follow-up request to the new source or an additional request to the original source.

(i) The claimant must cooperate fully with VA's reasonable efforts to obtain relevant records from non-Federal agency or department custodians. The claimant must provide enough information to identify and locate the existing records, including the person, company, agency, or other custodian holding the records; the approximate time frame covered by the records; and, in the case of medical treatment records, the condition for which treatment was provided.

(ii) If necessary, the claimant must authorize the release of existing records in a form acceptable to the person, company, agency, or other custodian holding the records. (Authority: 38 U.S.C. 5103A(b))

(2) Obtaining records in the custody of a Federal department or agency. VA will make as many requests as are necessary to obtain relevant records from a Federal department or agency. These records include but are not limited to military records, including service medical records; medical and other records from VA medical facilities; records from non-VA facilities providing examination or treatment at VA expense; and records from other Federal agencies, such as the Social Security Administration. VA will end its efforts to obtain records from a Federal department or agency only if VA concludes that the records sought do not exist or that further efforts to obtain those records would be futile. Cases in which VA may conclude that no further efforts are required include those in which the Federal department or agency advises VA that the requested records do not exist or the custodian does not have them.

(i) The claimant must cooperate fully with VA's reasonable efforts to obtain relevant records from Federal agency or department custodians. If requested by VA, the claimant must

| **Statement of the Case** | *Department of Veterans Affairs* *Wilmington Regional Office* | | Page 4 08/22/2005 |
|---|---|---|---|
| NAME OF VETERAN DAVID E. JONES | VA FILE NUMBER 222 12 4185 | SOCIAL SECURITY NR 222 12 4185 | POA Thomas J. Reed, Esq. |

provide enough information to identify and locate the existing records, including the custodian or agency holding the records; the approximate time frame covered by the records; and, in the case of medical treatment records, the condition for which treatment was provided. In the case of records requested to corroborate a claimed stressful event in service, the claimant must provide information sufficient for the records custodian to conduct a search of the corroborative records.

(ii) If necessary, the claimant must authorize the release of existing records in a form acceptable to the custodian or agency holding the records. (Authority: 38 U.S.C. 5103A(b))

(3) Obtaining records in compensation claims. In a claim for disability compensation, VA will make efforts to obtain the claimant's service medical records, if relevant to the claim; other relevant records pertaining to the claimant's active military, naval or air service that are held or maintained by a governmental entity; VA medical records or records of examination or treatment at non-VA facilities authorized by VA; and any other relevant records held by any Federal department or agency. The claimant must provide enough information to identify and locate the existing records including the custodian or agency holding the records; the approximate time frame covered by the records; and, in the case of medical treatment records, the condition for which treatment was provided. (Authority: 38 U.S.C. 5103A(c))

(4) Providing medical examinations or obtaining medical opinions.

(i) In a claim for disability compensation, VA will provide a medical examination or obtain a medical opinion based upon a review of the evidence of record if VA determines it is necessary to decide the claim. A medical examination or medical opinion is necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim, but:

(A) Contains competent lay or medical evidence of a current diagnosed disability or persistent or recurrent symptoms of disability;

(B) Establishes that the veteran suffered an event, injury or disease in service, or has a disease or symptoms of a disease listed in §3.309, §3.313, §3.316, and §3.317 manifesting during an applicable presumptive period provided the claimant has the required service or triggering event to qualify for that presumption; and

(C) Indicates that the claimed disability or symptoms may be associated with the established event, injury, or disease in service or with another service-connected disability.

(ii) Paragraph (4)(i)(C) could be satisfied by competent evidence showing post-service treatment for a condition, or other possible association with military service.

(iii) Paragraph (c)(4) applies to a claim to reopen a finally adjudicated claim only if new and material evidence is presented or secured. (Authority: 38 U.S.C. 5103A(d))

Appendix – Part 2

| Statement of the Case | Department of Veterans Affairs<br>Wilmington Regional Office | | Page 5<br>08/22/2005 |
|---|---|---|---|
| NAME OF VETERAN<br>DAVID E. JONES | VA FILE NUMBER<br>222 12 4185 | SOCIAL SECURITY NR<br>222 12 4185 | POA<br>Thomas J. Reed, Esq. |

(d) Circumstances where VA will refrain from or discontinue providing assistance. VA will refrain from providing assistance in obtaining evidence for a claim if the substantially complete application for benefits indicates that there is no reasonable possibility that any assistance VA would provide to the claimant would substantiate the claim. VA will discontinue providing assistance in obtaining evidence for a claim if the evidence obtained indicates that there is no reasonable possibility that further assistance would substantiate the claim. Circumstances in which VA will refrain from or discontinue providing assistance in obtaining evidence include, but are not limited to:

(1) The claimant's ineligibility for the benefit sought because of lack of qualifying service, lack of veteran status, or other lack of legal eligibility;

(2) Claims that are inherently incredible or clearly lack merit; and

(3) An application requesting a benefit to which the claimant is not entitled as a matter of law. (Authority: 38 U.S.C. 5103A(a)(2))

(e) Duty to notify claimant of inability to obtain records.

(1) If VA makes reasonable efforts to obtain relevant non-Federal records but is unable to obtain them, or after continued efforts to obtain Federal records concludes that it is reasonably certain they do not exist or further efforts to obtain them would be futile, VA will provide the claimant with oral or written notice of that fact. VA will make a record of any oral notice conveyed to the claimant. For non-Federal records requests, VA may provide the notice at the same time it makes its final attempt to obtain the relevant records. In either case, the notice must contain the following information:

(i) The identity of the records VA was unable to obtain;

(ii) An explanation of the efforts VA made to obtain the records;

(iii) A description of any further action VA will take regarding the claim, including, but not limited to, notice that VA will decide the claim based on the evidence of record unless the claimant submits the records VA was unable to obtain; and

(iv) A notice that the claimant is ultimately responsible for providing the evidence.

(2) If VA becomes aware of the existence of relevant records before deciding the claim, VA will notify the claimant of the records and request that the claimant provide a release for the records. If the claimant does not provide any necessary release of the relevant records that VA is unable to obtain, VA will request that the claimant obtain the records and provide them to VA. (Authority: 38 U.S.C. 5103A(b)(2))

| **Statement of the Case** | *Department of Veterans Affairs* *Wilmington Regional Office* | Page 6 08/22/2005 |
|---|---|---|
| NAME OF VETERAN DAVID E. JONES | VA FILE NUMBER 222 12 4185 | SOCIAL SECURITY NR 222 12 4185 | POA Thomas J. Reed, Esq. |

(f) For the purpose of the notice requirements in paragraphs (b) and (e) of this section, notice to the claimant means notice to the claimant or his or her fiduciary, if any, as well as to his or her representative, if any. (Authority: 38 U.S.C. 5102(b), 5103(a))


§3.102 (New)  Reasonable doubt.

It is the defined and consistently applied policy of the Department of Veterans Affairs to administer the law under a broad interpretation, consistent, however, with the facts shown in every case. When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service origin, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant. By reasonable doubt is meant one which exists because of an approximate balance of positive and negative evidence which does not satisfactorily prove or disprove the claim. It is a substantial doubt and one within the range of probability as distinguished from pure speculation or remote possibility. It is not a means of reconciling actual conflict or a contradiction in the evidence. Mere suspicion or doubt as to the truth of any statements submitted, as distinguished from impeachment or contradiction by evidence or known facts, is not justifiable basis for denying the application of the reasonable doubt doctrine if the entire complete record otherwise warrants invoking this doctrine. The reasonable doubt doctrine is also applicable even in the absence of official records, particularly if the basic incident allegedly arose under combat, or similarly strenuous conditions, and is consistent with the probable results of such known hardships. (Authority: 38 U.S.C. 501(a))

38 USC Section 1151  Benefits for persons disabled by treatment or vocational rehabilitation

(a) Compensation under this chapter and dependency and indemnity compensation under chapter 13 of this title shall be awarded for a qualifying additional disability or a qualifying death of a veteran in the same manner as if such additional disability or death were service-connected. For purposes of this section, a disability or death is a qualifying additional disability or qualifying death if the disability or death was not the result of the veteran's willful misconduct and -
(1) the disability or death was caused by hospital care, medical or surgical treatment, or examination furnished the veteran under any law administered by the Secretary, either by a Department employee or in a Department facility as defined in section 1701(3)(A) of this title, and the proximate cause of the disability or death was -
(A) carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the Department in furnishing the hospital care, medical or surgical treatment, or examination; or
(B) an event not reasonably foreseeable; or
(2) the disability or death was proximately caused by the provision of training and rehabilitation services by the Secretary (including by a service-provider used by the Secretary for such purpose under section 3115 of this title) as part of an approved rehabilitation program under chapter 31 of this title.

| Statement of the Case | Department of Veterans Affairs Wilmington Regional Office | | Page 7 08/22/2005 |
|---|---|---|---|
| NAME OF VETERAN DAVID E. JONES | VA FILE NUMBER 222 12 4185 | SOCIAL SECURITY NR 222 12 4185 | POA Thomas J. Reed, Esq. |

(b) Where an individual is, on or after December 1, 1962, awarded a judgment against the United States in a civil action brought pursuant to section 1346(b) of title 28 or, on or after December 1, 1962, enters into a settlement or compromise under section 2672 or 2677 of title 28 by reason of a disability or death treated pursuant to this section as if it were service-connected, then no benefits shall be paid to such individual for any month beginning after the date such judgment, settlement, or compromise on account of such disability or death becomes final until the aggregate amount of benefits which would be paid but for this subsection equals the total amount included in such judgment, settlement, or compromise.

§3.156 (New)  New and material evidence.

(a) A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New evidence means existing evidence not previously submitted to agency decisionmakers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. (Authority: 38 U.S.C. 501, 5103A(f), 5108)

(b) New and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed (including evidence received prior to an appellate decision and referred to the agency of original jurisdiction by the Board of Veterans Appeals without consideration in that decision in accordance with the provisions of §20.1304(b)(1) of this chapter), will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period. (Authority: 38 U.S.C. 501(a))

(c) Where the new and material evidence consists of a supplemental report from the service department, received before or after the decision has become final, the former decision will be reconsidered by the adjudicating agency of original jurisdiction. This comprehends official service department records which presumably have been misplaced and have now been located and forwarded to the Department of Veterans Affairs. Also included are corrections by the service department of former errors of commission or omission in the preparation of the prior report or reports and identified as such. The retroactive evaluation of disability resulting from disease or injury subsequently service connected on the basis of the new evidence from the service department must be supported adequately by medical evidence. Where such records clearly support the assignment of a specific rating over a part or the entire period of time involved, a retroactive evaluation will be assigned accordingly except as it may be affected by the filing date of the original claim.

| **Statement of the Case** | *Department of Veterans Affairs* *Wilmington Regional Office* | Page 8 08/22/2005 |
|---|---|---|

| NAME OF VETERAN DAVID E. JONES | VA FILE NUMBER 222 12 4185 | SOCIAL SECURITY NR 222 12 4185 | POA Thomas J. Reed, Esq. |
|---|---|---|---|

**DECISION:**

New and material evidence sufficient to reopen the claim for PO, residuals of hernia repair under 38 USC 1151 has not been submitted.

**REASONS FOR DECISION:**

We are unable to reopen the claim for PO, residuals of hernia repair under 38 U.S. C. as the evidence submitted was not new and material.

38 CFR 3.156 states that a claimant may reopen a finally adjudicated claim by submitting new and material evidence. New evidence means existing evidence not previously submitted to agency decisionmakers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim.

You were previously denied service connection for residuals of post operative hernia repair by rating decision dated March 18, 2002. The evidence at that time failed to show an actual disabling condition as a result of the hernia repair or that VA medical or educational services were the proximate cause of additional disability. You were notified of this decision on March 22, 2002. In the absence of a timely appeal, the decision became final within one year of our letter of notification.

You filed a reopened claim August 23, 2003. You submitted new evidence in the form of statements from your legal representative, daughter Vicki Snyder, a Delaware Ambulance Report and VA outpatient treatment record. Although this evidence was new, it was not material as it did not relate to an unestablished fact necessary to substantiate your claim and does not raise a possibility of substantiating the claim. The cited lay statements acknowledged your physical appearance but they had no objective medical value. Evidence was not furnished which established objective medical findings to warrant compensation. The Rating Decision dated May 26, 2004 again denied entitlement to compensation under 38 U.S.C. 1151.

You subsequently filed a Notice of Disagreement with the Rating Decision dated May 26, 2004 and submitted with it a copy of a medical report completed by David Shulkin, M.D dated March 12, 2004. Dr. Shulkin made note that he did not physically examine you and his opinions were based on a review of medical records available to him. Dr. Shulkin noted your complaint of abdominal pain as a result of the hernia repair and subsequent surgeries.

Dr. Shulkin stated that you experienced a small bowel obstruction that was related to the original hernia surgery and then you developed a surgical infection following the first

| **Statement of the Case** | *Department of Veterans Affairs* *Wilmington Regional Office* | Page 9 08/22/2005 |
|---|---|---|
| NAME OF VETERAN DAVID E. JONES | VA FILE NUMBER 222 12 4185 / SOCIAL SECURITY NR 222 12 4185 | POA Thomas J. Reed, Esq. |

surgery. Dr. Shulkin stated it is well known that complications such as serosal tears and infections can occur following surgical procedures and the presence of these complications does not necessarily indicate there was or was not negligence. Dr. Shulkin found there to be no specific evidence of improper surgical or medical care or errors in judgment on the part of the physicians involved in your case.

Although this evidence is also new, it, too, is not material as it does not relate to an unestablished fact that supports your claim. The medical statement furnished does not present objective evidence of a currently diagnosed disability or persistent or recurrent symptoms of disability caused by VA hospital care, medical or surgical treatment.

PREPARED BY

G.I. Davis

APPROVED BY

C.T. Keenan

# Veterans Assistance Program

A Pro Bono Litigation Program Sponsored by
Widener University School of Law & Delaware Volunteer Legal Services, Inc.
☐ 4601 Concord Pike P.O. Box 7474 • Wilmington, DE 19803-0474
☐ 3800 Vartan Way • Harrisburg, PA 17110-9450

Room 428 School of Law                                          ☐    (302) 477-2100
Direct Dial Number:                                             Fax: (302) 477-2257
302-477-2070                                                    ☐    (717) 541-3900
e-mail tjr0001@mail.widener.edu                                Fax: (717) 541-3966

28 September 2005
BY CERTIFIED MAIL

C. T. Keenan, Service Center Manager
VA Regional Office
1601 Kirkwood Highway
Wilmington, DE 19805

RE: David E. Jones, C 222 12 4185

Dear Mr. Keenan:

I enclose Mr. Jones' Form 9 executed 17 September 2005. Please associate same with his
claim file. Please call or e-mail if you have any questions.

Sincerely,

Thomas J. Reed
Prof. of Law & Staff Attorney

TJR:tjr
encl:
Cy: David E. Jones, Vickie Snyder

R E C E I V E D
OCT - 3 2005
VET SERVICES DIV.
VAMROC 460

A65

Form Approved: OMB No. 2900-0085
Respondent Burden: 1 Hour

| VA Department of Veterans Affairs | **APPEAL TO BOARD OF VETERANS' APPEALS** |
|---|---|

*IMPORTANT: Read the attached instructions before you fill out this form. VA also encourages you to get assistance from your representative in filling out this form.*

| 1. NAME OF VETERAN *(Last Name, First Name, Middle Initial)* | 2. CLAIM FILE NO. *(Include prefix)* | 3. INSURANCE FILE NO., OR LOAN NO. |
|---|---|---|
| JONES, David E. | C 222 12 4185 | N/A |

**4. I AM THE:**
☒ VETERAN  ☐ VETERAN'S WIDOW/ER  ☐ VETERAN'S CHILD  ☐ VETERAN'S PARENT
☐ OTHER *(Specify)*

| 5. TELEPHONE NUMBERS | | 6. MY ADDRESS IS: *(Number & Street or Post Office Box, City, State & ZIP Code)* |
|---|---|---|
| A. HOME *(Include Area Code)* | B. WORK *(Include Area Code)* | |
| 302-834-3269 | N/A | 1 Warfel Dr. P.O. Box 165 Delaware City, DE 19706 |

**7. IF I AM NOT THE VETERAN, MY NAME IS:** *(Last Name, First Name, Middle Initial)*
N/A

**8. HEARING**

*IMPORTANT: Read the information about this block in paragraph 6 of the attached instructions. This block is used to request a Board of Veterans' Appeals hearing. DO NOT USE THIS FORM TO REQUEST A HEARING BEFORE A VA REGIONAL OFFICE HEARING OFFICER.*
Check one (and only one) of the following boxes:

A. ☐ I DO NOT WANT A BVA HEARING.

B. ☐ I WANT A BVA HEARING IN WASHINGTON, DC.

C. ☒ I WANT A BVA HEARING AT A LOCAL VA OFFICE BEFORE A MEMBER, OR MEMBERS, OF THE BVA.  videoconference or Travel Board
*(Not available at Washington, DC, or Baltimore, MD, Regional Offices.)*

**9. THESE ARE THE ISSUES I WANT TO APPEAL TO THE BVA:** *(Be sure to read the information about this block in paragraph 6 of the attached instructions.)*

A. ☒ I WANT TO APPEAL ALL OF THE ISSUES LISTED ON THE STATEMENT OF THE CASE AND ANY SUPPLEMENTAL STATEMENTS OF THE CASE THAT MY LOCAL VA OFFICE SENT TO ME.

B. ☐ I HAVE READ THE STATEMENT OF THE CASE AND ANY SUPPLEMENTAL STATEMENT OF THE CASE I RECEIVED. I AM ONLY APPEALING THESE ISSUES: *(List below.)*

**10. HERE IS WHY I THINK THAT VA DECIDED MY CASE INCORRECTLY:** *(Be sure to read the information about this block in paragraph 6 of the attached instructions.)*

My medical records were examined by a highly qualified physician. In his opinion, there were four specific instances of malpractice committed during the prep and surgery to repair my hernia. The VA should have re-opened my case based on this alone. I also submitted new records from my private physicians.

*(Continue on the back, or attach sheets of paper, if you need more space.)*

| 11. SIGNATURE OF PERSON MAKING THIS APPEAL | 12. DATE | 13. SIGNATURE OF APPOINTED REPRESENTATIVE, IF ANY *(Not required if signed by appellant. See paragraph 6 of the instructions.)* | 14. DATE |
|---|---|---|---|
| *David E Jones* | 9/17/2005 | | 9/17/2005 |

VA FORM
JAN 1998(RS) 9

JetForm

A66

Claim Number:   CSS 222 12 4185

Claimants Name:   JONES, David E.

# APPEAL HEARING OPTIONS

## Hearings are <u>Not</u> Required

A hearing is <u>not</u> necessary for us to process your appeal.  You may ask for a hearing if you feel you need the opportunity to present more evidence about your appeal.  However, you may prefer to mail any evidence you want us to consider.  If you do mail your evidence, we will evaluate it.  If the evidence warrants, we can change our previous decision.  If the evidence is presented at a hearing, a decision will be made after the hearing.  Either way, the evidence will be placed in your record.

_____   **I do not wish to have any hearing at this time**.  Please expedite the processing of my appeal as quickly as possible.

_____   I request a local hearing with the Wilmington Regional Office **Decision Review Officer (DRO)**.  (If you wish to have the DRO hearing at another VA Regional Office location, please write location here:

_____.)

xxxx   I request a **video conference hearing** before a BVA Board member via telephone/television hook-up at the Wilmington VA Regional Office.  I hereby <u>waive</u> my right to an in-person hearing before a BVA Board member.

_____   I request a BVA hearing to be held by a **BVA Travel Board** member visiting the Wilmington VA Regional Office.  (If you wish to have the BVA Travel Board hearing held at another VA Regional Office, please write the location here:

_____.}

_____   I request a personal hearing before the **BVA in Washington DC**.

_____        9/17/2005
Veteran's Signature                              Date

A67

2.

## Types of Hearings

There are four types of hearings available to you:  1) Local hearings before a Regional Office Decision Review Officer in person;  2) Hearings before a Member of BVA visiting the regional office in person;  3) Video conference hearings at this office with BVA in Washington, DC, which you have requested; and  4)  Hearings in Washington, DC, before the BVA in person.

**VA <u>cannot</u> reimburse you for <u>any expenses</u> you have for any of these hearings.**

*Local Hearings by Regional Office Decision Review Officer* - These hearings are held in the regional office by a Decision Review Officer.  It is not necessary to wait for the BVA Board member to visit the regional office, or to go to Washington, DC, for the BVA hearing.  Also, after the hearing, the Decision Review Officer will evaluate the evidence you present and make a decision on your appeal without waiting to send the case to BVA.  If you are not satisfied with the Decision Review Officer's decision, your appeal still goes to BVA.  <u>Even if you first have a local hearing, you can still have a BVA hearing.</u>

*Hearings at BVA in Washington* - These hearings are held in Washington, DC The hearings are usually held several months before the Board reviews your appeal.

Your appeal is <u>not</u> decided at any of these hearings.  The evidence you present at the hearing is added to your records and considered when your appeal comes up on the BVA docket.  *(The date for your hearing and the date your appeal is considered by BVA are not the same.)*





**DEPARTMENT OF VETERANS AFFAIRS**
**Board of Veterans' Appeals**
**Washington DC 20420**

Date: 10/26/06                    In Reply Refer To: (0141 A3 )
                                  222124185S

DAVID E JONES
1 Warfel Dr
PO Box 165
Delaware City, DE  19706

Dear Appellant:

    The Board of Veterans' Appeals has made a decision in this case, and a copy is enclosed.  The records are being returned to the Department of Veterans Affairs office having jurisdiction over this matter.

                              Sincerely yours,

                              *Carrie M. Johnson Clark*

                              Carrie M. Johnson-Clark
                              Director, Management and Administration

Enclosures (1)

cc: THOMAS REED
    4601 Concord Pike
    PO Box 7474
    Wilmington, DE 19803-0474

A69



# BOARD OF VETERANS' APPEALS
## DEPARTMENT OF VETERANS AFFAIRS
### WASHINGTON, DC 20420

IN THE APPEAL OF               SS 222 12 4185
DAVID E. JONES

                                           OCT 2 6 2006

DOCKET NO. 05-32 381          )      DATE
                                  )
                                  )

On appeal from the
Department of Veterans Affairs Regional Office in Wilmington, Delaware

### THE ISSUE

Whether new and material evidence has been received to reopen a claim of entitlement to compensation under 38 U.S.C. § 1151 for residuals of surgical hernia repair.

### REPRESENTATION

Appellant represented by: Thomas J. Reed, attorney at law

### WITNESS AT HEARING ON APPEAL

Appellant and his daughter

### ATTORNEY FOR THE BOARD

L. Cramp, Counsel

A70

IN THE APPEAL OF                                 SS    2 12 4185
    DAVID E. JONES

## INTRODUCTION

The veteran served on active duty from January 1952 to November 1953.

This case comes before the Board of Veterans' Appeals (Board) on appeal of a May 2004 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Wilmington, Delaware.

The veteran and his daughter presented testimony at a Travel Board hearing chaired by the undersigned Veterans Law Judge in August 2006. A transcript of the hearing is associated with the claims file.

A motion to advance this case on the docket due to the appellant's age was granted by the Board in September 2006. *See* 38 U.S.C.A. § 7107(a) (West 2002); 38 C.F.R. § 20.900(c) (2006).

As will be discussed in the Reasons and Bases section below, the Board is reopening the claim of entitlement to compensation under 38 U.S.C.A. § 1151 for residuals of a hernia repair. As discussed in the Remand that follows the order section of the decision, the reopened claim is being REMANDED to the RO or the Appeals Management Center (AMC), in Washington, DC for additional development.

## FINDINGS OF FACT

1. In an unappealed March 2002 rating decision, the RO denied compensation under 38 U.S.C. § 1151 for residuals of a hernia repair.

2. The evidence associated with the claims file subsequent to the RO's March 2002 rating decision includes evidence that relates to an unestablished fact necessary to substantiate the claim; is not cumulative or redundant of evidence already of record; and does raise a reasonable possibility of substantiating the claim.

IN THE APPEAL OF                                         SS    ⅃ 12 4185
    DAVID E. JONES


## CONCLUSION OF LAW

Since the RO's March 2002 decision, new and material evidence has been received,
and so the appellant's claim of entitlement to compensation under 38 U.S.C. § 1151
for residuals of a hernia repair is reopened. 38 U.S.C.A. § 5108 (West 2002); 38
C.F.R. § 3.156 (2006).


## REASONS AND BASES FOR FINDINGS AND CONCLUSION

In general, rating decisions that are not timely appealed are final. *See* 38 U.S.C.A.
§ 7104 (West 2002); 38 C.F.R. § 20.1103 (2006). Pursuant to 38 U.S.C.A. § 5108
(West 2002), a finally disallowed claim may be reopened when new and material
evidence is presented or secured with respect to that claim.

New evidence is defined as evidence not previously submitted to agency decision-
makers. Material evidence means existing evidence that, by itself or when
considered with previous evidence of record, relates to an unestablished fact
necessary to substantiate the claim. New and Material evidence can be neither
cumulative nor redundant of the evidence of record at the time of the last prior final
denial of the claim sought to be reopened, and must raise a reasonable possibility of
substantiating the claim. 38 C.F.R. § 3.156(a) (2006).

After reviewing the record, and for reasons expressed immediately below, the
Board is of the opinion that the veteran has submitted new and material evidence to
reopen his claim of entitlement to compensation under 38 U.S.C. § 1151 for
residuals of a hernia repair.

The veteran's claim was previously denied in a March 2002 rating decision, on the
sole basis that "the medical evidence of record fails to show that a disability has
been clinically diagnosed." Since filing to reopen his claim, the evidence received
includes a March 2004 opinion by a private physician, D.S., M.D. that, as a result of

IN THE APPEAL OF                          SS .  . 12 4185
DAVID E. JONES


VA surgical treatment in January 2000, the veteran suffered a small bowel
obstruction and infection, which led to two additional surgeries. This opinion
provides competent medical evidence of additional disability and medical nexus,
two elements which were lacking at the time of the March 2002 decision. This
evidence was not previously submitted to agency decision-makers; it relates to an
unestablished fact necessary to substantiate the claim; it is neither cumulative nor
redundant of the evidence of record at the time of the last prior final denial of the
claim sought to be reopened; and it raises a reasonable possibility of substantiating
the claim. Therefore, the Board finds that reopening of the veteran's claim of
entitlement to compensation under 38 U.S.C. § 1151 for residuals of a hernia repair
is in order.


## ORDER


New and material evidence having been received, reopening of the claim of
entitlement to compensation under 38 U.S.C. § 1151 for residuals of a hernia repair
is granted.


## REMAND


The Board notes initially that the veteran's attorney has specifically requested that
the Board obtain any relevant quality assurance documents prepared by VHA in
connection with the veteran's January 2000 surgical procedure. However, as
pointed out in the August 2006 brief, the VA Adjudication Procedures Manual
M21-1, Chapter 22, paragraph 3 prohibits the RO from requesting or using such
records.


While the veteran's attorney has argued that statutory and regulatory provisions
allow for the use of such records "within the Department," because such records,
once obtained, must be considered in the claim, and records considered in the claim
must be disclosed to claimants under VA regulations and pertinent case law,
obtaining and using these records would inevitably entail disclosure. *See also*
*Loving v. Nicholson*, 19 Vet. App. 96 (2005). The Board can identify no authority


A73

IN THE APPEAL OF                                        SS :    12 4185
  DAVID E. JONES

within the provisions of 38 U.S.C.A. § 5705, or 38 C.F.R. § 17.501 that would
allow it to request quality assurance records for the purpose of adjudicating a
compensation claim, and no compelling reason to ask the RO to do that which its
own internal procedures specifically prohibit.

There is evidence of record that suggests that the veteran has current residuals of a
surgical hernia repair performed by VA in January 2000. However, the March 2004
opinion by the veteran's private physician, D.S., M.D was prepared without an
actual examination of the veteran, but was based solely on selected VA records
from October 1999 to March 2001.

Moreover, to qualify for compensation under 38 U.S.C.A. § 1151, the additional
disability or death must have been caused by hospital care, medical or surgical
treatment, or examination furnished by VA, and the proximate cause of the
disability or death must have been carelessness, negligence, lack of proper skill,
error in judgment, or similar instance of fault on the part of VA in furnishing such
treatment; or an event not reasonably foreseeable. The opinion of D.S. does not
address these crucial matters, nor does any other evidence currently of record.

Accordingly, the case is REMANDED to the RO of the AMC for the following
actions:

> 1. The RO or the AMC should send the veteran a letter
> requesting him to provide any pertinent evidence in his
> possession and any outstanding medical records pertaining
> to treatment or evaluation of his residuals of a hernia
> repair during the period of this claim or the identifying
> information and any necessary authorization to enable VA
> to obtain such records on his behalf.

> 2. The RO or the AMC should undertake appropriate
> development to obtain any pertinent evidence identified
> but not provided by the veteran. If the RO or the AMC is
> unsuccessful in its efforts to obtain any such evidence, it

A74

IN THE APPEAL OF                                   SS:    12 4185
DAVID E. JONES

should so inform the veteran and his representative and
request them to submit the outstanding evidence.

3. Then, the veteran should be afforded an examination
by a physician with appropriate expertise to determine the
nature and etiology of any current residuals of the January
2000 umbilical hernia repair. The claims folder must be
made available to and reviewed by the examiner.

Any indicated studies should be performed.

The examiner should provide an opinion as to whether the
veteran currently has any additional disability that was
caused by VA hospital care, medical or surgical treatment,
or examination. Any such additional disability should be
specifically identified by diagnosis and current clinical
findings.

If any current additional disability is diagnosed, the
examiner should provide an opinion as to whether there is
a 50 percent or better probability that the disability is the
result of carelessness, negligence, lack of proper skill,
error in judgment, or similar instance of fault on the part
of VA in furnishing such hospital care, medical or surgical
treatment, or examination; or whether such additional
disability was due to an event that was not reasonably
foreseeable. The rationale for all opinions expressed must
also be provided.

4. The RO or the AMC should also undertake any other
development it determines to be warranted.

5. Then, the RO or the AMC should adjudicate the
veteran's reopened claim on a de novo basis. If the benefit

IN THE APPEAL OF                                    SS⁻   12 4185

DAVID E. JONES

> sought on appeal is not granted to the veteran's
> satisfaction, he and his representative should be provided
> a supplemental statement of the case and an appropriate
> period of time for response.  The case should then be
> returned to the Board for further consideration, if
> otherwise in order.

No action is required of the appellant until he is otherwise notified but he has the
right to submit additional evidence and argument on the matter the Board has
remanded.  *See Kutscherousky v. West*, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment.  The law requires that all claims
that are remanded by the Board of Veterans' Appeals or by the United States Court
of Appeals for Veterans Claims for additional development or other appropriate
action must be handled in an expeditious manner.  *See* 38 U.S.C.A. §§ 5109B, 7112
(West Supp. 2005).

_____

Shane A. Durkin

Veterans Law Judge, Board of Veterans' Appeals

**Department of Veterans Affairs**

## YOUR RIGHTS TO APPEAL OUR DECISION

The attached decision by the Board of Veterans' Appeals (BVA or Board) is the final decision for all issues addressed in the "Order" section of the decision. The Board may also choose to remand an issue or issues to the local VA office for additional development. If the Board did this in your case, then a "Remand" section follows the "Order." However, you cannot appeal an issue remanded to the local VA office because a remand is not a final decision. *The advice below on how to appeal a claim applies only to issues that were allowed, denied, or dismissed in the "Order."*

If you are satisfied with the outcome of your appeal, you do not need to do anything. We will return your file to your local VA office to implement the BVA's decision. However, if you are not satisfied with the Board's decision on any or all of the issues allowed, denied, or dismissed, you have the following options, which are listed in no particular order of importance:

- Appeal to the United States Court of Appeals for Veterans Claims (Court)
- File with the Board a motion for reconsideration of this decision
- File with the Board a motion to vacate this decision
- File with the Board a motion for revision of this decision based on clear and unmistakable error.

Although it would not affect this BVA decision, you may choose to also:

- Reopen your claim at the local VA office by submitting new and material evidence.

There is *no* time limit for filing a motion for reconsideration, a motion to vacate, or a motion for revision based on clear and unmistakable error with the Board, or a claim to reopen at the local VA office. None of these things is mutually exclusive - you can do all five things at the same time if you wish. However, if you file a Notice of Appeal with the Court and a motion with the Board at the same time, this may delay your case because of jurisdictional conflicts. If you file a Notice of Appeal with the Court *before* you file a motion with the BVA, the BVA will not be able to consider your motion without the Court's permission.

**How long do I have to start my appeal to the Court?** You have 120 days from the date this decision was mailed to you (as shown on the first page of this decision) to file a Notice of Appeal with the Court. If you also want to file a motion for reconsideration or a motion to vacate, you will still have time to appeal to the Court. *As long as you file your motion(s) with the Board within 120 days of the date this decision was mailed to you,* you will then have another 120 days from the date the BVA decides the motion for reconsideration or the motion to vacate to appeal to the Court. You should know that even if you have a representative, as discussed below, *it is your responsibility to make sure that your appeal to Court is filed on time.*

**How do I appeal to the United States Court of Appeals for Veterans Claims?** Send your Notice of Appeal to the Court at:

**Clerk, U.S. Court of Appeals for Veterans Claims**
**625 Indiana Avenue, NW, Suite 900**
**Washington, DC 20004-2950**

You can get information about the Notice of Appeal, the procedure for filing a Notice of Appeal, the filing fee (or a motion to waive the filing fee if payment would cause financial hardship), and other matters covered by the Court's rules directly from the Court. You can also get this information from the Court's web site on the Internet at **www.vetapp.uscourts.gov**, and you can download forms directly from that website. The Court's facsimile number is (202) 501-5848.

To ensure full protection of your right of appeal to the Court, you must file your Notice of Appeal **with the Court,** not with the Board, or any other VA office.

**How do I file a motion for reconsideration?** You can file a motion asking the BVA to reconsider any part of this decision by writing a letter to the BVA stating why you believe that the BVA committed an obvious error of fact or law in this decision, or stating that new and material military service records have been discovered that apply to your appeal. If the BVA has decided more than one issue, be sure to tell us which issue(s) you want reconsidered. Send your letter to:

**Director, Management and Administration (014)**
**Board of Veterans' Appeals**
**810 Vermont Avenue, NW**
**Washington, DC 20420**

Remember, the Board places no time limit on filing a motion for reconsideration, and you can do this at any time. However, if you also plan to appeal this decision to the Court, you must file your motion within 120 days from the date of this decision.

**How do I file a motion to vacate?** You can file a motion asking the BVA to vacate any part of this decision by writing a letter to the BVA stating why you believe you were denied due process of law during your appeal. For example, you were denied your right to representation through action or inaction by VA personnel, you were not provided a Statement of the Case or Supplemental Statement of the Case, or you did not get a personal hearing that you requested. You can also file a motion to vacate any part of this decision on the basis that the Board allowed benefits based on false or fraudulent evidence. Send this motion to the address above for the Director, Management and Administration, at the Board. Remember, the Board places no time limit on filing a motion to vacate, and you can do this at any time. However, if you also plan to appeal this decision to the Court, you must file your motion within 120 days from the date of this decision.

**How do I file a motion to revise the Board's decision on the basis of clear and unmistakable error?** You can file a motion asking that the Board revise this decision if you believe that the decision is based on "clear and unmistakable error" (CUE). Send this motion to the address above for the Director, Management and Administration, at the Board. You should be careful when preparing such a motion because it must meet specific requirements, and the Board will not review a final decision on this basis more than once. You should carefully review the Board's Rules of Practice on CUE, 38 C.F.R. 20.1400 -- 20.1411, and *seek help from a qualified representative before filing such a motion.* See discussion on representation below. Remember, the Board places no time limit on filing a CUE review motion, and you can do this at any time.

**How do I reopen my claim?** You can ask your local VA office to reopen your claim by simply sending them a statement indicating that you want to reopen your claim. However, to be successful in reopening your claim, you must submit new and material evidence to that office. *See* 38 C.F.R. 3.156(a).

**Can someone represent me in my appeal?** Yes. You can always represent yourself in any claim before VA, including the BVA, but you can also appoint someone to represent you. An accredited representative of a recognized service organization may represent you free of charge. VA approves these organizations to help veterans, service members, and dependents prepare their claims and present them to VA. An accredited representative works for the service organization and knows how to prepare and present claims. You can find a listing of these organizations on the Internet at: www.va.gov/vso. You can also choose to be represented by a private attorney or by an "agent." (An agent is a person who is not a lawyer, but is specially accredited by VA.)

If you want someone to represent you before the Court, rather than before VA, then you can get information on how to do so by writing directly to the Court. Upon request, the Court will provide you with a state-by-state listing of persons admitted to practice before the Court who have indicated their availability to represent appellants. This information, as well as information about free representation through the Veterans Consortium Pro Bono Program (toll free telephone at: (888) 838-7727), is also provided on the Court's website at **www.vetapp.uscourts.gov.**

**Do I have to pay an attorney or agent to represent me?** Except for a claim involving a home or small business VA loan under Chapter 37 of title 38, United States Code, attorneys or agents cannot charge you a fee or accept payment for services they provide *before* the date BVA makes a final decision on your appeal. If you hire an attorney or accredited agent *within 1 year* of a final BVA decision, then the attorney or agent is allowed to charge you a fee for representing you before VA in most situations. An attorney can also charge you for representing you before the Court. VA cannot pay fees of attorneys or agents.

**Fee for VA home and small business loan cases:** An attorney or agent may charge you a reasonable fee for services involving a VA home loan or small business loan. For more information, read section 5904, title 38, United States Code.

In all cases, a copy of any fee agreement between you and an attorney or accredited agent must be sent to:

**Office of the Senior Deputy Vice Chairman (012)**
**Board of Veterans' Appeals**
**810 Vermont Avenue, NW**
**Washington, DC 20420**

The Board may decide, on its own, to review a fee agreement for reasonableness, or you or your attorney or agent can file a motion asking the Board to do so. Send such a motion to the address above for the Office of the Senior Deputy Vice Chairman at the Board.

DEPARTMENT OF VETERANS AFFAIRS
Regional Office
1601 Kirkwood Hwy
Wilmington DE  19805-4917

OCT 2 2 2007

DAVID E JONES
1 WARFEL DR.
PO BOX 165
DELAWARE CITY, DE 19706

In Reply Refer To:  460/21/DN/272
CSS 222 12 4185
JONES, David E

Dear Mr. Jones:

We made a decision on your appeal for service-connected compensation under 38 U.S.C. 1151 that was remanded to our office from the Board of Veterans Appeals on October 26, 2006.

This letter tells you about your entitlement amount and payment start date and what we decided. It includes a copy of our rating decision that gives the evidence used and reasons for our decision. We have also included information about additional benefits, what to do if you disagree with our decision, and who to contact if you have questions or need assistance.

## What Is Your Entitlement Amount And Payment Start Date?

Your monthly entitlement amount is shown below:

| Monthly Entitlement Amount | Payment Start Date | Reason For Change |
|---|---|---|
| $801.00 | Sep 1, 2003 | Original Award |
| 817.00 | Dec 1, 2003 | Cost of Living Adjustment |
| 839.00 | Dec 1, 2004 | Cost of Living Adjustment |
| 873.00 | Dec 1, 2005 | Cost of Living Adjustment |
| 901.00 | Dec 1, 2006 | Cost of Living Adjustment |

We are paying you as single veteran with no dependents.

## When Can You Expect Payment?

Your payment begins the first day of the month following your effective date. You will receive a payment covering the initial amount due under this award, minus any withholdings, in approximately 15 days. Payment will then be made at the beginning of each month for the prior month. For example, benefits due for May are paid on or about June 1.

A79

2

CSS 222 12 4185
Jones, David E

## What Did We Decide?

We granted compensation under the provisions of 38 U.S.C. 1151 for the following disability/disabilities:

| Medical Description | Percent (%) Assigned | Effective Date |
|---|---|---|
| Residuals of Hernia Repair | 60% | Aug 23, 2003 |

We have enclosed a copy of your Rating Decision for your review. It provides a detailed explanation of our decision, the evidence considered, and the reasons for our decision. Your Rating Decision and this letter constitute our decision based on your claim remanded to our office on October 26, 2006. It represents all claims we understood to be specifically made, implied, or inferred in that claim.

We enclosed a VA Form 21-8764a, "Disability Compensation under U.S.C. 1151," which explains certain factors concerning your benefits.

## How Do You Start Direct Deposit?

Your money may be deposited directly into your checking or savings account. This is the safest and most reliable way to get your money. For more information about Direct Deposit, please call us toll free by dialing 1-877-838-2778.

## Are You Entitled to Additional Benefits?

REDUCE OR ELIMINATE
YOUR MEDICAL CO-PAYMENTS

If you receive care at a VA medical facility, **please call our Health Benefits Call Center at 1-877-222-VETS (8387) or notify your local VA medical center** of this change in your compensation benefits. This rating decision may reduce or eliminate your co-payments for your VA-provided medical care. You may also be eligible for a refund based on this rating decision. Information regarding VA health care eligibility and co-payments is available at our website **www.va.gov/healtheligibility**.

3

CSS 222 12 4185
Jones, David E

## What You Should Do If You Disagree With Our Decision.

If you do not agree with our decision, you should write and tell us why. You have *one year from the date of this letter to appeal the decision.* The enclosed *VA Form 4107, "Your Rights to Appeal Our Decision,"* explains your right to appeal.

## SC 1151

### Restrictions on Benefits Paid Under 38 U.S.C. 1151

You are receiving compensation for a disability incurred as a result of treatment at a VA facility. Compensation for such disability is paid *as if* the condition were incurred in service. With the possible exception of the annual clothing allowance, there is no entitlement to other ancillary benefits that the receipt of disability compensation normally allows.

### Prohibition Against The Duplication of Benefits

If you have filed a tort claim to recover damages from VA based on residuals of hernia repair, please bear in mind that you cannot receive both VA compensation and a court settlement. VA compensation must be withheld until an amount equal to the settlement received has been recouped.

If you have already received a settlement, please tell us the amount you received and submit evidence supporting the figure claimed. Otherwise, please keep this offset requirement in mind if you have a current tort claim pending or file one in the future. Thank you. The following paragraphs provide more detailed information regarding the offset requirement.

a. **General.** If a veteran is injured under circumstances which result in possible entitlement to benefits under 38 U.S.C. 1151, the veteran may also seek a judgment against the United States in a civil action. The veteran may sue and recover damages after a trial. More often, the veteran will agree to a settlement or compromise. This means the veteran signs away the right to sue in court in return for payment of an agreed amount for damages. The prohibition against duplication of benefits applies whenever the veteran receives a sum of money or property to settle a legal claim arising from injury.

b. **Tort Claim.** It makes no difference if the award or settlement amount to the veteran is called a settlement, compromise, administrative award, tort award or

4

CSS 222 12 4185
Jones, David E

judgment.  For purposes of this subchapter, the term "judgment" includes all of these
terms.

c. **Offset Required.**  The total amount received by the veteran from a judgment for
a disability for which entitlement to benefits arises under 38 U.S.C. 1151 is subject to
offset until an amount equal to the judgment has been recouped from the veteran's
compensation (38 CFR 3.800(a)).  It does not matter whether the judgment compensates
for economic loss (loss of earning capacity) or for non-economic loss, e.g., pain and
suffering.  **Attorney's fees, court costs, and other expenses incident to the claim are
not deductible from the total amount awarded  (VAOPGPREC 07-94).**

## Do You Have Questions Or Need Assistance?

If you have any questions, you may contact us by telephone, e-mail, or letter.

| If you | Here is what to do. |
|---|---|
| Telephone | Call us at 1-800-827-1000.  If you use a Telecommunications Device for the Deaf (TDD), the number is 1-800-829-4833. |
| Use the Internet | Send electronic inquiries through the Internet at https://iris.va.gov. |
| Write | Put your full name and VA file number on the letter.  Please send all correspondence to the address at the top of this letter. |

In all cases, be sure to refer to your VA file number 222 12 4185.  If you are looking for
general information about benefits and eligibility, you should visit our web site at
https://www.va.gov, or search the Frequently Asked Questions (FAQs) at https://iris.va.gov.

We sent a copy of this letter to your representative, Professor Thomas J. Reed, whom you can
also contact if you have questions or need assistance.

Sincerely yours,

*Paul Comstock*

**Paul Comstock**
**Veterans Service Center Manager**
Email us thru https://iris.va.gov
Enclosure(s):  Rating Decision, VA Form 21-8764a, VA Form 4107
cc:  Professor Thomas J. Reed

M21-1, Part I, Appendix A, Section I, page Pum-01as1

*Code ; Code*

**Code 12** - GRANT-Disability under the provisions of 38 U.S.C. 351.

Click here

12. Disability determined to be the result of (hospitalization), (medical or surgical treatment), (vocational), (rehabilitation training), (examination), and not the result of willful misconduct, entitlement under 38 U.S.C. 351.

_____        _____

(Diag. Code        (Diagnosis)
Number)

(**)% from _____

*Insert abbreviation for latest complete period of veterans service.

**If prior evaluations are involved, repeat this line as many times as necessary to show each historical evaluation on a separate line. Furnish historical evaluations only to the extent necessary, consistent with sound rating practice.

**Code 15.** - DENIAL-No disability resulting from hospitalization, medical or surgical treatment or vocational rehabilitation, or examination-38 U.S.C. 351.

Click here

15. No additional disability resulting from VA authorized hospitalization,

medical or surgical treatment, vocational rehabilitation or examination.

____(Diag.)____

When code, 15 is used, enter the diagnostic code, and diagnosis under code 8 as appropriate with % if applicable.

NOTE: Use this code only for the initial disallowance of benefits claimed under 38 U.S.C. 351 and not brought forward on subsequent ratings.

File



## DEPARTMENT OF VETERANS AFFAIRS
### Wilmington, Delaware
### 1601 Kirkwood Highway
### Wilmington, DE 19805

### David E. Jones

### VA File Number
### 222 12 4185

### Represented by:
### AGENT OR PVT ATTY-EXCLUSIVE CONTACT NOT REQUESTED

### Decision Review Officer Decision
### September 24, 2007

## INTRODUCTION

The records reflect that you are a veteran of the Korean Conflict Era. You served in the Army from January 28, 1952 to November 19, 1953. The Board of Veterans Appeals remanded the case to our office on October 26, 2006. Based on a review of the evidence listed below, we have made the following decision(s) on your claim.

## DECISION

Compensation for residuals hernia repair is granted under 38 U.S.C. 1151 with an evaluation of 60 percent effective August 23, 2003.

## EVIDENCE

- VA examination, VAMC Wilmington, DE, dated August 21, 2007 and addendum dated September 11, 2007
- Board of Veterans Appeals Remand dated October 26, 2006

David E. Jones
222 12 4185
Page 2

- Letter from Robert C Villare, MD, MPA, Delaware Valley Physicians & Surgeons, PA dated June 20, 2007

## REASONS FOR DECISION

### Entitlement to compensation under 38 U.S.C. 1151 for residuals hernia repair.

Compensation is payable for any disability which results from VA hospitalization, medical or surgical treatment, vocational rehabilitation, compensated work therapy program, or as the result of having submitted to a VA medical examination. Entitlement to compensation for residuals hernia repair is established because this disability resulted from medical or surgical treatment.

The Board of Veterans Appeals remanded the veterans appeal for additional development. All development has been completed. We requested an examination and an opinion as required by the remand.

Letter from Dr. Villare dated June 20, 2007 showed that records provided by the veteran's attorney were reviewed. It was noted that you underwent an elective repair of reducible umbilical hernia on January 11, 2000. You were discharged on January 12, 2000. You returned to the emergency room two days after being discharged because of "vomiting of stool" and being very ill. You were taken to the operating room on that same day for emergency laparotomy. You were discharged on January 21, 2000. You were seen again on February 7, 2000 because of shortness of breath, fever, chills and malaise. This is consistent with infection and sepsis. In fact, a wound infection was diagnosed, drained and treated. These post operative infection complications led to the finding of a recurrent peri-umbilical/ventral hernia. This required another surgical procedure on March 13, 2001 to repair the recurrent peri-umbilical/ventral hernia. It is evidenced from the records that you experience residual pain as a result of the three operative procedures and complications which accompanied those procedures. Dr. Villare further stated that although he had not examined you, from the records it is apparent that there is mild to moderate residual physical impairment due to the abdominal pain and scarring from his multiple surgeries.

You reported to VA examiner that you have nausea and vomiting at least a few times a week. There is no blood in the stools. You noted that you get very constipated and go every 3-4 days requiring Ex-Lax. You noted the pain is such that you do not go out very much. Your pain is constant and steady and you described it as 8 out of 10 on the pain scale. Examiner noted the abdomen was very sensitive to touch in all four quadrants. There was a healed scar extending from the epigastric area down to below the umbilicus. Bowel sounds were positive. It was noted that you have lost 30 pounds since 2000. Examiner noted that you had hernia repair in 2000 and three days later you had to go in for repair with more extensive surgery. VA examiner noted that it is more than 50

David E. Jones
222 12 4185
Page 3

percent likely that the disability is a result of the fault on part of VA when you were treated for your umbilical hernia in 2000.

Based on residuals of vomiting, constipation, weight loss and constant pain an evaluation of 60 percent is assigned from August 23, 2003, the date of your reopened claim as you have continuously pursued this claim through the appeals process. An evaluation of 60 percent is assigned for symptoms of pain, vomiting, material weight loss, and hematemesis or melena with moderate anemia, or other symptom combinations productive of severe impairment of health.

This disability is not specifically listed in the rating schedule; therefore, it is rated analogous to a disability in which not only the functions affected, but anatomical localization and symptoms, are closely related. This is the highest evaluation given for this disability. Consideration has been given to the extraschedular provisions of 38 CFR 4.16(b) and 3.321(b)(1), but this disability does not present such an exceptional or unusual disability picture as to warrant referral to the Director, Compensation and Pension Service, because the evidence does not show a marked interference with employment or frequent periods of medical care due to the service connected condition.

### This is a full grant of benefit on appeal

**REFERENCES:**

Title 38 of the Code of Federal Regulations, Pensions, Bonuses and Veterans' Relief contains the regulations of the Department of Veterans Affairs which govern entitlement to all veteran benefits. For additional information regarding applicable laws and regulations, please consult your local library, or visit us at our web site, www.va.gov.

| Decision Review Officer Decision | Department of Veterans Affairs Wilmington, Delaware | | | Page 1 09/24/2007 |
|---|---|---|---|---|
| NAME OF VETERAN David E. Jones | VA FILE NUMBER 222 12 4185 | SOCIAL SECURITY NR 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 | POA AGENT OR PVT ATTY-EXCLUSIVE CONTACT NOT REQUESTED | COPY TO |

| ACTIVE DUTY | | | |
|---|---|---|---|
| EOD | RAD | BRANCH | CHARACTER OF DISCHARGE |
| 01/28/1952 | 11/19/1953 | Army | Honorable |

| LEGACY CODES | | | |
|---|---|---|---|
| ADD'L SVC CODE | COMBAT CODE | SPECIAL PROV CDE | FUTURE EXAM DATE |
| | 1 | | None |

**JURISDICTION:** BVA Remand Dated 10/26/2006

**ASSOCIATED CLAIM(s):** 172; Grant of Benefits 09/24/07

**SUBJECT TO COMPENSATION (1. SC)**

    7399-7346          RESIDUALS HERNIA REPAIR
                        1151 Granted Medical/Surgical
                        60% from 08/23/2003

*COMBINED EVALUATION FOR COMPENSATION :*

    60% from 08/23/2003

**NOT SERVICE CONNECTED/NOT SUBJECT TO COMPENSATION (8.NSC Korean Conflict)**

    7338          PO, RESIDUALS HERNIA REPAIR
                      Not Service Connected, No Diagnosis

    7804          SCARS
                      Not Service Connected, No Diagnosis

D. COCHRANE, DRO

DEPARTMENT OF VETERANS AFFAIRS
WASHINGTON, DC 20420

IN THE APPEAL OF
DAVID E. JONES

CSS 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

## BRIEF IN SUPPORT OF RECONSIDERATION OF ADMINISTRATIVE CLAIM

### ISSUES

**I.** DID THE NATIONAL VETERANS SERVICE OFFICER FOR VIET NAM VETERANS OF AMERICA, WHILE ACTING AS INTERMEDIARY BETWEEN THE DEPARTMENT OF VETERANS AFFAIRS AND JONES, MISLEAD OR MIS-DIRECT JONES SO AS TO PREVENT HIM FROM FILING A TIMELY ADMINISTRATIVE CLAIM?

**II.** DID VAMC MEDICAL CENTER PERSONNEL COMMIT BATTERY ON JONES?

**III.** DID JONES SUBMIT SUBSTANTIAL PROOF OF FAULT OR NEGLECT B Y VAMC MEDICAL CENTER PERSONNEL LEADING TO EMERGENCY SURGERY TWO DAYS AFTER HIS HERNIA REPAIR?

### STATEMENT OF FACTS

David E. Jones, the claimant, has filed a claim under 238 U.S.C. § 2672 for medical malpractice by VAMC Wilmington, DE, personnel, the recitation of Jones' military history is abbreviated.

#### 1. *Service History.*

Jones was drafted into the U.S. Army on 28 January 1952. He received an honorable discharge on 19 November 1953. (DD-214) he served two years in the National Guard from 19 November 1953 to November, 1955.

#### 2. *Service Medical History*

Jones' service medical records were lost in the 1973 fire at NARA and are not available for this decision. Since Jones does not claim an in-service occurrence of injury or disease resulting in current symptomatology, the absence of these records is not crucial to a decision in

1

In order to obtain sufficient information to permit Dr. Shulkin to give an opinion on medical malpractice, Jones requested all quality assurance documents pertaining to his surgery, a request that was repeated at regular intervals from June, 2005 through January, 2006. (See letters to C. T. Keenan dtd 7 Jun. 2005, 11 Jul. 2005, 7 Sep. 2005, 5 Oct. 2005, 7 Nov. 2005, 14 Dec. 2005, 9 Jan. 2006) The Regional Office failed to respond to these requests.

On 2 September 2005, the Regional Office sent Jones a Statement of the Case (SOC dtd 2 Sep. 2005) Jones submitted his Form 9. Jones' BVA hearing was held at VA Regional Office, Wilmington, DE, on 23 August 2006. Jones and his daughter, Mrs. Vicki Snyder, gave sworn testimony relating to the issue of informed consent and negligence as stated above. Jones asks that the Office of General Counsel request a copy of the transcript from Judge Durkin and review the transcript before reaching a decision on this request

## SUMMARY OF ARGUMENT

Jones contends that his administrative claim, although filed after the two year claim bar period, was filed late because he was illiterate and relied on the National Veterans Service Officer of the Vietnam Veterans of America for assistance in presenting his claim. Since Jones was illiterate, he needed reading assistance for every form that he had to complete to prosecute his claim under 38 U.S.C. § 1151 and 28 U.S.C § 2672. The National Veterans Service Officer receives half his salary from the Department of Veterans Affairs, and any failure on his part to explain to Jones his rights under law should be imputed to the Department of Veterans Affairs.

Jones asserts that he did not give informed consent to the hernia repair surgery because he was illiterate and no one explained to him the risks associated with hernia repair, including adhesions and the risk of post-operative peritonitis.

Jones also contends that he has furnished ample evidence of negligent conduct on the part of Dr. Eisenberg and those physicians, nurses and students who took part in his operation

# Veterans Assistance Program

### A Pro Bono Litigation Program Sponsored by
Widener University School of Law & Delaware Volunteer Legal Services, Inc.
4601 Concord Pike P.O. Box 7474 • Wilmington, DE 19803-0474

Room 219 School of Law
Prof. Reed: Direct Dial Number:
302-477-2070

Tel: (302) 477-2090
Fax   (302) 477-2257
tjreed@mail.widener.edu

24 August 2006
BY CERTIFIED MAIL

Tim S. McClain
General Counsel
Department of Veterans Affairs
810 Vermont Ave. N.W.
Washington, DC 20420

RE: David E. Jones, Administrative Claim, Request for Reconsideration

Dear Mr. McClain:

David E. Jones, claimant, respectfully requests reconsideration of his Administrative Tort Claim, which was denied by the Office of Regional Counsel on 5 June 2006 on two grounds: (a) failure to file a timely administrative claim; and (b) failure to establish negligence or a wrongful act or omission on the part of any employee of the federal government.

## A. TWO YEAR PERIOD WITHIN WHICH TO FILE ADMINISTRATIVE CLAIM

Jones requests that you reconsider the find that his administrative claim was untimely filed for the following reasons.

Mr. Jones is illiterate. Unless written matter is read and explained to him, he is not capable of understanding and comprehending his rights and obligations. His failure to file a Form 95 within two years after his failed hernia repair was due to confusion in his mind about the claim for benefits under 38 U.S.C. § 1151. This contention is supported by Mr. Jones' affidavit, attached to this request for reconsideration as Attachment A.

## B. EVIDENCE OF INTENTIONAL OR NEGLIGENT WRONGS

1. Intentional Wrongs

Mr. Jones is illiterate. He informed the VA Medical Center staff at the time of his hernia repair that he had trouble reading. He was not given a release form did not sign a release form

Exhibit O                    A90

REQUEST FOR RECONSIDERATION
PAGE TWO

and no consent to surgery is in his VA claim file. Any injury that flowed from an operation which was not subject to informed consent as required by VA Handbook 1004.1 was a battery and the Secretary of Veterans Affairs is responsible for that harm done.

2. Negligent Acts

Mr. Jones' VA medical record was reviewed by Dr. David Shulkin M.D., at that time Chief of Medicine at Temple University Hospital, Philadelphia, PA. He identified four specific acts of negligent conduct. One of those acts in his opinion, was the lack of informed consent. In addition to the absence of consent: Dr. Shulkin noted that:

i. Failure to give written discharge instructions

ii. Failure to use pre-operative antibiotics for a high risk patient.

In his opinion, these were instances where the VAMC medical personnel failed to give adequate care and in particular, failure to use pre-operative antibiotics. Doctor Shulkin could not form an expert opinion on the operation itself since the post-operative summary on the original hernia repair is not part of Jones' VA claim file. Since this is an administrative claim, Mr. Jones is in no position to engage in formal discovery to obtain the missing documents from his hernia repair.

Doctor Shulkin's report was submitted to the Office of Regional Counsel in 2004. A copy is attached to the request for reconsideration for your convenience.

C. BRIEF IN SUPPORT OF REQUEST FOR RECONSIDERATION

A brief in support of this request for reconsideration is attached to this request.

Sincerely,

Thomas J. Reed
Prof. of Law & Staff Attorney

TJR:tjr
Encl:
Cy: David E. Jones, Vicki Snyder