UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID E. JONES, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 07-743-MPT |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY BRIEF IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COLM F. CONNOLLY
United States Attorney

By: Seth M. Beausang (De. I.D. No. #4071)
Assistant United States Attorney
1007 N. Orange Street, Suite 700
Post Office Box 2046
Wilmington, Delaware 19899-2046
(302) 573-6277

DATED: August 26, 2008.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.      PLAINTIFF DID NOT TIMELY PRESENT AN ADMINISTRATIVE CLAIM... . . . . . . 3

II.     PLAINTIFF HAS NOT MET HIS BURDEN TO SHOW THAT EQUITABLE
        TOLLING APPLIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        A.      *Plaintiff Has The Burden To Show That Equitable Tolling Applies.*. . . . . . . . . . . 7

        B.      *Plaintiff Has Not Met His Burden To Show That Equitable Tolling Applies.*. . . . . 8

        C.      *Glarner Does Not Apply Here.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        D.      *The Other Cases Plaintiff Cites Also Do Not Apply Here.* . . . . . . . . . . . . . . . . . . 12

        E.      *Plaintiff Is Not Entitled To Equitable Tolling Based On The VVA's Conduct.* . . . 15

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

Arbas v. Nicholson,
    403 F.3d 1379 (Fed. Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Bailey v. West,
    160 F.3d 1360 (Fed. Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

Bartus v. United States,
    930 F. Supp. 679 (D. Mass. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-13

Blue v. United States,
    567 F. Supp. 394 (D. Conn. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Bradford Hosp. v. Shalala,
    108 F. Supp. 2d 473 (W.D. Pa. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Burns v. United States,
    764 F.2d 722 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12

Cetel v. Kirwan Financial Group, Inc.,
    460 F.3d 494 (3d Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Christides v. Zuckerman,
    No. 03 C 6319, 2004 WL 1005750 (N.D. Ill. May 4, 2004). . . . . . . . . . . . . . . . . . . . . . 7

Courtney v. La Salle Univ.,
    124 F.3d 499 (3d Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Deutsch v. United States,
    67 F.3d 1080 (3d Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Glarner v. United States, Dept. of Veterans Admin.,
    30 F.3d 697 (6th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

Hedges v. United States,
    404 F.3d 744 (3d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 14-15

Hughes v. United States,
    263 F.3d 272 (3d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**PAGE**

Irwin v. Dep't of Veterans Affairs,
  498 U.S. 89 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8, 16

Jackson v. United States,
  488 F. Supp. 2d 191 (N.D.N.Y. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Kokotis v. U.S. Postal Serv.,
  223 F.3d 275 (4th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Lake v. Arnold,
  232 F.3d 360 (3d Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Littlejohn v. United States,
  321 F.3d 915 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Livera v. First Nat'l State Bank of New Jersey,
  879 F.2d 1186 (3d Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6

Magdalenski v. United States,
  977 F. Supp. 66 (D. Mass. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12

Mansfield v. Peake,
  525 F.3d 1312 (Fed. Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

Obeng v. Delaware State Police,
  No. 04-1248 (GMS), 2005 WL 1592951 (D. Del. July 7, 2005). . . . . . . . . . . . . . . . . 5-6

Pace v. DiGuglielmo,
  544 U.S. 408 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Perez v. United States,
  167 F.3d 913 (5th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Podobnik v. U.S. Postal Serv.,
  409 F.3d 584 (3d Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Sch. Dist. of Allentown v. Marshall,
  657 F.2d 16 (3d Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Seitzinger v. Reading Hosp. & Med. Ctr.,
  165 F.3d 236 (3d Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**PAGE**

Slater v. United States,
    No. 05-12372, 175 Fed. App'x 300, 306 (11th Cir. Apr. 10, 2006). . . . . . . . . . . . . . 4, 12

United States v. Kubrick,
    444 U.S. 111 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10, 12

United States v. Midgley,
    142 F.3d 174 (3d Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Whitaker v. Nicholson,
    No. 06-3018, 2006 WL 3431830 (W.D. Ark. Nov. 29, 2006). . . . . . . . . . . . . . . . . . . . 12

Winters v. United States,
    No. 91-2074, 1992 WL 11317, 953 F.2d 1392 (10th Cir. Jan. 23, 1992) (table). . . . 10-11

Yates v. United States,
    No. 06-1876, 2008 WL 2152061 (E.D. Pa. May 21, 2008),
    vacated (E.D. Pa. June 17, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**RULES, STATUTES, AND REGULATIONS**

28 U.S.C. § 2401(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 2675(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

 38 U.S.C. § 1151. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

38 C.F.R. § 3.103. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

38 C.F.R. § 14.604(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9-11

38 C.F.R. § 14.628(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# PRELIMINARY STATEMENT[1]

The FTCA's two-year statute of limitations began running on Plaintiff's claims on January 13, 2000, when Plaintiff realized he had suffered complications from a surgery to repair an umbilical hernia.  (Op. Br. at 11-12.)  On March 13, 2000, Plaintiff went to the VVA, a veteran service organization, and "inquired about making a claim for disability."  (Ans. Br. at 18.)  It is undisputed that the VVA then submitted paperwork asking the VA to open for Plaintiff a claim for disability compensation "for complications from [an] operation received at Wilmington VA Hospital for hernia operation, and scars."  (App'x at A9, A13, A25.)  It is also undisputed that neither Plaintiff, nor the VVA, ever alleged negligence in any communication with the VA until Plaintiff did so more than three years later, on June 2, 2003.  (Op. Br. at 4-8.)  Nor did Plaintiff or the VVA ever suggest to the VA during that time that Plaintiff wanted to do anything other than pursue a claim for disability benefits.  (Id.)  It was only after the VA initially denied Plaintiff's disability benefit claim that he sought advice from a lawyer and presented a tort claim.  (Id. at 8.)  These circumstances make it clear that Plaintiff did not present an administrative tort claim to the VA prior to June 2, 2003, which was nearly eighteen months after the FTCA's statute of limitations expired, and that Plaintiff has not met his burden to show that he is entitled to equitable tolling of the statute of limitations.

Plaintiff attempts to save his case by first arguing that the paperwork the VVA submitted in support of his disability benefit claim somehow also qualified as an administrative tort claim for purposes of the FTCA.  Clear Third Circuit precedent shows that Plaintiff is wrong.  Among other reasons, the paperwork the VVA submitted in support of Plaintiff's disability benefit claim

---

[1]The VA's Opening Brief is cited herein as Op. Br. at ___.  Plaintiff's Answering Brief is cited as Ans. Br. at ___.  The parties' joint appendix is cited as App'x at ___.

could not qualify as an administrative tort claim because it did not contain a sum certain. Also, that paperwork presented a disability benefit claim, not a tort claim.

Plaintiff next attempts to save his case by arguing that he is entitled to equitable tolling of the statute of limitations. Plaintiff asks the Court to create a rule requiring the VA to provide a SF-95 form (the form used to file an administrative tort claim) to any veteran who files for disability benefits after receiving medical treatment. Plaintiff claims he is entitled to equitable tolling because the VA violated this "rule."

The problem with Plaintiff's argument is that there is no authority for the rule that he claims the VA violated. The VA's regulations require the VA to provide an SF-95 form to every veteran who "inquires as to the procedure for filing a [negligence] claim," but here it is undisputed that Plaintiff did not allege negligence in any communication with the VA prior to June 2, 2003. The cases Plaintiff cites that allowed equitable tolling did so only because the veterans in those cases alleged negligence within the statute of limitations and in conjunction with their disability benefit claims. Obviously, those cases are distinguishable from this one because Plaintiff did not allege negligence. Plaintiff does not cite a single case that allowed equitable tolling of the FTCA's statute of limitations merely because a veteran first applied for disability benefits because there are no such cases. Indeed, many courts – including the Supreme Court – have barred FTCA claims as untimely even where the veterans bringing those claims had timely applied for disability benefits.

Finally, Plaintiff appears to argue that he should be entitled to equitable tolling because, he claims, the VVA mishandled his FTCA claim. In support of this argument Plaintiff points out that the VA has certified the VVA as a veteran service organization approved to present

2

disability benefit claims on behalf of veterans and that, after the Plaintiff filed his disability benefit claim, the VA encouraged the Plaintiff to continue to use the VVA to help prosecute his disability benefit claim.

Plaintiff's argument should be rejected. There is no authority for the proposition that a veteran is entitled to equitable tolling with respect to a FTCA claim merely because a veteran service organization – which the VA approves to present disability benefit claims, not tort claims – failed to advise the veteran of all of his or her legal options. Rather, the well-settled rule is that a litigant is not entitled to equitable tolling merely because that litigant's representative negligently compromised the litigant's claim. This Court should not create an exception to that rule merely because the VA certified the VVA as an organization that could prosecute Plaintiff's disability benefit claim. Moreover, the evidence shows that the VVA did just what Plaintiff asked it to do – it applied to the VA for disability benefits for Plaintiff. There is no evidence that Plaintiff asked the VVA to do anything else. For all of these reasons, Plaintiff has not met his burden to show that he is entitled to equitable tolling of the FTCA's statute of limitations. Thus, Plaintiff's Complaint should be dismissed.

## ARGUMENT

## I.  PLAINTIFF DID NOT TIMELY PRESENT AN ADMINISTRATIVE CLAIM.

In his brief to the VA, Plaintiff (through counsel) admitted that he did not timely file an administrative tort claim. (A89.) Plaintiff now reverses course and argues that the VVA's March 13, 2000 letter to the VA, in which asked the VA to open a claim for disability benefits for Plaintiff, somehow qualified as a timely administrative tort claim. Plaintiff is wrong.

The VVA's March 13 letter asked the VA to "open a claim for service connected

3

disability," and cited the regulations that apply to a disability benefit claim, 38 C.F.R. § 3.103. (A9.)  That letter did not allege negligence, or suggest in any way that Plaintiff wanted to do anything other than pursue a claim for disability benefits.  Put simply, the VVA's letter did not qualify as an administrative tort claim because it presented the VA with a claim for *disability benefits*, not a *tort claim* as the FTCA requires.  See 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . .").

Plaintiff is asking this Court to create a rule whereby a veteran who presents the VA with a disability benefit claim will be deemed, as a matter of law, to have also presented an administrative tort claim pursuant to the FTCA.  There is, of course, no legal authority to support such a rule.  To the contrary, the caselaw is clear that a veteran does not satisfy the FTCA's administrative claim requirement merely by applying for disability benefits.  See, e.g., Slater v. United States, No. 05-12372, 175 Fed. App'x 300, 306 (11th Cir. Apr. 10, 2006) (unpublished) (affirming the dismissal of the plaintiff's FTCA claim for lack of subject matter jurisdiction, and holding, "The second fatal flaw in Slater's argument is that he appears to assume that his disability benefit claim with the VA sufficed to put it on notice of his tort claim."); Magdalenski v. United States, 977 F. Supp. 66, 71 (D. Mass. 1997) (holding that the plaintiff's disability benefit claim did not qualify as an administrative claim in part because "there was no reason for the [VA] to treat Magdalenski's [disability benefit] claim as an FTCA claim"); Burns v. United States, 764 F.2d 722, 724 (9th Cir. 1985) (holding that the plaintiff had not timely presented an administrative tort claim to the VA even though the veteran applied for disability benefits immediately after his surgery); cf. Mansfield v. Peake, 525 F.3d 1312, 1319 (Fed. Cir. 2008)

4

("The SF-95 was just what it purported to be: the administrative agency claim seeking damages for tortious misconduct that is a prerequisite to filing an FTCA suit based on the same conduct. It was not a claim for veterans' disability benefits."); United States v. Kubrick, 444 U.S. 111, 114 (1979) (holding that the plaintiff's FTCA claim was barred even though the plaintiff had filed a disability benefit claim within the FTCA's two-year statute of limitations).  Plaintiff's argument that the VVA's March 13 letter qualified as an administrative tort claim under the FTCA should therefore be rejected.

Moreover, as Plaintiff is forced to admit, the VVA's March 13 letter did not state the amount of Plaintiff's claim as the FTCA requires.  See 28 U.S.C. § 2675(b) ("Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency . . . .").  Although, in very limited circumstances, courts have equitably tolled the FTCA's two-year time limit for presenting an administrative tort claim, see, e.g., Hughes v. United States, 263 F.3d 272, 278 (3d Cir. 2001), there is no equitable or any other exception to the FTCA's rule that a tort claim must be presented to the federal agency, for a sum certain, before a federal court can exercise subject matter jurisdiction over the claim, see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) ("To be properly presented to the federal agency, the [FTCA] damages claim must be for a sum certain."); Livera v. First Nat'l State Bank of New Jersey, 879 F.2d 1186, 1195 (3d Cir. 1989) ("[W]e are nonetheless compelled to find the complaint inadequate for administrative purposes under the Tort Claims Act since the complaint failed to state damages in a sum certain as mandated by 28 C.F.R. § 14.2(b)(1), which sets forth the content standards required for tort claims against the United States."); Obeng v. Delaware State Police, No. 04-1248 (GMS), 2005 WL 1592951, at *2 (D. Del. July 7, 2005) ("Fulfillment

5

of the administrative claim requirement is an essential prerequisite to the court's subject matter jurisdiction over an FTCA claim."). Because the VVA's March 13 letter did not state the amount of Plaintiff's claim, it could not qualify as an administrative tort claim pursuant to the FTCA. See Livera, 879 F.2d at 1195. The form that Plaintiff submitted in support of his disability benefit claim could not qualify for the same reasons.

Plaintiff asks the Court to waive the FTCA's sum certain requirement on the authority of two district court opinions that waived the requirement in the context of inmate lawsuits. The district court opinions that Plaintiff cites have no validity in this circuit, were wrongly decided, and should not be followed. In Yates v. United States, No. 06-1876, 2008 WL 2152061 (E.D. Pa. May 21, 2008), the district court exercised jurisdiction over a FTCA claim, even though the plaintiff never provided a sum certain, but after the Government moved for reconsideration on the ground that there is no equitable exception to the FTCA's sum certain requirement, the court vacated its opinion. (Ex. A.) The district court also waived the sum certain requirement in Blue v. United States, 567 F. Supp. 394 (D. Conn. 1983), but the Third Circuit has explicitly rejected that holding. See Livera, 879 F.2d at 1194-95 (rejecting Blue and holding that an administrative claim must state a sum certain). Plaintiff's request that this Court waive the sum certain requirement should be denied.

Plaintiff's last attempt to get around the FTCA's sum certain requirement is to argue that he timely submitted an administrative tort claim when he applied for disability benefits, and then amended that claim, and included a sum certain, when he submitted his SF-95 form on June 2, 2003. (Ans. Br. at 15.) That argument should be rejected. The regulation that Plaintiff cites, 38 C.F.R. § 14.604(c), permits amendment of an administrative tort claim only if the original claim

6

was "presented in compliance" with the regulations that require the inclusion of a sum certain. In other words, a claim cannot be amended unless, among other things, it already included a sum certain. <u>See, e.g.</u>, <u>Christides v. Zuckerman</u>, No. 03 C 6319, 2004 WL 1005750, at *5 (N.D. Ill. May 4, 2004); <u>Kokotis v. U.S. Postal Serv.</u>, 223 F.3d 275, 280 (4th Cir. 2000) ("An amendment of a claim can only occur if a complete claim, including a sum certain, is filed before the statute of limitations expires."). Because Plaintiff neither presented a tort claim, nor included a sum certain, until June 2, 2003 – i.e., after the FTCA's two-year statute of limitations had expired – his Complaint should be dismissed unless he meets his burden to show that he is entitled to equitable tolling. As explained in the next section, Plaintiff has not met his burden, and his Complaint should therefore be dismissed.

## II.    PLAINTIFF HAS NOT MET HIS BURDEN TO SHOW THAT EQUITABLE TOLLING APPLIES.

### A.    *Plaintiff Has The Burden To Show That Equitable Tolling Applies.*

Plaintiff claims there is a rebuttable presumption that he is entitled to equitable tolling, and that the VA has the burden to rebut that presumption. (Ans. Br. at 16.) Plaintiff is wrong.

The case upon which Plaintiff relies, <u>Irwin v. Dep't of Vet. Affairs</u>, merely held that there is a rebuttable presumption that, in suits against the Government, the applicable statutes of limitations are potentially subject to equitable tolling, as opposed to limits on a court's subject matter jurisdiction. 498 U.S. 89, 95-96 (1990). In other words, although there is a presumption that the FTCA's two-year statute of limitations can *potentially* be equitably tolled in certain, limited circumstances, that does not mean that there is a presumption that it should be tolled in any particular case. Rather, it is well-settled in this circuit that equitable tolling should be

allowed only "sparingly," and that the limits on equitable tolling "must be scrupulously observed." Irwin, 498 U.S. at 96; Sch. Dist. of Allentown v. Marshall, 657 F.2d 16, 19 (3d Cir. 1981). It is also well-settled that the party seeking the benefit of equitable tolling always has the burden to show that it applies.[2] See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Cetel v. Kirwan Financial Group, Inc., 460 F.3d 494, 509 (3d Cir. 2006); Podobnik v. U.S. Postal Serv., 409 F.3d 584, 591 (3d Cir. 2005); Courtney v. La Salle Univ., 124 F.3d 499, 505 (3d Cir. 1997). Plaintiff has not met his burden.

**B.   *Plaintiff Has Not Met His Burden To Show That Equitable Tolling Applies.***

In the Third Circuit, equitable tolling is allowed only "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Hedges v. United States, 404 F.3d 744, 753 (3d Cir. 2005); see also United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998) ("Absent a showing of intentional inducement or trickery by the defendant, a statute of limitations should be tolled only in the 'rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice.'").

---

[2]Although Plaintiff is correct that the VA has the burden to show that Plaintiff did not present an administrative claim before the expiration of the FTCA's two-year statute of limitations (Ans. Br. at 16), here, the facts material to that issue are not in dispute. Specifically, it is undisputed that Plaintiff (1) knew that he had been injured immediately after his surgery at the VA on January 11, 2000; (2) filed a claim for disability benefits, without alleging negligence or stating a sum certain, on March 13, 2000; and (3) did not allege negligence until he filed his SF-95 form June 2, 2003. The only thing in dispute is the legal ramifications of those facts. The VA contends that, under the law, those facts mean that the statute of limitations began to run on Plaintiff's FTCA claim no later than January 13, 2000, that Plaintiff did not present his FTCA administrative tort claim until June 2, 2003, and that Plaintiff has not met his burden to show that he is entitled to equitable tolling.

Plaintiff's equitable tolling claim is directed at the "intentional inducement or trickery" prong, and rests almost entirely on the following, erroneous, contention: Plaintiff claims the VA had a duty to provide him with a SF-95 form merely because he applied for disability benefits. (See Ans. Br. at 18 ("The VA owed [Plaintiff] . . .the duty of supplying him with the proper form, since he had inquired about making a claim for disability.").)[3] According to Plaintiff, he is entitled to equitable tolling because the VA breached its duty. (Id.) As explained below, Plaintiff is wrong.

The VA's regulations require the VA to provide a SF-95 form to every person who "inquires as to the procedure for filing a claim against the United States, predicated on a negligent or wrongful act or omission of an employee of the Veterans Administration." 38 C.F.R. § 14.604(a). Here, Plaintiff did not "inquire[] as to the procedure for filing a claim against the United States." He merely filed a claim for disability benefits, which claim was not dependent on a finding that the VA committed negligence.[4] (See Op. Br. at 5, 13-14.) Plaintiff

---

[3]Plaintiff also appears to argue that the VA induced him to miss the FTCA's statute of limitations because it certified the VVA as an organization that could prosecute Plaintiff's disability benefit claim. As explained infra, that argument should also be rejected.

[4]As the VA explained in its Opening Brief, a veteran injured by medical treatment at a VA facility is eligible to receive disability benefits if, among other things, the VA provided negligent medical care, *or*, if there was no negligence but the veteran's injuries were not "reasonably foreseeable." 38 U.S.C. § 1151(a)(1)(A) & (B); (see also Op. Br. at 17 n.7.) Here, Plaintiff applied for disability benefits, and he did not allege negligence but rather alleged that his injuries were caused by "complications" from his surgery. Alleging "complications" does not allege, or even suggest, negligence, it merely alleges that something "unexpected" happened. See http://www.merriam-webster.com/dictionary/complication (last visited August 25, 2008) (defining "complication" as "a difficult factor or issue often appearing unexpectedly and changing existing plans, methods, or attitudes," and "a secondary disease or condition developing in the course of a primary disease or condition"). In other words, Plaintiff's disability benefit application made it clear to the VA that Plaintiff was seeking disability benefits on the basis that his injuries were not "reasonably foreseeable," and not because of alleged negligence.

did not allege negligence until he filed his SF-95 form on June 2, 2003.  (Id. at 4-8.)  As a result, the VA did not violate any duty to Plaintiff.  Instead, the VA assisted Plaintiff with a disability benefit claim just like Plaintiff requested.[5]  Plaintiff is not entitled to equitable tolling.

**C.    _Glarner_ Does Not Apply Here.**

The case upon which Plaintiff relies most heavily, Glarner v. United States, Dep't of Veterans Admin., 30 F.3d 697 (6th Cir. 1994), does not apply here.  In Glarner, the Sixth Circuit held that the VA breached its duty to provide a veteran with a SF-95 form because, in that case, when the veteran applied for disability benefits, at the same time, the veteran *specifically alleged that the VA committed negligence*.  Id. at 701-02.  Because the veteran specifically alleged negligence, albeit in the context of his claim for disability benefits, the Sixth Circuit held that the VA's regulations required the VA to provide the veteran with a SF-95 form.  Id. (citing 38 C.F.R. § 14.604(a)).  Because Plaintiff *did not* allege negligence in the context of his disability benefit claim, Glarner does not apply.[6]

---

[5]As the VA explained in its Opening Brief, the VA was forced to deny Plaintiff's disability benefit claim after Plaintiff refused to respond to the VA's repeated requests for more information.  (Op. Br. at 7-8.)  Plaintiff was able to convince the VA to reopen his disability benefit claim, and ultimately the VA awarded Plaintiff benefits corresponding to a 60% disability rating.  Plaintiff is seeking to increase his disability rating to 100%.  (Ans. Br. at 10 n.3.)  Were Plaintiff to recover anything in this case his disability payments would cease until the amount of the payments withheld equaled the tort award.  See Kubrick, 444 U.S. at 116 n. 5.

[6]As the VA explained in its Opening Brief, even if this case were similar to Glarner, which it is not, the VA contends that the Third Circuit would not follow the more liberal equitable tolling standard set forth in Glarner.  (See Op. Br. at 17 n.7.)  The Third Circuit would more likely follow the reasoning in the Tenth Circuit's unpublished decision in Winters v. United States, No. 91-2074, 1992 WL 11317, 953 F.2d 1392 (10th Cir. Jan. 23, 1992) (table).  In Winters, after a veteran had surgery at a VA facility and suffered an injury, the veteran submitted a letter to the VA asking for an increase in his disability benefits, and also alleged that the VA had committed negligence.  1992 WL 11317, at *1.  After the VA denied the veteran's disability benefit claim, the veteran filed an untimely FTCA action, and argued that the FTCA's statute of

Here, Plaintiff is asking this Court not merely to follow <u>Glarner</u>, but to *expand* its holding, and to do so in a circuit where equitable tolling is to be applied "sparingly," and where the limits on equitable tolling "must be scrupulously observed." Even though Plaintiff does not appear to dispute the fact that he did not allege negligence when he applied for disability benefits (putting Plaintiff in a different position than the veteran in <u>Glarner</u>), Plaintiff nevertheless argues that the VA had a duty to provide him with a SF-95 form.[7] In short, Plaintiff is asking this Court to create a rule whereby every veteran who applies for disability benefits following medical treatment at a VA facility automatically will be entitled to a SF-95 form, or, if one is not provided, then equitable tolling with respect to any FTCA claim the veteran might have. Because Plaintiff is asking this Court to both impose a duty on the VA, and expand the equitable tolling doctrine, without any supporting legal authority, Plaintiff's request should be denied.

limitations should be equitably tolled from the time he sought disability benefits because the VA never provided him with a SF-95 form. <u>Id.</u> at *3. The Tenth Circuit rejected that argument, stating, "Plaintiff's letter did not request information on how to file a claim against the United States. Instead, it set forth his claim for increased disability benefits. Furthermore, a claim for governmental benefits under § 14.604 is not a claim under the FTCA." <u>Id.</u> As the VA explained in its Opening Brief, although a claim for disability benefits does not depend on a finding that the VA committed negligence, such a finding *could* entitle a veteran to disability benefits. (Op. Br. at 17 n.7.) Accordingly, even if Plaintiff had alleged negligence in the context of his disability benefit claim (which he did not), contrary to the reasoning in <u>Glarner</u>, that would not suggest to the VA that Plaintiff wanted to do anything other than pursue a claim for disability benefits.

[7]Even though Plaintiff never alleged negligence, Plaintiff also argues that the VA should have sent Plaintiff a SF-95 form because "[e]ven the most cursory review of what happened to Mr. Jones *per se* indicated possible negligence." (Ans. Br. at 11.) The notion that the VA has a duty to provide a form to every veteran who possibly may have been injured by the VA's negligence has no legal support. The VA has a duty to provide the form only when a veteran "inquires as to the procedure for filing a [negligence] claim." 38 C.F.R. § 14.604(a). Moreover, the notion that there was obvious negligence – or, indeed, *any* negligence – committed in this case is refuted by the Plaintiff's first expert who opined that there was no "evidence of improper surgical or medical care or errors in judgment on the part of the physicians involved in this case." (Op. Br. at 9; App'x at A64.)

Moreover, if the Court were to accept Plaintiff's argument that Plaintiff is entitled to equitable tolling merely because he applied for disability benefits, and the VA failed to tell him that he had not preserved his negligence claim (Ans. Br. at 18-19), the Court would have to implicitly call into question the holdings of the many courts that have barred as untimely FTCA claims by veterans even though the veterans had timely applied for disability benefits.  See, e.g., Slater, 175 Fed. App'x at 306; Magdalenski, 977 F. Supp. at 71; Burns, 764 F.2d at 724; Whitaker v. Nicholson, No. 06-3018, 2006 WL 3431830, at *1 (W.D. Ark. Nov. 29, 2006) ("Even if, as plaintiff contends, he submitted a blank FTCA claim form with his disability benefits appeal letter, the submission contained no demand for damages and the Court does not believe that it provided sufficient information to trigger an investigation by the VA into a possible FTCA claim."); cf. Kubrick, 444 U.S. at 114 (holding that the plaintiff's FTCA claim was barred even though the plaintiff had filed a disability benefit claim within the FTCA's two-year statute of limitations).  Those cases make it clear that a veteran is not entitled to equitable tolling regarding a FTCA claim merely because the veteran previously applied for disability benefits.  Plaintiff's request for an expansion of the equitable tolling doctrine should be denied.

**D.**    ***The Other Cases Plaintiff Cites Also Do Not Apply Here.***

The other cases that Plaintiff cites also do not apply here.  For example, in Bartus v. United States, after a veteran was injured by surgery at a VA facility, he spoke with a VA benefits counselor "about filing a negligence claim against the VA."  930 F. Supp. 679, 680 (D. Mass. 1996).  The VA employee told the veteran he would file the claim on the veteran's behalf, and the veteran would not have to pay for this service.  Id.  Instead, the VA employee helped the veteran file a claim for disability benefits only, and the veteran ultimately missed the statute of

12

limitations for filing his FTCA claim.  Id.  In Bartus, the veteran was entitled to equitable tolling

because the veteran specifically asked a VA employee "about filing a negligence claim," and

instead of providing the veteran with the proper form, the VA employee helped the veteran file a

claim for disability benefits.  In contrast to Bartus, here the Plaintiff never alleged negligence in

any communication with the VA.  Instead, he asked the VA to open a claim for him for disability

benefits, which the VA did.  Thus, Bartus does not apply.[8]

    The Federal Circuit's en banc decision in Bailey v. West, 160 F.3d 1360 (Fed. Cir. 1998)

also does not help Plaintiff.  In Bailey, a veteran wanted to appeal the VA's decision on his

disability benefit claim, went to the VA Regional Office, and was told by a Veterans Benefit

Counselor that "she would take care of it."  Bailey, 160 F.3d at 1361.  In fact, the counselor sent

the veteran's appeal to the wrong office, and the veteran missed the 120-day deadline for filing

his appeal.  Id. at 1362.  The Federal Circuit concluded that under those circumstances, equitable

---

[8]Jackson v. United States, 488 F. Supp. 2d 191 (N.D.N.Y. 2007) and Perez v. United States, 167 F.3d 913 (5th Cir. 1999) are distinguishable for the same reason.  In Jackson, the plaintiff contacted the VA "to make a claim for compensation benefits for cervical myelopathy due to *lack of treatment* at the [] VA."  Jackson, 488 F. Supp. 2d at 193 (emphasis added).  The district court held that this statement effectively identified plaintiff to the VA as a person wanting to sue the VA under the FTCA, because "there should be no shibboleth to identify FTCA claimants in cases like the one at bar."  Id. at 196.  The court therefore held that the plaintiff's request had triggered the VA's duty to provide the plaintiff with a Form SF-95.  Id. at 196.  Here, as explained in the VA's Opening Brief and herein, Plaintiff repeatedly presented himself as someone seeking nothing more than disability benefits.  Plaintiff simply never alleged negligence, and his written communications with the VA indicated that Plaintiff was not alleging negligence but was seeking disability benefits on the grounds that his injuries were not reasonably foreseeable.  (See supra at 9 n.5.)  Thus, Jackson does not apply.  In Perez, the plaintiff had sent a letter to the Texas National Guard specifically stating that the plaintiff wanted to pursue a negligence claim against the agency, and the agency violated its regulations when it failed to explain to the plaintiff the procedures for pursuing such a claim.  Perez, 167 F.3d at 918-19.  The Fifth Circuit held that the plaintiff was entitled to equitable tolling in part because the agency violated its own regulations.  Id. at 919.  Here, the VA did not violate any of its regulations.  Perez does not apply.

tolling of the deadline was appropriate. Id. at 1365 ("Although there is no suggestion of misconduct, such as tricking Bailey into missing the 120 day filing deadline, we nevertheless conclude that a veteran's inducement by an adversary's conduct is akin to grounds sufficient to toll a limitations period in a private suit."). In Bailey, unlike here, the veteran was dealing directly with the VA, his adversary, and the VA employee mishandled the veteran's claim. Here, the VA did not induce Plaintiff, through trickery or otherwise, to file a claim for disability benefits only. Rather, the VA did just what Plaintiff asked it to do – it opened for Plaintiff a claim for disability benefits. Thus, Bailey does not apply.[9] [10]

The district court's decision in Bradford Hosp. v. Shalala, 108 F. Supp. 2d 473 (W.D. Pa. 2000) also does not help Plaintiff. The Bradford court merely noted that "numerous courts have applied equitable tolling when the agency's failure to follow its own regulations causes the plaintiff to miss a statutory or regulatory deadline." Bradford, 108 F. Supp. 2d at 487. Here, the VA did not fail to follow its own regulations, nor did it otherwise induce the Plaintiff to miss the

---

[9]Even if Bailey had some similarity to the case here, this Court should be wary when applying Federal Circuit caselaw regarding equitable tolling in the Third Circuit. For example, while the Federal Circuit seems to allow equitable tolling due to a plaintiff's mental or physical disability, see, e.g., Arbas v. Nicholson, 403 F.3d 1379, 1381 (Fed. Cir. 2005), the Third Circuit clearly does not, see, e.g., Lake v. Arnold, 232 F.3d 360, 367 (3d Cir. 2000); Hedges, 404 F.3d at 753.

[10]Bailey is also distinguishable because in Bailey, the issue was whether to toll the statute of limitations that applied to the veteran's appeal of the VA's determination of his disability benefit claim. The court in Bailey tolled the statute of limitations in part because of the veteran's reliance on "the particular relationship between veterans and the government" when a veteran applies for disability benefits. Id. at 1365. Disability benefit claims are adjudicated pursuant to a non-adversarial administrative process, in contrast to FTCA claims which are pursued through adversarial litigation. See 69 Fed. Reg. 46,426, 46,427 (Aug. 3, 2004); see also Littlejohn v. United States, 321 F.3d 915, 920 (9th Cir. 2003) ("Disability hearings are ex parte and non-adversarial."). Thus, the reasoning in Bailey should not be extended to this case, where the VA and Plaintiff do not have a special relationship but rather are adversaries in civil litigation.

14

FTCA's two-year statute of limitations.

**E.    *Plaintiff Is Not Entitled To Equitable Tolling Based On The VVA's Conduct.***

Finally, to the extent Plaintiff is claiming he is entitled to equitable tolling because the VVA did not advise him of all his legal options, that claim should be rejected for several reasons. First of all, the VVA's alleged failure to advise Plaintiff of all of his legal options does not mean that Plaintiff missed the FTCA's filing deadline due to any "intentional inducement or trickery" by the VA. Plaintiff attempts to hold the VA liable for the actions of the VVA by pointing out that the VA has recognized the VVA as an organization that "provide[s] responsible, qualified representation in the preparation, presentation, and prosecution of claims for title 38 U.S.C., benefits." 38 C.F.R. § 14.628(c); (see also Ans. Br. at 8.) However, the fact that the VA approved the VVA to present *disability benefit claims* on behalf of veterans does not mean that the VA approved the VVA to either present *FTCA claims*, or provide legal advice to veterans unrelated to a disability benefit claim.[11] Plaintiff also points out that, after Plaintiff filed for disability benefits, the VA sent Plaintiff form letters stating that the VVA could continue to help Plaintiff with his disability benefit claim. (Ans. Br. at 8, 18; see also App'x at A55, A96.) However, those letters obviously could not reasonably induce the Plaintiff to rely on the VVA for anything other than the prosecution of his disability benefit claim. Thus, the VA should not be held liable for the VVA's alleged failure to advise Plaintiff that he could also file a FTCA claim.

---

[11]Plaintiff also points out that the VA's website states that organizations like the VVA are "federally chartered and/or recognized or approved by the VA Secretary for purposes of preparation, presentation, and prosecution of claims under laws administered by the Department of Veterans Affairs." (Ans. Br. at 8.) That simply means that the VA approved the VVA to present claims for disability benefits (i.e., "claims under laws administered by the Department of Veterans Affairs") on behalf of veterans..

Cf. Hedges, 404 F.3d at 752 (holding that the plaintiff was not entitled to equitable tolling merely because the government employee failed to advise the plaintiff of all of his legal options).

Also, the VVA's alleged failure to advise Plaintiff of all his of legal options should not entitle Plaintiff to equitable tolling because of the well-settled rule that a litigant is not entitled to equitable tolling merely because the litigant's representative negligently compromises the litigants claim. See, e.g., Irwin, 498 U.S. at 96 ("the principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect"); see also Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999) ("The usual rule is that attorney errors will be attributed to their clients."). The Court should not create an exception to that rule merely because the VA approved the VVA to present disability benefit claims on behalf of veterans. Even if the VVA could somehow be said to have induced Plaintiff to miss the FTCA's statute of limitations, and even if the VA is said to have induced Plaintiff to rely on the VVA to prosecute his disability benefit claim, there is no evidence that the VA induced Plaintiff to rely on the VVA with respect to his FTCA claim.

Finally, the evidence shows that the VVA did just what Plaintiff asked it to do – it opened a disability benefit claim for Plaintiff. (See Ans. Br. at 18 (stating that Plaintiff "had inquired about making a claim for disability").) There is no allegation in the Complaint or otherwise that Plaintiff told the VVA that he wanted to sue the VA for negligence and that the VVA provided him with the wrong form. Thus, even if the VA were somehow liable for the VVA's conduct, equitable tolling still would not be appropriate in this case. For all of these reasons, Plaintiff has not met his burden to show that he is entitled to equitable tolling of the FTCA's statute of limitations, and, as a result, his Complaint should be dismissed.

16

**CONCLUSION**

For all of the reasons stated above, the Government respectfully requests that the Court

dismiss Plaintiff's Complaint as barred by the FTCA's two-year statute of limitations.

DATED:   August 26, 2008.


                                   Respectfully submitted,

                                   COLM F. CONNOLLY
                                   United States Attorney


                          By:   /s/ Seth M. Beausang
                                   Seth M. Beausang (De. I.D. No. 4071)
                                   Assistant U.S. Attorney
                                   District of Delaware
                                   The Nemours Building
                                   1007 N. Orange Street, Suite 700
                                   Wilmington, DE  19899-2046
                                   (302) 573-6277

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

KIMBERLY YATES, ET AL.,       :
                    :

      Plaintiffs,         :       CIVIL ACTION
                    :

       v.             :       NO.  06-1876

UNITED STATES OF AMERICA, ET  :
AL.,                      :

     Defendants.        :

## ORDER

**AND NOW**, this \_\_\_\_ day of June 2008, upon consideration of Defendant United States of America's Motion for Reconsideration or, in the Alternative, for Certification for Interlocutory Appeal (Doc. 36), **IT IS HEREBY ORDERED and DECREED** that:

1.    Defendant's Motion for Reconsideration (Doc. 36) is **GRANTED**; and

2.    The Court's Memorandum and Order dated May 20, 2008 (Doc. 34) is **VACATED**.

                        **BY THE COURT:**

                        /s/ **Petrese B. Tucker**

                        _____
                        **Hon. Petrese B. Tucker, U.S.D.J.**