# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID E. JONES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 07-743-MPT |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

### I. Procedural History

David Jones ("Jones") filed the present matter against the United States of

America on November 20, 2007 alleging three counts: negligent medical practice, lack

of informed consent, and battery. Defendant moved for summary judgement pursuant

to Fed. R. Civ. P. 56(c) and filed its opening brief on July 17, 2008. Jones answered on

August 12, 2008 and defendant's reply brief was filed on August 26, 2008. Defendant

argues that, as a matter of law, Jones is foreclosed from any recovery by operation of

the applicable two year statute of limitations. Defendant also maintains that there is no

equitable tolling of the limitations period.

### II. Factual Background[1]

David Jones, a Korean War veteran, sought medical care from the Wilmington

VA Medical Center ("VAMC") for a sore, protruding umbilical hernia on November 19,

1999. Surgery was recommended and on January 11, 2000, he underwent outpatient

---

[1] The factual background is predominantly taken from Jones' complaint and the documents attached to the parties' briefs.

surgical repair of his hernia. After the surgery, Jones was admitted to the VAMC for observation and discharged on January 12, 2000. On the following day while at home, he began vomiting stool, which resulted in an emergency admission on January 14, 2000. Thereafter, Jones underwent an emergency exploratory laparotomy, an evacuation of an abdominal wall hematoma and repair of a serosal tear. Following those surgeries, he remained in intensive care and was discharged on January 21, 2000. After his discharge, he experienced additional post-operative infectious complications. Those complications lead to a diagnosis of facial defect and a ventral hernia, which required further surgical intervention on March 9, 2001.[2] Jones maintains that because of the alleged negligence of the government, he is completely disabled from his job as a truck driver, has difficulty controlling his bowels and lives in constant pain. Basically, Jones contends that his life has dramatically changed as a result of a botched, routine hernia procedure.

On March 13, 2000, Jones sought help from the Vietnam Veterans of America ("VVA"). The VVA is a congressionally charter organization which provides assistance in filing appropriate requests for financial and other assistance from the federal government.[3] With his authorization,[4] the VVA advised the Veteran's Administration ("VA") that Jones "wishes to open a claim for service connected disability for complications from [an] operation received at Wilmington VA Hospital for [a] hernia

---

[2] Absent equitable tolling, March 9, 2001 would be the latest date from which the limitations period would begin to run.
[3] The VVA, a private organization, does not receive any funding from federal, state or local governments. Its stated goal includes "holding government agencies accountable for following laws mandating veterans['] health care."
[4] Jones apparently executed a power of attorney with the VVA.

operation, and scars." That letter mentioned no assertions or claims of negligence against the government.[5] In accordance with procedures, the VA responded by providing Jones with a form 21-526, the form to request disability benefits pursuant to 38 U.S.C. § 1151. On March 15, 2000, in a letter to Jones, the VA assured him that it was "working on his claim," but it had not received the 21-526 form. The letter further advised that the form must be completed and filed within a year.

Jones completed the form and returned it to the VVA, which in turn forwarded it to the VA on December 18, 2000. On that form, under the heading "nature of sickness, disease or injuries for which this claim is made and the date each began," Jones stated "s/c ["service connected"] disability for complications from operation received at VAMC, Wilmington for hernia operation and scars." The VA acknowledged receipt of the form on January 16, 2001. Because Jones allegedly failed to provide adequate evidence of his disability, the VA denied benefits on March 22, 2002. That decision became final on March 22, 2003 because Jones failed to appeal.[6]

Shortly after the denial of benefits, Jones claims that he learned of his right to file a FTCA action. On May 29, 2003, he retained counsel. On May 30, 2003, counsel wrote to the VA advising them of Jones' FTCA claim and enclosed a completed Standard Form 95 ("SF-95"), which included a sum certain amount for damages.[7] That form was received by the VA on June 2, 2003.

---

[5] Jones maintains that he did not know that he could bring a claim under the Federal Torts Claim Act ("FTCA") against the VA. He denies that the VVA advised him of his right to bring such a claim.

[6] During the year plus time period of its review, the VA communicated with Jones and requested further information regarding his disability. Usually, the VVA responded on Jones' behalf to any such inquiries. In the denial decision, Jones was notified of his right to appeal and was advised that the appeal time would expire within a year, that is, on March 22, 2003.

[7] A SF-95 form is the form to initiate a FTCA claim.

3

On August 19, 2003, Jones' disability claim was re-opened. Finally, after additional evidence was submitted and his claim went through the appeals process, on September 27, 2007, Jones was assigned a sixty percent disability rating and granted retroactive and continuing disability benefits.[8]

## III. Standard of Review

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[9] At the summary judgment stage, the court is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue of material fact for trial.[10] The moving party bears the burden of proving that no genuine issue of material fact exists.[11] "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[12] If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'"[13] The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the

---

[8] Disability benefits were retroactive to the date he moved to reopen his claim. They will continue indefinitely. Periodic cost of living adjustments were included in the disability award.

[9] Fed. R. Civ. P. 56(c).

[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[11] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n.10 (1986).

[12] *Horowitz v. Fed. Kemper Life Assurance Co.,* 57 F.3d 300, 302 n.1 (3d Cir.1995) (internal citations omitted).

[13] *Matsushita,* 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) (emphasis omitted)).

4

motion."[14]  The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue.[15]  If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law.[16]

## IV. Analysis

### The Applicable Limitations Period Expired

Pursuant to 28 U.S.C. § 2401, a claim for negligence against the government under the FTCA must be brought within two years from when the claim accrues.[17] Further, 28 C.F.R. § 14.2 provides that a claim is presented when an executed SF-95, accompanied by a claim for money damages in a sum certain, is received by the government agency.[18]  According to the facts as alleged by Jones, he clearly did not file his SF-95 form within the two year limitation period.  Under strict application of the limitations period, Jones' claim accrued after the first operation on January 11, 2000. His SF-95 FTCA claim form was not submitted until May 30, 2003, and received on June 2, 2003.  Under a more lenient approach, his claim accrued after the final

---

[14] *Pennsylvania Coal Ass'n v. Babbitt,* 63 F.3d 231, 236 (3d Cir.1995).

[15] *See Anderson,* 477 U.S. at 249.

[16] *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

[17] 28 U.S.C. § 2401(b) provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."  Moreover, medical malpractice claims accrue under the FTCA when a plaintiff possesses "facts that he has been hurt and who has inflicted the injury."  *United States v. Kubrick*, 444 U.S. 110, 125 (1979).

[18] 28 C.F.R. § 14.2(a) states that "[f]or purposes of the provisions of 28 U.S.C. § 2401(b) . . . a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury . . . ."

5

Case 1:07-cv-00743-MPT  Document 35  Filed 11/20/08  Page 6 of 12 PageID #: 324

corrective operation on March 9, 2001; however, even applying this date, Jones' FTCA claim still falls outside of the two year statute of limitations because his SF-95 form was not filed until more than two years after that surgery.

Jones argues that the submission of the 21-526 form for his disability claim on March 13, 2000 provides the requisite notice for a FTCA claim.[19]  Jones maintains that, since an FTCA claim may be amended at any time before a final determination,[20] he could add negligence allegations and the required sum certain. As a result, Jones argues that he met the notice and sum certain requirements for a valid FTCA claim within the two year limitation period.

His argument fails for two reasons. First, the letter of March 13, 2000 never mentioned any a negligence claim or any claim based on the FTCA against the government. Although the regulations cited by Jones do allow for "other written notification" to suffice, Jones never provided any notification of a negligence claim. Neither his letter nor his disability claim form mention negligence or an FTCA claim. They only reference a claim for disability benefits. Under the plain meaning of the regulation, neither his letter nor his disability form requesting disability benefits equate to providing notice of negligence.[21]

---

[19] Jones focuses on the "or other written notification" part of 28 C.F.R. § 14.2(a) and 38 C.F.R. § 14.604(b) which provides that "[a] claim shall be deemed to have been presented when Department of Veterans Affairs receives from a claimant . . . an executed SF-95 or other written notification of an incident, together with a claim for money damages in a sum certain . . . ."

[20] 38 C.F.R. § 14.604(c) states that  "[a] claim presented in compliance with paragraphs (a) and (b) of this section may be amended by the claimant at any time prior to final Department of Veterans Affairs action . . . ."

[21] *See Slater v. United States*, 175 F. App'x. 300, 306 (11th Cir. 2006) (unpublished) (holding that plaintiff's disability claim to the VA was inadequate notice for a subsequent FTCA claim); *Magdalenski v. United States Government*, 977 F. Supp. 66, 71 (D. Mass. 1997) (holding that plaintiff's letter which explicitly made out a claim under section 351 was not adequate notice for an FTCA claim).

6

Second, assuming *arguendo* that his letter or disability claim form adequately notified of a negligence claim, the lack of a sum certain makes both incomplete and insufficient to meet the administrative requirements for an FTCA claim.[22]

Jones argues that *Yates v. United States*[23] and *Blue v. United States*[24] found that notice under the FTCA may be adequate without a sum certain provided. In those cases, prison inmates were allowed to proceed under the FTCA despite not filing the official claim form and not alleging a sum certain.[25] Jones' reliance on *Blue* and *Yates* is misplaced.

The Third Circuit has specifically rejected the analysis of *Blue* in *Livera v. First National State Bank*.[26] There, the plaintiffs argued that they had sufficiently complied with the notice requirements of the FTCA through the filing of their complaint in the district court, relying on *Blue*. In *Livera*, the Third Circuit reinforced its prior decisions that "time-bars with respect to the filing of claims against the United States must be *strictly* construed."[27] The court acknowledged that although it has taken a liberal approach to the contents of pleadings, it has "remained steadfast to a *strict application* of the filing requirements themselves" under the FTCA and was "compelled to find the complaint inadequate for administrative purposes under the [FTCA]" because it "failed

---

[22] *Livera v. First National State Bank of New Jersey*, 879 F.2d 1186 (3d Cir. 1989).

[23] No. 06-1876, 2008 WL 2152061 (E.D. Pa May 21, 2008).

[24] 567 F. Supp. 384 (D. Conn. 1983).

[25] *Id.* at 399; *Yates,* 2008 WL 2152061 at *5 ("It is undisputed that Restrepo failed to complete a SF-95, but via her various mailings describing the incident and the injuries she sustained, she did provide Defendant with 'other written notification of the incident.'")

[26] 879 F.2d at 1194-95.

[27] *Id.* (citing *Tucker v. United States Postal Service*, 676 F.2d 954 (3d Cir. 1982)) (where the court determined that presentation of a claim within the two year period is critical for satisfaction of the statute of limitations) (emphasis added).

7

to state damages in a sum certain as mandated by 28 C.F.R. § 14.2(b)(1)."[28]

Although *Yates* was decided by the Eastern District of Pennsylvania, a district court within the Third Circuit, it decided to exercise jurisdiction over an FTCA claim where the plaintiff never provided a sum certain by relying on the analysis in *Blue*, which was rejected by *Livera*. The Pennsylvania court subsequently granted the government's motion for reconsideration and vacated its initial decision.

Under the *Livera* analysis, Jones never timely presented an administrative claim because he failed to present a tort claim and never included a sum certain amount until long after the two year limitation period had passed. As a result, no alleged amendment occurred by the filing of the SF-95 form on June 2, 2003. 38 C.F.R. § 14.604(c) requires the original claim to be "presented in compliance" before any amendment of the administrative tort claim could occur. Compliance is met by the inclusion of a sum certain in the administrative claim.[29] Therefore, absent a basis to toll the limitations period, Jones' action will be dismissed.

### No Equitable Tolling

The statute of limitations period may be equitably tolled to extend the time available for filing under certain conditions. In the Third Circuit, in order for a limitations period to be equitably tolled, the plaintiff has the burden of showing one of three situations: "'1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; 2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or 3) where the plaintiff has timely asserted

---

[28] *Id*. (emphasis added).

[29] *Kokotis v. U.S. Postal Serv.*, 223 F.3d 274, 280 (4th Cir. 2000) ("An amendment of a claim can only occur if a complete claim, including a sum certain, is filed before the statue of limitations expires.").

8

his or her rights mistakenly in the wrong forum.'"[30]  The relief of equitable tolling should be used sparingly and only in rare cases.[31]  The issue herein is whether Jones was misled by the VVA or VA not to file a SF-95 form because they failed to provide that form to him or failed to apprise him of his legal option under the FTCA at the outset.  It is undisputed that neither extraordinary circumstances nor a mistake of forum exist.

That issue rests on what duty, if any, does the VA owe a potential claimant. Jones asserts that the case of *Glarner v. United States* from the Sixth Circuit controls.[32] In *Glarner*, the plaintiff was injured when his hip was improperly cast in a dislocated position at a Veterans Administration Medical Center.[33]  Thereafter, he sought the assistance of the Disabled American Veterans ("DAV").  He told the DAV that he believed that he was totally disabled as a result of his medical treatment and wanted to file a negligence claim.[34]  The DAV then filed a disability claim, and neither provided nor filed a SF-95 form for negligence against the government.[35]  In that case, the statute of limitations on the FTCA claim was equitably tolled because the DAV did not provide the services that the plaintiff requested.[36]  The plaintiff clearly indicated that he wanted to file a negligence claim; instead, the DAV pursued a disability claim.  By pursuing the

---

[30] *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005) (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997)); *see also United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998); *Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748, 753 (3d Cir. 1983).

[31] *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly."); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999) ("[C]ourts must be sparing in their use of equitable tolling."); *Midgley*, 142 F.3d at 179 ("Federal courts invoked the doctrine of equitable tolling 'only sparingly,' and will not toll a statute because of 'what is at best a garden variety claim of excusable neglect' on the part of the [claimant].").

[32] *Glarner v. United States*, 30 F.3d 697 (6th Cir. 1994).

[33] *Id.* at 699.

[34] *Id.*

[35] *Id.*

[36] *Id.* at 701 (citing 38 C.F.R. § 14.604(a)).

9

disability matter and failing to provide the plaintiff with a SF-95 form, the court found that the government breached its duty under 38 C.F.R. § 14.604(a).[37]

Unlike the case at bar, the plaintiff in *Glarner* specifically requested to file a negligence claim and was provided the wrong form. As a result, the government breached its obligation under in 38 C.F.R. § 14.604(a) that a person "who inquires as to the procedure for filing a claim . . . predicated on a negligent or wrongful act or omission of an employee of the Department of Veterans Affairs . . . will be furnished with a copy of SF-95 . . . ." Jones' request to the government was specifically for a disability claim and not for negligence. Therefore, the government did not breach its oblgiation under 38 C.F.R. § 14.604(a).

Jones further argues that the duty to aid veterans is not simply to provide the services that are requested, but also to advise and counsel them as to their legal options. To support this proposition, Jones references 38 C.F.R. § 3.103(a) which states in relevant part that:

> Proceedings before VA are ex parte in nature, and it is the obligation of the VA to assist a claimant in developing the facts pertinent to the claim and render a decision which grants every benefit that can be supported in law while protecting the interests of the Government.

Jones interprets this regulation as requiring the VA to provide legal counsel or act as a legal advisor. However, Jones cites no case law or other legal authority applying such a duty.

---

[37] Additionally, the Sixth Circuit applies a five factor test for equitable tolling that is materially different from the requirements for equitable tolling in the Third Circuit. *Id.* at 702 ("The factors this court considers in deciding whether to apply the doctrine of equitable tolling are (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.").

Rather, the case law in the Third Circuit speaks to an opposite result. In *Hedges v. United States*, the plaintiff sought help in filing a claim against the government for damage to his boat.[38] He sought advice from the National Park Service and the Department of Interior. Both agencies informed him of his administrative FTCA claim and told him to file a SF-95 form: neither advised him of his judicial claim under the Suits in Admiralty Act ("SAA").[39] The court held that the SAA's two year statute of limitations period should not be equitably tolled because the plaintiff was not misled by the agencies.[40] The court explicitly stated that there was no active duty to advise:

> Further, and more importantly, there is no record evidence, nor does Hedges contend, that Government officials advised Hedges that he did not have a judicial remedy, or should not pursue one in addition to his administrative claim. Hedges cites no cases for the proposition that the Government has an affirmative duty to inform litigants, including pro se litigants, that they have viable judicial, as well as administrative remedies . . . We are unwilling to place such responsibility on the Government which has inquires from millions of individuals each year.[41]

The court established that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."[42]

Therefore, contrary to Jones' argument, the Third Circuit does not recognize an affirmative duty on the part of the government to advise or counsel a potential claimant on his options regarding the claims or remedies available to him. Jones pursued a disability claim. In response to his request, the government provided him with the requested form. Under *Hedges*, the government did not mislead Jones by not advising

---

[38] *Hedges*, 404 F.3d at 745.
[39] *Id.* at 745-6.
[40] *Id.* at 752.
[41] *Id.*
[42] *Id.* at 753 (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).

11

him of his administrative FTCA claim or by not providing a SF-95 form.

As a result, equitable tolling does not apply. Jones' action is barred by the two year statute of limitations. Defendant's motion for summary judgment is granted.

**Conclusion**

For the reasons contained herein, IT IS ORDERED, ADJUDGED and DECREED that defendant's motion for summary judgment (D.I. 24) is GRANTED, and plaintiff's action is DISMISSED.

November 20, 2008                    /s/ Mary Pat Thynge
                                     UNITED STATES MAGISTRATE JUDGE

12